Electronically Filed on 4/28/06

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HONEYWELL NORMALAIR-GARRETT HOLDINGS, LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant, and**<br><br>**CARLETON LIFE SUPPORT SYSTEMS, INC.,**<br><br>**Defendant-Intervenor, and**<br><br>**RAYTHEON AIRCRAFT COMPANY,**<br><br>**Defendant-Intervenor.** | **No. 04-0028C**<br><br>**Judge Edward M. Damich (Trial)** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT UNITED STATES TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)**

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900; Fax: (703) 770-7901

OF COUNSEL:
Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900; (703) 790-7901 (fax)
Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings, Ltd.,
Honeywell Aerospace UK and Honeywell International Inc.

Dated: April 28, 2006

# TABLE OF CONTENTS


I. QUESTION PRESENTED ..... 2

II. STATEMENT OF THE CASE ..... 3

III. LAW AND ARGUMENT ..... 3

A. A Party's Legal And Factual Contentions Are Proper Areas Of Inquiry In A Deposition Under Rule 30(b)(6) ..... 3

1. On The Facts Of This Case, A Rule 30(b)(6) Deposition Is An Appropriate Means Of Discovering The Factual Basis Of The Government's Contentions ..... 5

2. The Government Has Not Met Its Burden To Move For A Protective Order And Show Good Cause To Limit Discovery ..... 7

3. Honeywell's Rule 30(b)(6) Deposition Topics Seek Factual Information In The Possession Of The Government ..... 8

4. The Government Has Provided Incomplete Answers To Honeywell's Interrogatories ..... 9

B. Honeywell Is Entitled To An Award Of Its Costs And Reasonable Attorneys' Fees Pursuant To Rule 37(a)(4)(A) ..... 11

IV. CONCLUSION ..... 11

APPENDIX – Rules of the United States Court of Fededral Claims

DRAFT ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

# TABLE OF AUTHORITES

**Cases**

*Canal Barge Co. v. Commonwealth Edison Co.*, Case No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097 (N.D. Ill. Jul. 18, 2001) ..... 5

*Cybor Corp. v. FAS Techs.*, 138 F.3d 1448 (Fed. Cir. 1998) ..... 8

*De Graffenried v. United States*, 2 Cl. Ct. 640 (Cl. Ct. 1983) ..... 7

*Exxon Research and Engineering Co. v. United States*, 44 Fed. Cl. 597, 601 (Fed. Cl. 1999); *Canal Barge Co.*, 2001 U.S. Dist. LEXIS 10097 ..... 5, 6, 7, 8, 9

*Fondren v. Republic Am. Life Ins. Co.*, 190 F.R.D. 597 (N.D. Okla. 1999) ..... 5, 7

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) ..... 8

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D. Cal.), *rev'd in other part*, 765 F. Supp. 611 (N.D. Cal. 1991) ..... 9

*Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29 (D. Conn. 2003) ..... 4

*Sun Coast Merch. Corp. v. CCL Prods. Enters., Inc.*, ___ F.3d ___, 2006 U.S. App. LEXIS 10105 (Fed. Cir. Apr. 21, 2006) ..... 8

*United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996) ..... 5, 7



400367119v1

Plaintiffs Honeywell Normalair-Garrett Holdings, Ltd., Honeywell Aerospace UK, and Honeywell International Inc., (collectively, "Honeywell"), move this Court to compel Defendant United States (the "Government") to designate witnesses to testify on its behalf in accordance with Rule of the United States Court of Federal Claims ("RCFC") 30(b)(6) as to all topics of Honeywell's Notice of Rule 30(b)(6) Deposition to the Government ("Rule 30(b)(6) Notice"), attached hereto as Exhibit A.

With respect to Topics 1-2, 4-5, and 8-17, counsel for the Government has repeatedly promised to provide deposition dates and, on a topic-by-topic basis, the identities of its designee(s) – but has not done so with respect to all of these topics as of the filing of this motion. With respect to these topics, the Court should compel the Government to provide, on a topic-by-topic basis, the identity of its designee(s) for these topics along with deposition dates for as soon as practicable in May 2006. The Government has no excuse for not having fulfilled its past promises for designees on these topics – and should not be permitted to delay further in scheduling these depositions. Just yesterday and this morning, through continued meet and confer discussions, the Government provided additional information about its designations – summarized in Exhibit F hereto – but has failed to complete its designations.

