# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC., Plaintiffs, | ) | No. 04-0028C |
| v. | ) | Judge Nancy B. Firestone (Trial) |
| THE UNITED STATES, Defendant, | ) | Judge Eric G. Bruggink (ADR) |
| CARLETON LIFE SUPPORT SYSTEMS, INC., Defendant-Intervenor, and | ) | |
| RAYTHEON AIRCRAFT COMPANY, Defendant-Intervenor. | ) | |

**DEFENDANT'S OBJECTIONS TO HONEYWELL'S NOTICE OF RULE 30(b)(6) DEPOSITION ON TOPICS 1-17**

Pursuant to Rules 26(b) and 30(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, the United States ("the Government"), hereby objects to plaintiffs Honeywell Normalair-Garrett Holding's Ltd., Honeywell Aerospace UK, and Honeywell International Inc.'s (collectively "Honeywell") Notice of Rule 30(b)(6) Deposition to the Government on Topics 1-17 ("Honeywell's Notice").

## GENERAL OBJECTIONS

1. The Government objects to Honeywell's Rule 30(b)(6) Notice to the extent that the information requested is protected by the following privileges, exemptions, and restrictions:

(a) the attorney-client privilege;

(b) the attorney work product doctrine;

(c) the community of interest privilege;

(d) the deliberative process privilege;

(e) the state secrets privilege;

(f) the "FOR OFFICIAL USE ONLY" ("FOUO") restriction;

(g) the export control restriction; and

(h) the Trade Secrets Act, 18 U.S.C. § 1905, or documents containing proprietary or other commercial information provided to the Government on a pledge of secrecy and confidentiality.

2. The Government objects to each and every Instruction, Definition and Topic in Honeywell's Notice to the extent that it exceeds the permissible scope of discovery under the RCFC and/or seeks to impose upon the Government duties and responsibilities beyond those required by those Rules.

3. The Government objects to Honeywell's Notice to the extent that it is vague, overly broad, oppressive, harassing, and/or unduly burdensome.

4. The Government objects to Honeywell's Notice to the extent that it seeks irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence.

5. The Government objects to Honeywell's Notice to the extent that it seeks legal conclusions or opinions.

6. The Government objects to Honeywell's Notice to the extent that it assumes facts that have not been established and/or are not true or accurate.

7. The Government objects to the broad time period governing some of the Topics because such Topics are overly broad, unduly burdensome, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence in this action.

8. The Government objects to Honeywell's Notice to the extent that it seeks information relating to allegations of willful infringement because no such claim exists for an action brought under 28 U.S.C. § 1498 in the United States Court of Federal Claims. Likewise, no asserted defense in this case relies upon opinions and/or advice of counsel.

9. The Government objects to Honeywell's Notice to the extent that it seeks information not in the possession of the Government.

10. The Government objects to Honeywell's Notice to the extent that it seeks information or documents that have been generated or created after the filing of Honeywell's Complaint.

11. Insofar as Honeywell has incorporated the definitions set forth in its first set of document requests to the Government, the Government similarly incorporates the objections to those definitions set forth in its respective responses to Honeywell's first set of document requests to the Government. The Government further objects to Honeywell's use of the term "oxygen system" as defined in Paragraph A ("for purposes of this notice the term 'oxygen system' shall mean 'on-board oxygen generation or concentration system for aircraft (including

an apparatus or method) that controls the composition of product gas utilizing molecular sieves operated in a partially saturated condition") and used in various Topics as being vague and ambiguous in that the term "partially saturated condition" is not defined, and is overbroad in that the patents-in-issue deal with a specific means of control (varying the ratio between the duration of the adsorption or charge phase and the duration of the desorption or regeneration phase), whereas the definition is not so limited.

12. The Government objects to Honeywell's Notice to the extent that it seeks disclosure of expert opinions prior to the time called for under Rule 26(a)(2) and the Court's scheduling order.

13. The Government objects to Honeywell's Notice to the extent it purports to set the depositions to take place at the offices of Honeywell's counsel. The Government is entitled to have its designees deposed at their respective principal places of business. Additionally, the Government objects to the noticed date of November 23, 2005, as the Government is still identifying appropriate designees and determining their availability. Pursuant to Honeywell's statement in its Notice that "such other date and location as may be agreed to by the parties," the Government will make its designees available for deposition at other dates agreeable to the parties.

14. The Government objects to Honeywell's Notice to the extent it seeks discovery of information or documents already within the possession and control of Honeywell or Honeywell's counsel.

