# APPENDIX

## Rules of the United States Court of Federal Claims

Rule 26. General Provisions Governing Discovery; Duty of Disclosure

. . .

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by RCFC 26(b)(2)(i), (ii), and (iii).

(2) *Limitations.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under RCFC 30. By order, the court may also limit the number of requests under RCFC 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under RCFC 26(c).

(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain

without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of RCFC 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

...

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of RCFC 37(a)(4) apply to the award of expenses incurred in relation to the motion.

...

Rule 30. Depositions Upon Oral Examination

(a) When Depositions May Be Taken; When Leave Required.

(1) A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in RCFC 45.

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,

(A) a proposed deposition would result in more than ten depositions being taken under this rule or RCFC 31 by the plaintiffs, or by the defendants, or by third-party defendants;

(B) the person to be examined already has been deposed in the case; or

(C) a party seeks to take a deposition before the time specified in RCFC 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

(b) Notice of Examination: General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone.

. . .

(6) A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

. . .