# EXHIBIT D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS, LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant, and<br><br>CARLETON LIFE SUPPORT SYSTEMS, INC.<br><br>Defendant-Intervenor, and<br><br>CARLETON AIRCRAFT COMPANY,<br><br>Defendant-Intervenor. | No. 04-0028C<br><br>Judge Nancy B. Firestone (Trial)<br><br>Judge Eric G. Bruggink (ADR) |

**NOTICE OF RULE 30(b)(6) DEPOSITION TO CARLETON ON TOPICS 6 – 23**

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor Carleton Life Support Systems, Inc.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company.

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(6) of Rules of the United States Court of Federal Claims ("RCFC"), counsel for Plaintiffs Honeywell Normalair-Garrett Holdings, Ltd., Honeywell Aerospace UK, and Honeywell International Inc. ("Honeywell") shall take the deposition upon oral examination of Defendant-Intervenor Carleton Life Support Systems, Inc. ("Carleton") on Monday, November 21, 2005, commencing at 9:00 o'clock a.m. before a certified court reporter and videographer at the offices of Pillsbury Winthrop Shaw Pittman LLP, 1650 Tysons Boulevard, McLean, VA 22102-4859 or such other date and location as may be agreed to by the parties. You are invited to attend and cross-examine.

* * * *

## DEFINITIONS & INSTRUCTIONS

A. Honeywell hereby incorporates the definitions set forth in its first set of document requests to Carleton except that for purposes of this notice the term "oxygen system" shall mean "on-board oxygen generation or concentration system for aircraft (including an apparatus or method) that controls the composition of product gas utilizing molecular sieves operated in a partially saturated condition."

## TOPICS

Pursuant to RCFC 30(b)(6), Carleton must designate one or more officers, directors, or managing agents, or other qualified persons to testify regarding all matters known or reasonably available to it on the following topics:

6. To the extent not already provided in prior Rule 30(b)(6) deposition testimony, identity of each and every marketing name, internal name, and all other unique designations for all oxygen systems that you have purchased or sold for use or manufacture by or for the Government or any other customer, including aircraft that incorporates such systems, from 1990 to the present.

7. To the extent not already provided in prior Rule 30(b)(6) deposition testimony, structure, function and operation of each oxygen system (including oxygen concentrator PNs 3261132-0101, 3261132-0102, 3261132-0103, 3261132-0104, 3261132-0105, and 3261169), that you have purchased or sold for use or manufacture by or for the Government or any other customer, including aircraft that incorporates such systems, from 1990 to the present, including the following subtopics:

a. pneumatic and functional description of the oxygen system;

b. identification and functional description of each component of the oxygen system used to generate product gas and to control composition of product gas, including molecular sieves, slide valve, valves, solenoids, controller/monitor ("CM");

c. interconnectivity oxygen system components in the oxygen system, including molecular sieves, slide valve, valves, solenoids, and CM;

d. control of valves, slide valve and solenoids;

e. implementation of pressure swing adsorption;

f. algorithm(s) used by the controller/monitor to control product gas composition including oxygen concentration;

g. input signals and data to the CM for controlling composition of product gas;

h. output signals and data from the CM for controlling composition of product gas;

i. determination of adsorption charge phase duration;

j. determination of desorption regeneration phase duration;

k. determination of the ratio of adsorption charge phase duration to desorption regeneration phase duration;

l. monitoring and use of oxygen concentration, cabin pressure and cabin altitude by sensors or monitors; and

m. calculation and use of oxygen partial pressure.

8. To the extent not already provided in prior Rule 30(b)(6) deposition testimony, the factual bases underlying Carleton's assertion that the oxygen systems identified in response to Topic 1 above do not infringe any asserted claims of the '331 patent or '256 patent, including the factual bases underlying Carleton's response to Honeywell's Interrogatory 5.

9. To the extent not already provided in prior Rule 30(b)(6) deposition testimony, efforts to respond to Honeywell's discovery requests including efforts to identify, locate and collect documents and things responsive to Honeywell's requests for production, including categories of documents reviewed or considered and identity and location of individuals contacted.

10. To the extent not already provided in prior Rule 30(b)(6) deposition testimony, identification of each document reviewed or otherwise used in preparation for responding to the topics in this 30(b)(6) notice, including identification by Bates range if such documents have been produced or by title and location if such documents have not been produced.