The balance of this memorandum addresses Topics 3, 6, and 7. On these topics, which the Government only recently alerted Honeywell of its decision to not provide any designees whatsoever, are set forth below:

> 3. The factual bases underlying the Government's assertion that the oxygen systems identified in response to Topic 1 above do not infringe any asserted claims of the '331 patent or '256 patent, including the factual bases underlying the Government's response to Honeywell's Interrogatory 5.[1]

---

[1] Topic 1 of the Rule 30(b)(6) Notice asks the Government's deponent to

> Identity of each and every marketing name, internal name, and all other unique designations for all oxygen systems that you have purchased for use or manufacture by or for the Government or

> 6. For each claim of the patents-in-suit identified in the Joint Claim Construction Statement (including the charts attached thereto) and any amendments thereof, (1) the identity of each item of prior art (including any combinations of items of prior art) that you contend anticipates the claim or renders it obvious and the factual basis underlying that contention and (2) the factual basis underlying all other grounds of invalidity that you contend.
>
> 7. The factual bases underlying the Government's other asserted defenses, including the Government's assertion that the Government's alleged infringing activities are authorized and licensed.

The Government has refused to designate a person to testify to any of these topics, asserting that the topics seek legal contentions and that the information requested is already contained in the Government's answers to interrogatories. (*See* Exhibits B and C.) Notwithstanding the Government's objections, the evidence sought is relevant and not privileged. The Government has not responded fully and adequately to Honeywell's interrogatories, and Honeywell must conduct further discovery to fill in the gaps. Honeywell is entitled to conduct its discovery in the manner that it chooses, whether by depositions, interrogatories, or both. The Government has not moved for a protective order and has failed to show that a deposition on Topics 3, 6, and 7 should be limited under RCFC 26(b)(2) or any other rule.

## I. QUESTION PRESENTED

Whether the Government properly refused to designate a witness to testify under RCFC 30(b)(6) concerning its factual bases for its contentions that it does not infringe the patents-in-

---

> have information about as part of a foreign military sale, including aircraft that incorporate such systems, from 1990 to the present.

Interrogatory 5 requests:

> For each claim of the patents-in-suit particularly identified in Honeywell's Complaint, and for each oxygen system that you contend does not infringe any such claim, state in detail how the structure or operation of such systems allegedly differs from each of the elements or limitations of each such claim.

suit, that the patents-in-suit are anticipated or rendered obvious by prior art, and that the Government's activities are authorized or licensed.

## II. STATEMENT OF THE CASE

This case involves the Government's infringement of Honeywell's patents relating to an oxygen system using molecular sieves to regulate oxygen concentration onboard aircraft. The Government has thrown up a panoply of defenses asserting that it does not infringe the patents-in-suit, that the patents-in-suit are anticipated or rendered obvious by prior art, and that the Government's activities are authorized or licensed. Honeywell served its Rule 30(b)(6) notice on the Government on November 4, 2005, seeking, among other things, a witness to testify as to the factual bases of the Government's assertions. (*See* Exhibit A.) The Government replied on November 22, 2005, asserting objections as to every one of Honeywell's seventeen deposition topics without stating on which topics, if any, the Government would refuse to designate a witness. (*See* Exhibits B.) Due to settlement discussions between the parties and at the parties' request, this Court ordered the parties to complete pending discovery by February 28, 2006, and (upon further request of the parties and to further facilitate settlement discussions) extended the close of discovery until April 28, 2006. In telephone conferences and an exchange of e-mails on April 18 and 19, the Government clarified its position by stating that it would designate witnesses for certain topics, but would not designate witnesses to testify as to Topics 3, 6, and 7. (*See* Exhibit C.)