15. The Government objects to Honeywell's Notice on the grounds that this notice is burdensome and oppressive to the extent that it seeks information already obtained through

previous discovery efforts.

16. The Government objects to Honeywell's Notice to the extent this notice seeks information through 30(b)(6) deposition testimony in circumvention of the limit on interrogatories and/or legitimate objections on behalf of the Government with respect to premature contention interrogatories.

**SPECIFIC OBJECTIONS**

Subject to and without waiving its general objections, the Government hereby specifically objects to the following Topics:

Topic No. 1

> Identity of each and every marketing name, internal name, and all other unique designations for all oxygen systems that you have purchased for use or manufacture by or for the Government or have information about as part of a foreign military sale, including aircraft that incorporates such systems, from 1990 to the present.

Objections

The Government incorporates by reference its General Objections. Pursuant to 35 U.S.C. § 286, the Government objects to the time period "from 1990 to present" and accordingly limits the relevant time period to "from January 12, 1998 to present." The Government also objects to this topic on the ground that the terms "oxygen systems" and "foreign military sales," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The Government also objects to the extent that it has already provided the information requested by this topic. The Government also objects that this topic seeks the same information sought by Honeywell's Interrogatory 10 prior to the time that the Government's response to said Interrogatory is due, and thus improperly attempts to foreshorten the Government's time to

respond to said Interrogatory.

Topic No. 2

Structure, function and operation of each oxygen system (including oxygen concentrator PNs 3261132-0101, 3261132-0102, 3261132-0103, 3261132-0104, 3261132-0105 and 3261169), that you have purchased for use or manufacture by or for the Government or have information about as part of a foreign military sale, including aircraft that incorporates such systems, from 1990 to the present, including the following subtopics:

a. pneumatic and functional description of the oxygen system;
b. identification and functional description of each component of the oxygen system used to generate product gas and to control composition of product gas, including molecular sieves, slide valve, valves, solenoids, controller/monitor ("CM");
c. interconnectivity oxygen system components in the oxygen system, including molecular sieves, slide valve, valves, solenoids and CM;
d. control of valves, slide valve and solenoids;
e. implementation of pressure swing adsorption;
f. algorithm(s) used by the controller/monitor to control product gas composition including oxygen concentration;
g. input signals and data to the CM for controlling composition of product gas;
h. output signals and data from the CM for controlling composition of product gas;
i. determination of adsorption charge phase duration;
j. determination of desorption regeneration phase duration;
k. determination of the ratio of adsorption charge phase duration to desorption regeneration phase duration;
l. monitoring and use of oxygen concentration, cabin pressure and cabin altitude by sensors or monitors; and
m. calculation and use of oxygen partial pressure.

Objections

The Government incorporates by reference its General Objections. Pursuant to 35 U.S.C. § 286, the Government objects to the time period "from 1990 to present" and accordingly limits the relevant time period "from January 12, 1998 to present." The Government also objects to this topic on the ground that the term "oxygen system" and "foreign military sale," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The

Government further objects to this topic on the ground that the terms "pneumatic," "functional description," "component," "control composition of product gas," "controlling composition of product gas," "molecular sieves," "slide valve," "valves," "solenoids," "control/monitor ('CM')," "interconnectivity," "pressure swing adsorption," "algorithm(s)," "input signals and data," "output signals and data," "determination," "adsorption charge phase duration," "desorption regeneration phase duration," "ratio," "monitoring," "cabin pressure," "cabin altitude," "sensors," "monitors," "calculation," and "oxygen partial pressure" as used in this topic, are vague and ambiguous and overbroad. The Government further objects to this topic with respect to "any other customer" as calling for information not relevant to this litigation.

The Government also objects to this topic, to the extent that it seeks information not in the possession of the Government as set forth in General Objection 9, above.

Topic No. 3

> The factual bases underlying the Government's assertion that the oxygen systems identified in response to Topic 1 above do not infringe any asserted claims of the '331 patent or '256 patent, including the factual bases underlying the Government's response to Honeywell's Interrogatory 5.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic on the ground that the term "oxygen system," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The Government objects to Honeywell's use of the phrase "any asserted claims" to the extent it is meant to include any claims not addressed in the Government's response to Honeywell's Interrogatory 5. The Government also objects to this topic to the extent that it calls for a legal conclusion. The

Government also objects that this topic seeks the same information sought by Honeywell's Interrogatory 11 prior to the time that the Government's response to said Interrogatory is due, and thus improperly attempts to shorten the Government's time to respond to said Interrogatory.