11. For each claim of the patents-in-suit identified in the Joint Claim Construction Statement (including the charts attached thereto) and any amendments thereof, (1) the identity of each item of prior art (including any combinations of items of prior art) that you contend anticipates the claim or renders it obvious and the factual basis underlying that contention and (2) the factual basis underlying all other grounds of invalidity that you contend.

12. The factual bases underlying Carleton's other asserted defenses, including Carleton's assertion that (a) the '331 patent and the '256 patent are unenforceable and (b) Honeywell and/or its predecessors in interest delayed filing suit for an unreasonable and inexcusable time from when they knew or reasonably should have known of one or more of their claims against Carleton and/or the United States, and Carleton and/or the United States have been materially prejudiced by the delay.

13. The identity of each patent that you have licensed or anticipate licensing to another person that you contend is comparable to the '331 patent or the '256 patent, the factual basis for such contention, and the identity of such person.

14. The identity of each patent that you have licensed or anticipate licensing from another person that you contend is comparable to the '331 patent or the '256 patent, the factual basis for such contention, and the identity of such person.

15. With respect to each patent identified in response to Topics 8 and 9, the rates paid or anticipated to be paid for the use of such patent and other material terms of the relevant license or anticipated license, including effective date, term, exclusivity, nature of licensed products, and geographic or other scope limitations.

16. With respect to each person identified in response to Topics 8 and 9, the commercial relationship between you and such person.

17. With respect to each oxygen system identified in response to Topic 1, the marketing, advertising, and promotional activities undertaken or observed with respect to purchases or sales.

18. Your review and use, if any, of the '331 patent, '256 patent, or other documents describing oxygen systems developed by Honeywell or Honeywell's affiliates or predecessors.

19. With respect to each oxygen system identified in response to Topic 1, for each year of such purchases or sales, the number of oxygen systems purchased or sold, the identity of the other person(s) who were parties to such transactions, the average net profit earned by you or net loss realized by you with respect to such transactions, the information

used to compute such profit or loss, and the factual basis underlying your contention (if any) that such oxygen system is not a commercially successful product.

20. With respect to each product purchased or sold together with or as a replacement or upgrade part for each oxygen system identified in response to Topic 1, for each year of such purchases or sales, the identity of such product, the number of such products purchased or sold, the identity of the other person(s) who were parties to such transactions, the average net profit earned by you or net loss realized by you with respect to such transactions, the information used to compute such profit or loss, and the factual basis underlying your contention (if any) that such product is not a commercially successful product.

21. With respect to each oxygen system for which you anticipate future purchases or sales, for each year of such anticipated purchases or sales, the identity of such oxygen system, the projected number of such oxygen systems to be purchased or sold, the identity of the other person(s) who are anticipated to be parties to such transactions, the projected average net profit to be earned by you or net loss to be realized by you with respect to such transactions, the information used to compute such projected profit or loss, and the factual basis underlying your contention (if any) that such oxygen system is not anticipated to be a commercially successful product.

22. With respect to each product for which you anticipate future purchases or sales together with or as a replacement or upgrade part for each oxygen system identified in response to Topic 16, for each year of such anticipated purchases or sales, the identity of such product, the projected number of such products to be purchased or sold, the identity of the other person(s) who are anticipated to be parties to such transactions, the projected

average net profit earned by you or net loss realized by you with respect to such transactions, the information used to compute such projected profit or loss, and the factual basis underlying your contention (if any) that such product is anticipated to be not a commercially successful product.

23. Research and development of the 1132 and 1169 oxygen systems including (1) each technique considered, tested or otherwise used to control oxygen concentration, (e.g., duty cycle variation, total cycle time variation, product gas flow variation), and why such technique was or was not incorporated in a product made, used, sold or offered for sale, (2) all reasons you are investigating composition control based on varying total cycle time rather than duty cycle, and (3) all problems you have encountered during your investigation.

Respectfully submitted,

Lawrence J. Gotts
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900
Fax: (703) 770-7901

OF COUNSEL:

Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900
(703) 790-7901 (fax)

Attorneys for Plaintiffs Honeywell
Normalair-Garrett Holdings
Ltd., Honeywell Aerospace UK, and
Honeywell International Inc.

Dated: November 4, 2005



400078899v1

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of NOTICE OF RULE 30(b)(6) DEPOSITION TO CARLETON ON TOPICS 6 - 23 to be served by email (.pdf) and United States Mail this 4th day of November, 2005 on:

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

David C. Isaacson