## III. LAW AND ARGUMENT

### A. A Party's Legal And Factual Contentions Are Proper Areas Of Inquiry In A Deposition Under Rule 30(b)(6)

Any matter that is relevant and not privileged is subject to discovery. *See* RCFC 26(b)(2). Although matters subject to the attorney-client privilege and matters protected by the



400367119v1

work product doctrine are generally not discoverable (*see* RCFC 26(b)(3)), the courts have routinely held that a party's factual and legal contentions are not protected by the attorney-client privilege or the work product doctrine and are discoverable by interrogatories or Rule 30(b)(6) depositions. *See United Technologies Motor Systems, Inc. v. Borg-Warner Automotive, Inc.*, 50 U.S.P.Q.2d (BNA) 1060, 1998 U.S. Dist. LEXIS 21837, *4 (E.D. Mich. Sept. 4, 1998) ("In an action of this type [an action for patent infringement] … [a party] may properly inquire about the nature and extent of the [opposing party's] contentions, both factual and legal"); *Masco Corp. v. Price Pfister*, 33 U.S.P.Q.2D (BNA) 1694, 1994 U.S. Dist. LEXIS 20597, *6 (E.D. Va. Oct. 7, 1994) (compelling party in a patent infringement action to answer questions in a Rule 30(b)(6) deposition concerning legal contentions).

As this Court held in *De Graffenried v. United States*, the party seeking discovery may decide how to pursue it, whether by interrogatories, depositions, or both. *See De Graffenried v. United States*, 2 Cl. Ct. 640, 644 (Cl. Ct. 1983). *De Graffenried* involved a patent infringement action against the Government in which the Government wanted to depose the inventor regarding his contentions as to the meaning of the claim terms and the application of the claims to the accused devices. The defendant's counsel objected on the ground that the deposition called for legal contentions and could be better answered by interrogatory. This Court rejected those arguments and held:

> [A] party cannot evade oral depositions merely by soliciting written interrogatories. … The party employing discovery has the discretion to choose the particular method of discovery that suits his needs best.

*Id.*; *see also Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("It is of no consequence that contention interrogatories may be the more appropriate route

to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories.").

There is a misconception that a party need not designate witnesses on topics calling for legal or factual contentions. "Generally, inquiry regarding a corporation's legal positions is appropriate in a Rule 30(b)(6) deposition." *Canal Barge Co. v. Commonwealth Edison Co.*, Case No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097, at *5 (N.D. Ill. Jul. 18, 2001). Although some litigants have claimed that it is unduly burdensome to require a corporate entity to prepare a lay witness to testify as to its legal and factual contentions, this Court and others have held that such an inquiry must be decided on the facts of each case. *See Exxon Research and Engineering Co. v. United States*, 44 Fed. Cl. 597, 601 (Fed. Cl. 1999); *Canal Barge Co.*, 2001 U.S. Dist. LEXIS 10097, at *5 (ordering party to designate Rule 30(b)(6) witness to testify as to party's contentions); *United States v. Taylor*, 166 F.R.D. 356, 363 n. 7 (M.D.N.C. 1996) (same).

Of course, a party's right to conduct discovery is always subject to the Court's discretion under RCFC 26(c), upon motion, to limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. In such circumstances, the burden is on the party resisting discovery to move for a protective order and show good cause for the limitation. *See* RCFC 26(c); *Fondren v. Republic Am. Life Ins. Co.*, 190 F.R.D. 597, 600 (N.D. Okla. 1999). The Government has made no such motion and no such showing.

**1. On The Facts Of This Case, A Rule 30(b)(6) Deposition Is An Appropriate Means Of Discovering The Factual Basis Of The Government's Contentions.**

Although the Government has asserted that *Exxon* stands for the proposition that legal and factual contentions should be sought through interrogatories instead of depositions (*see* Exhibit C), that is not an accurate statement of the Court's ruling. In *Exxon.*, this Court held only



400367119v1

that the determination as to whether a 30(b)(6) deposition or contention interrogatories should be used is a matter dependant is a matter that must be decided on the facts of the particular case. *See Exxon*, 44 Fed. Cl. at 601. Although *Exxon* ultimately determined on the facts of that case that contention interrogatories should be used in lieu of a Rule 30(b)(6) deposition, that case is distinguishable, and the reasoning applied in that case does not lead to the same result in this case.

In *Exxon*, the Government served the plaintiff with a Rule 30(b)(6) deposition notice to testify as to the meaning and scope of the terms in the asserted claims of the patents-in-suit, the meaning of various terms in the asserted claims, and how each element of the Government's activities met the claims of the patents-in-suit. *See id.* at 598 n. 1. The plaintiff, as the party resisting discovery, immediately moved for a protective order on the basis that it would have to designate an attorney to testify as to claim construction, which is a legal issue. *See id.* at 598. The Government responded that the corporate plaintiff had a duty to prepare a witness to testify as to its claim construction contentions. *See id.* at 599. This Court held that "[a]lthough the Court's decision is a close call," the Government would not be allowed to depose the plaintiff concerning its claim construction contentions, but that the Court would revisit the issue if the Government were to be unsatisfied with the plaintiff's responses to contention interrogatories. *See id.* at 601.