Topic No. 4

> Efforts to respond to Honeywell's discovery requests including efforts to identify, locate and collect documents and things responsive to Honeywell's requests for production, including categories of documents reviewed or considered and identity and location of individuals contacted.

Objections

The Government incorporates by reference its General Objections. The Government objects to this topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product doctrine.

Topic No. 5

> Identification of each document reviewed or otherwise used in preparation for responding to the topics in this 30(b)(6) notice, including identification by Bates range if such documents have been produced or by title and location if such documents have not been produced.

Objections

The Government incorporates by reference its General Objections. The Government objects to this topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product doctrine.

Topic No. 6

> For each claim of the patents-in-suit identified in the Joint Claim Construction Statement (including the charts attached thereto) and any amendments thereof, (1) the identity of each item of prior art (including any combinations of items of prior art) that you contend anticipates the claim or renders it obvious and the factual basis underlying that contention and (2) the factual basis underlying all other grounds of invalidity that you contend.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic because it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion from the hypothetical perspective of one of ordinary skill in the art prior to construction of any claim of the patents-in-suit. The Government also objects that this topic seeks the same information sought by Honeywell's Interrogatory 12 prior to the time that the Government's response to said Interrogatory is due, and thus improperly attempts to shorten the Government's time to respond to said Interrogatory.

Topic No. 7

> The factual bases underlying the Government's other asserted defenses, including the Government's assertion that the Government's alleged infringing activities are authorized and licensed.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. The Government also objects that this topic would properly be addressed only via an interrogatory.

Topic No. 8

> The identity of each patent that you have licensed or anticipate licensing to another person that you contend is comparable to the '331 patent or the '256 patent, the factual basis for such contention, and the identity of such person.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information,

but seeks expert testimony and opinion. The Government further objects, consistent with General Objection 16, that this topic is improper. The Government objects to this topic on the ground that the term "comparable" as used in this topic, is vague and ambiguous.

With these objections, the Government states that it has not licensed and does not anticipate licensing to another any patents that it views as comparable to the '331 patent or the '256 patent.

Topic No. 9

> The identity of each patent that you have licensed or anticipate licensing from another person that you contend is comparable to the '331 patent or the '256 patent, the factual basis for such contention, and the identity of such person.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. The Government further objects, consistent with General Objection 16, that this topic is improper. The Government objects to this topic on the ground that the term "comparable" as used in this topic, is vague and ambiguous.

With these objections, the Government states that it has not licensed and does not anticipate licensing to another any patents that it views as comparable to the '331 patent or the '256 patent.

Topic No. 10

> With respect to each patent identified in response to Topics 8 and 9, the rates paid or anticipated to be paid for the use of such patent and other material terms of the relevant license or anticipated license, including effective date, term, exclusivity, nature of licensed products, and geographic or other scope limitations.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. The Government further objects, consistent with General Objection 16, that this topic is improper and burdensome. The Government objects to this topic on the ground that the terms "rates paid," "paid for the use," "material terms," and "effective date, term, exclusivity, nature of licensed products, and geographic or other scope limitations" as used in this topic, are vague and ambiguous.

As set forth in its objections to Topics 8 and 9, the Government has not licensed and does not anticipate licensing to another any patents that it views as comparable to the '331 patent or the '256 patent.

Topic No. 11

> With respect to each person identified in response to Topics 8 and 9, the commercial relationship between you and such person.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. The Government further objects, consistent with General Objection 16, that this topic is improper. The Government objects to this topic on the ground that the term "commercial relationship" as used in this topic, is vague and ambiguous.

As set forth in its objections to Topics 8 and 9, the Government has not licensed and does not anticipate licensing to another any patents that it views as comparable to the '331 patent or

the '256 patent.

Topic No. 12

> With respect to each oxygen system identified in response to Topic 1, the marketing, advertising, and promotional activities undertaken or observed with respect to purchases or sales.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic on the ground that the term "oxygen system," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The Government objects to this topic on the ground that the terms "marketing," "advertising," and "promotion activities" as used in this topic, are vague and ambiguous.

Topic No. 13

> Your review and use, if any, of the '331 patent, '256 patent, or other documents describing oxygen systems developed by Honeywell or Honeywell's affiliates or predecessors.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic on the ground that the term "oxygen system," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The Government further objects to this topic on the ground that the terms "review," "use," "developed" and "affiliates or predecessors," as used in this topic, are vague and ambiguous. The Government further objects to this Topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product doctrine.