Unlike the situation presented in *Exxon,* however, the party resisting discovery (the Government in this case) has not moved for a protective order and has made no showing of any undue burden. Moreover, unlike the Government's deposition topics in *Exxon*, Honeywell's deposition topics are more factually oriented and seek the Government's factual bases for its contentions regarding non-infringement, anticipation and obviousness, and licensing, all of

which will necessarily rely on factual information concerning products used by the Government. Finally, unlike the Government in *Exxon*, Honeywell has already sought the Government's factual bases for its contentions through interrogatories, and has not received complete responses.

**2. The Government Has Not Met Its Burden To Move For A Protective Order And Show Good Cause To Limit Discovery**

The Government has never moved for a protective order seeking limitation on Honeywell's right to conduct discovery by means of a Rule 30(b)(6) deposition, but has unilaterally (and belatedly) refused to designate witnesses on the topics to which it has objected. The Rules of this Court, modeled on the Federal Rules of Civil Procedure, anticipate that the party resisting discovery, and not the party seeking discovery, must show good cause for its position. *See* RCFC 26(c). "[T]he Federal Rules of Civil Procedure place the burden of seeking court protection squarely on the party resisting discovery. … [The defendant's] assertion that it can unilaterally refuse to answer questions and then require Plaintiff to obtain a court order directing the deponent to answer is the exact opposite of what the Federal Rules of Civil Procedure clearly require." *Fondren*, 190 F.R.D. at 600.

This Court held in *De Graffenried v. United States*, 2 Cl. Ct. 640 (Cl. Ct. 1983), that an "assertion that written interrogatories are as effective and less burdensome than oral deposition is meritless." *De Graffenried*, 2 Cl. Ct. at 645. Deposition testimony has the advantages of being flexible and convenient by allowing the deposing party to frame questions in light of earlier answers. *See id.* Although there will always be some burden in preparing a witness to testify, this is merely the result of the concomitant obligation from the privilege of being able to operate as an entity rather than merely a collection of individuals. *See United States v. Taylor*, 166

F.R.D. at 362. The Government must meet its obligations and prepare a witness to testify regarding the factual bases for its contentions.

### 3. Honeywell's Rule 30(b)(6) Deposition Topics Seek Factual Information In The Possession Of The Government

In *Exxon*, the deposition topics sought the plaintiff's contentions regarding claim construction, undeniably a question of law. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995); *Cybor Corp. v. FAS Techs.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) ("claim construction … is solely a question of law …"); *Sun Coast Merch. Corp. v. CCL Prods. Enters., Inc.*, ___ F.3d ___, 2006 U.S. App. LEXIS 10105, at *10 (Fed. Cir. Apr. 21, 2006) ("Claim construction is an issue of law …"). In this case, on the other hand, Honeywell has sought only the factual basis of certain contentions that the Government has already made in pleadings: the Government's contentions that the products it uses do not infringe, its contentions that Honeywell's patents are anticipated or rendered obvious by prior art, and its contentions that it has licenses or other authorization to engage in its infringing activities.

Each of Honeywell's areas of inquiry call for factual information rather than legal contentions. Moreover, the Government has better access to the factual information than does Honeywell, as the Government owns and has not denied routinely using the accused products. Considering the military applications for the products, the Government may have owned or used products that the Government claims anticipated the patents-in-suit if any such products existed. The Government also is in a position to know what licenses or other authorization it has, if any, to use the accused products, and Honeywell knows of no such valid licenses or other authorization. It is the Government that has asserted its defenses, presumably based on factual

grounds, and the Government must be willing to submit to examination on its claims. *See Exxon*, 44 Fed. Cl. at 603.