Topic No. 14

> With respect to each oxygen system identified in response to Topic 1, for each year of such purchases or sales, the number of oxygen systems purchased or sold, the identity of the other person(s) who were parties to such transactions, the average purchase or sale price with respect to such transactions, the information used to compute such purchase or sale price, and the factual basis underlying your contention (if any) that such oxygen system is not a commercially successful product.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic on the ground that the term "oxygen system," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The Government further objects to this topic on the ground that the terms "transactions," "average purchase or sale price," "compute such purchase or sale price" and "commercially successful product," as used in this topic, are vague and ambiguous. The Government further objects, consistent with General Objection 16, that this topic is improper. The Government further objects that this topic is burdensome and oppressive to the extent that it seeks information, i.e., calculations, and other sales information, not in possession of the Government as set forth in General Objection 9.

Topic No. 15

> With respect to each product purchased or sold together with or as a replacement or upgrade part for each oxygen system identified in response to Topic 1, for each year of such purchases or sales, the identity of such product, the number of such products purchased or sold, the identity of the other person(s) who were parties to such transactions, the average purchase or sale price with respect to such transactions, the information used to compute such purchase or sale, and the factual basis underlying your contention (if any) that such product is not a commercially successful product.

Objections

The Government incorporates by reference its General Objections. The Government further objects to this topic on the ground that the terms "sold together," "replacement or upgrade part," "transactions," "average purchase or sale price," "compute such purchase or sale" and "commercially successful product," as used in this topic, are vague and ambiguous. The Government further objects, consistent with General Objection 16, that this topic is improper. The Government further objects that this topic is burdensome and oppressive to the extent that it seeks information, i.e., calculations, and other sales information, not in possession of the Government as set forth in General Objection 9.

Topic No. 16

> With respect to each oxygen system for which you anticipate future purchases or foreign military sales, for each year of such anticipated purchases or sales, the identity of such oxygen system, the projected number of such oxygen systems to be purchased or sold, the identity of the other person(s) who are anticipated to be parties to such transactions, the projected average purchase or sale price with respect to such transactions, the information used to compute such projected purchase or sale price, and the factual basis underlying your contention (if any) that such oxygen system is not anticipated to be a commercially successful product.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic on the ground that the term "oxygen system," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The Government further objects to this topic on the ground that the terms "anticipate," "transactions," "projected purchase or sale price," "compute such projected purchase or sale price" and "commercially successful product," as used in this topic, are vague and ambiguous. The Government further

objects, consistent with General Objection 16, that this topic is improper. The Government further objects that this topic is burdensome and oppressive to the extent that it seeks information, i.e., calculations, not in possession of the Government as set forth in General Objection 9.

Topic No. 17

> With respect to each product for which you anticipate future purchases or foreign military sales together with or as a replacement or upgrade part for each oxygen system identified in response to Topic 16, for each year of such anticipated purchases or sales, the identity of such product, the projected number of such products to be purchased or sold, the identity of the other person(s) who are anticipated to be parties to such transactions, the projected average purchase or sale price with respect to such transactions, the information used to compute such projected purchase or sale price, and the factual basis underlying your contention (if any) that such product is anticipated to be not a commercially successful product.

Objections

The Government incorporates by reference its General Objections. The Government also objects to this topic on the ground that the term "oxygen system," as used in this topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. The Government further objects to this topic on the ground that the terms "anticipate," "future purchases or foreign military sales," "replacement or upgrade part," "anticipated purchases or sales," "projected number," "transactions," "projected average purchase or sale price," "compute such projected purchase or sale price" and "commercially successful product," as used in this topic, are vague and ambiguous. The Government further objects, consistent with General Objection 16, that this topic is improper. The Government further objects that this topic is burdensome and oppressive in that it would require the calculation of information which does not currently exist.

November 21, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Attorneys for the United States

Of Counsel:
ERICA A. FRANKLIN
Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of foregoing DEFENDANT'S OBJECTIONS TO HONEYWELL'S NOTICE OF RULE 30(b)(6) DEPOSITION ON TOPICS 1-17 was sent by e-mail and Federal Express, this 22nd day of November 2005 to:

Lawrence J. Gotts
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859

Attorney for Plaintiffs

Bert C. Reiser, Esq.
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2402

Attorney for Defendant-Intervenor Carleton

W. Samuel Niece, Esq.
THELEN REID & PRIEST LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723

James M. Hall
THELEN REID & PRIEST LLP
875 Third Avenue, 10th Floor
New York, NY 10022-6225

Attorneys for Defendant-Intervenor Raytheon

Elizabeth D. Elliott
ELIZABETH D. ELLIOTT
Secretary
Department of Justice
(202) 305-9847