**4. The Government Has Provided Incomplete Answers To Honeywell's Interrogatories**

This Court explicitly stated in *Exxon* that its ruling requiring contention interrogatories in lieu of Rule 30(b)(6) deposition topics was contingent upon the plaintiff in that case providing full and complete responses to the interrogatories. The Court noted that interrogatories were frequently ineffective in gaining full responses:

> [I]n many settings and cases, contention interrogatories yield precious little useful information, in part because the lawyers who craft the responses seem to assume that it is their professional responsibility to be as stingy and self-serving in the answers they write as a strained view of the English language and the proper bounds of legal ethics permit.

*Exxon*, 44 Fed. Cl. at 603 n. 11 (quoting *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal.), *rev'd in other part*, 765 F. Supp. 611 (N.D. Cal. 1991)). The Court's premonition has already come to pass in the instant case, as the Government has refused to provide complete answers to Honeywell's contention interrogatories.

For example, the Government objected to Honeywell's Interrogatory 5, requesting the Government's non-infringement contentions, on the ground that it sought legal analysis and conclusions rather than factual information (the same grounds that it now asserts against Honeywell's Rule 30(b)(6) Notice). (*See* Exhibit D.) To the extent the Government answered Interrogatory 5 at all, it did so only by parroting the language of some of the patent claims. (*See id.*). Although the Government responded to Honeywell's Interrogatory 11 by supplying a chart purporting to contain its non-infringement contentions, the Government admitted that the chart was "not exhaustive," so Honeywell has every reason to believe that the Government has not provided a complete response, including its factual basis. (*See* Exhibit E.) A deposition would

allow Honeywell to ensure that the Government is not holding back portions of its factual basis for its non-infringement contentions.

**[See Exhibit G for sealed portion of brief]**

Similarly, the Government responded to Honeywell's Interrogatory 12 with a chart listing purported sources of prior art that allegedly anticipate the patents-in-suit or render them obvious, but providing no explanation at all as to the factual basis for the Government's contention that those sources anticipate the patents or how they could be combined to support the Government's obviousness contentions. (*See* Exhibit E.) Nor has the Government provided the factual basis for its contention that these items constitute prior art, *e.g.*, a prior public use, prior public knowledge, prior sale or offer for sale, or a prior publication that was available to the public. Using interrogatories to further explore the bases of the Government's contentions with respect as to the factual basis for the Government's contention that its asserted prior art sources anticipate or render obvious the claims of the patents-in-suit would be highly difficult and burdensome without considerably more cooperation from the Government. A deposition, on the other hand, would provide a medium by which Honeywell's counsel can carefully go through each alleged prior art source with a witness of the Government's choosing in order to understand the factual basis for the Government's contentions that the claims of the patents-in-suit are anticipated or obvious.

Honeywell must be allowed to fill in the factual gaps by deposition and explore the Government's factual bases for its claims.

### B. Honeywell Is Entitled To An Award Of Its Costs And Reasonable Attorneys' Fees Pursuant To Rule 37(a)(4)(A)

Under RCFC 37(a)(4)(A), "[i]f the motion [to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees ...." In this case, the Government has failed to identify designees to provide testimony as required by RCFC 30(b)(6) and this Court's orders, and did not even move for a protective order, instead forcing Honeywell to bring its motion to compel. Under the circumstances, an award of costs and reasonable attorneys' fees is a just sanction. *See Fondren*, 190 F.R.D. at 602.

## IV. CONCLUSION

For the foregoing reasons, Honeywell respectfully requests this Court to grant its motion to compel the Government to designate witnesses to testify as to all topics of Honeywell's Rule 30(b)(6) Deposition Notice. The deposition topics are within the scope of proper discovery, the Government has made no showing of good cause to limit discovery, the topics seek factual information largely in the Government's sole possession, and the Government has not provided full responses to Honeywell's interrogatories related to several of the topics at issue. Because Honeywell was forced to pursue this motion to enforce the Government's compliance with this Court's rules, Honeywell further moves for an award of costs and reasonable attorneys' fees.

* * * *

Respectfully submitted,

s/Lawrence J. Gotts

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900
Fax: (703) 770-7901

OF COUNSEL:

Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900
(703) 790-7901 (fax)

Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings, Ltd.,
Honeywell Aerospace UK, and
Honeywell International Inc.

Dated: April 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the foregoing PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT UNITED STATES TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6), to be served electronically by CM/ECF filing and/or email (.pdf) this 28th day of April, 2006 on:

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

s/Mark Koehn
Mark Koehn