# EXHIBIT E

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-0028C Judge Nancy B. Firestone (Trial) |
| THE UNITED STATES, | ) | Judge Eric G. Bruggink (ADR) |
| Defendant, | ) | |
| CARLETON LIFE SUPPORT SYSTEMS, INC., | ) | |
| Defendant-Intervenor, and | ) | |
| RAYTHEON AIRCRAFT COMPANY, | ) | |
| Defendant-Intervenor. | ) | |

**CARLETON LIFE SUPPORT SYSTEMS, INC.'S OBJECTIONS TO HONEYWELL'S NOTICE OF RULE 30(b)(6) DEPOSITION ON TOPICS 6-23**

Pursuant to Rule 26(b) and 30(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), Carleton Life Support Systems, Inc. ("Carleton") hereby objects to plaintiffs Honeywell Normalair-Garrett Holding's Ltd., Honeywell Aerospace UK, and Honeywell International Inc.'s (collectively "Honeywell") Notice of Rule 30(b)(6) Deposition to Carleton on Topics 6-23 ("Honeywell's Notice").

General Objections

1. Carleton objects to Honeywell's Rule 30(b)(6) Notice to the extent that the information requested is protected by the following privileges, exemptions, and restrictions:

(a) the attorney-client privilege;

(b) the attorney work product privilege;

(c) the community of interest privilege;

(d) the deliberative process privilege;

(e) the state secrets privilege;

(f) the "FOR OFFICIAL USE ONLY" (FOUO) restriction;

(g) the export control restriction; and

(h) the Trade Secrets Act, 18 U.S.C. § 1905, or documents containing proprietary or other commercial information provided to the Carleton or the Government on a pledge of secrecy and confidentiality.

2. Carleton objects to each and every Instruction, Definition and Topic in Honeywell's Notice to the extent that it exceeds the permissible scope of discovery under the RCFC and/or seek to impose upon defendant duties and responsibilities beyond those required by those Rules.

3. Carleton objects to Honeywell's Notice to the extent that it is vague, overly broad, oppressive, harassing, and/or unduly burdensome.

4. Carleton objects to Honeywell's Notice to the extent that it seeks irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible

evidence.

5. Carleton objects to Honeywell's Notice to the extent that it seeks legal conclusions or opinions.

6. Carleton objects to Honeywell's Notice to the extent that it assumes facts that have not been established and/or are not true or accurate.

7. Carleton objects to the broad time period governing some of the Topics because such Topics are overly broad, unduly burdensome, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence in this action.

8. Carleton objects to Honeywell's Notice to the extent that it seeks information relating to allegations of willful infringement because no such claim exists for an action brought under 28 U.S.C. § 1498 in the United States Court of Federal Claims. Likewise, no asserted defense in this case relies upon opinions and/or advice of counsel.

9. Carleton objects to Honeywell's Notice to the extent that it seeks information not in the possession of Carleton.

10. Carleton objects to Honeywell's Notice to the extent that it seeks information or documents that are generated or created after the filing of Honeywell's Complaint.

11. Carleton objects that Honeywell's use of the term "oxygen system" as used in various Topics is vague, ambiguous and overbroad to the extent that the term purports to include any "on-board oxygen generation or concentration system for aircraft (including an apparatus or method) that controls the composition of product gas utilizing molecular sieves operated in a partially saturated condition." The definition is vague and ambiguous in failing to define

"generation," "concentration system," "molecular sieves" and "partially saturated condition." The definition is overbroad in its use of "molecular sieves operated in a partially saturated condition" in that the definition thereby encompasses almost any oxygen-generating product of the Government, regardless of any relevance to the patents-in-suit. Specifically, Carleton objects that the definition is overbroad to the extent it includes oxygen-related products of the Government that do not utilize active composition control for the product gas as recited by the claims of the patents-in-suit, and are therefore beyond the scope of this action. Carleton therefore limits its responses to a specific type of "oxygen system" defined as an "on-board oxygen generation or concentration system for aircraft (including an apparatus or method) that actively controls the composition of product gas utilizing molecular sieves operated in a partially saturated condition."

12. Carleton objects to Honeywell's Notice to the extent that it seeks disclosure of expert opinions prior to the time called for under Rule 26(a)(2) and the Court's scheduling order.

13. Carleton objects to Honeywell's Notice to the extent it purports to set the depositions to take place at the offices of Defendants' counsel. Carleton is entitled to have its designee(s) deposed at the place of business of their corporate representative(s) or at their counsel's offices. Carleton understands "such other date and location as may be agreed to by the parties," as stated in Honeywell's Notice, to accept this objection/consideration.

14. Carleton objects to Honeywell's Notice to the extent it seeks discovery of information or documents already within the possession and control of Honeywell or Honeywell's counsel.

Carleton incorporates by reference its General Objections. Pursuant to 35 U.S.C. § 286, Carleton objects to the time period "from 1990 to present" and accordingly limits the relevant time period "from January 12, 1998 to present." Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton further objects to this Topic with respect to "any other customer" as calling for information not relevant to this litigation. Carleton also objects because this Topic has already been the subject of a 30(b)(6) deposition and the Topic is identical to Topic 1 of Honeywell's previously noticed topics, except for the reference to "any other customer." Carleton also objects that this Topic seeks the same information sought by Interrogatory No. 10 prior to the time that Carleton's response to said Interrogatory is due, and thus improperly attempts to foreshorten Carleton's time to respond to said Interrogatory.

Topic No. 7

To the extent no already provided in prior Rule 30(b)(6) deposition testimony, structure, function and operation of each oxygen system (including oxygen concentrator PNs 3261132-0101, 3261132-0102, 3261132-0103, 3261132-0104, 3261132-0105 and 3261169), that you have purchased or sold for use or manufacture by or for the Government or any other customer, including aircraft that incorporates such systems, from 1990 to the present, including the following subtopics:

a. pneumatic and functional description of the oxygen system;

b. identification and functional description of each component of the oxygen system used to generate product gas and to control composition of product gas, including molecular sieves, slide valve, valves, solenoids, control/monitor ("CM");

c. interconnectivity oxygen system components in the oxygen system, including molecular sieves, slide valve, valves, solenoids and CM;

d. control of valves, slide valve and solenoids;

e. implementation of pressure swing adsorption;

f. algorithm(s) used by the controller/monitor to control product gas composition including



DM_US\8277278.v1

oxygen concentration;

g. input signals and data to the CM for controlling composition of product gas;

h. output signals and data from the CM for controlling composition of product gas;

i. determination of adsorption charge phase duration;

j. determination of desorption regeneration phase duration;

k. determination of the ration of adsorption charge phase duration to desorption regeneration phase duration;

l. monitoring and use of oxygen concentration, cabin pressure and cabin altitude by sensors or monitors; and

m. calculation and use of oxygen partial pressure.

Objections

Carleton incorporates by reference its General Objections. Pursuant to 35 U.S.C. § 286, Carleton objects to the time period "from 1990 to present" and accordingly limits the relevant time period "from January 12, 1998 to present." Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton further objects to this Topic on the ground that the terms "pneumatic," "functional description," "component," "control composition of product gas," "controlling composition of product gas," "molecular sieves," "slide valve," "valves," "solenoids," "control/monitor ('CM')," "interconnectivity," "pressure swing adsorption," "algorithm(s)," "input signals and data," "output signals and data," "determination," "adsorption charge phase duration," "desorption regeneration phase duration," "ratio," "monitoring," "cabin pressure," "cabin altitude," "sensors," "monitors," "calculation," and "oxygen partial pressure" as used in this Topic, are vague and ambiguous and overbroad. Carleton further objects to this Topic with respect to "any other customer" as calling for information not relevant to this litigation. Carleton also objects because this Topic has already been the subject of a 30(b)(6) deposition and the Topic is identical to Topic 2 of Honeywell's

previously noticed topics, except for the reference to "any other customer."

Topic No. 8

To the extent no already provided in prior Rule 30(b)(6) deposition testimony, the factual bases underlying Carleton's assertion that its oxygen systems do not infringe any asserted claims of the '331 or '256, including the factual bases underlying Carleton's response to Honeywell's Interrogatory No. 5.

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton objects to Honeywell's use of the phrase "any asserted claims" to the extent it is meant to include any claims not addressed in Carleton's response to Honeywell's interrogatory number 5. Carleton also objects to this topic to the extent that it calls for a legal conclusion. Carleton also objects because this Topic has already been the subject of a 30(b)(6) deposition and the Topic is nearly identical to Topic 3 of Honeywell's previously noticed topics, and the scope of this topic has been fully answered in a prior deposition with respect to Topic 2 of Honeywell's previously noticed topics. Carleton also objects that this Topic seeks the same information sought by Interrogatory No. 11 prior to the time that Carleton's response to said Interrogatory is due, and thus improperly attempts to foreshorten Carleton's time to respond to said Interrogatory.

Topic No. 9

To the extent not already provided in prior Rule 30(b)(6) deposition testimony, efforts to respond to Honeywell's discovery requests including efforts to identify, locate and collect documents and things responsive to Honeywell's requests for production, including categories of documents reviewed or considered and identity and location of individuals contacted.

Objections

Carleton incorporates by reference its General Objections. Carleton objects to this Topic on the ground that the terms "identify," "locate" and "collect," as used in this Topic, are vague and ambiguous. Carleton further objects to this Topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product immunity. Carleton also objects because this Topic has already been the subject of a 30(b)(6) deposition and the Topic is identical to Topic 4 of Honeywell's previously noticed topics. Carleton further objects to this interrogatory as burdensome on the basis that Honeywell cannot continually seek information concerning "efforts to respond Honeywell's discovery requests" on a continual basis by way of 30(b)(6) depositions.

Topic No. 10

To the extent not already provided in prior Rule 30(b)(6) deposition testimony, identification of each document reviewed or otherwise used in preparation for responding to the topics in this 30(b)(6) notice, including identification by Bates range if such documents have been produced or by Title and location if such documents have not been produced.

Objections

Carleton incorporates by reference its General Objections. Carleton objects to this Topic on the ground that the terms "identification," "preparation," and "reviewed," as used in this Topic, are vague and ambiguous. Carleton further objects to this Topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product immunity. Carleton also objects because this Topic has already been the subject of a 30(b)(6) deposition and the Topic is identical to Topic 5 of Honeywell's previously noticed topics.

Topic No. 11

For each claim of the patents-in-suit identified in the Joint Claim Construction Statement (including the charts attached thereto) and any amendments thereof, (1) the identify of each item of prior art (including any combinations of items of prior art) that you contend anticipates the claim or renders it obvious and the factual basis underlying that contention and (2) the factual basis underlying all other grounds of invalidity that you contend.

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this topic because it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion from the hypothetical perspective of one of ordinary skill in the art prior construction of any claim of the patents-in-suit. Carleton also objects that this Topic seeks the same information sought by Interrogatory No. 12 prior to the time that Carleton's response to said Interrogatory is due, and thus improperly attempts to foreshorten Carleton's time to respond to said Interrogatory.

Topic No. 12

The factual bases underlying Carleton's other asserted defenses, including Carleton's assertion that (a) the '331 patent and the '256 patent are unenforceable and (b) Honeywell and/or its predecessors in interest delayed filing suit for an unreasonable and inexcusable time from when they knew or reasonably should have known of one or more of their claims against Carleton and/or the United States, and Carleton and/or the United States has been materially prejudiced by the delay.

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion.

Topic No. 13

The identity of each patent that you have licensed or anticipate licensing to another person that you contend is comparable to the '331 patent or the '256 patent, the factual basis for such contention, and the identify of such person.

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. Carleton further objects, consistent with General Objection 16, that this topic is improper.

Topic No. 14

The identity of each patent that you have licensed or anticipate licensing from another person that you contend is comparable to the '331 patent or the '256 patent, the factual basis for such contention, and the identify of such person.

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. Carleton further objects, consistent with General Objection 16, that this topic is improper. Carleton objects to this topic on the ground that the term "comparable" as used in this topic, is vague and ambiguous.

Topic No. 15

With respect to each patent identified in response to Topics 8 and 9, the rates paid or anticipated to be paid for the use of such patent and other material terms of the relevant license or anticipated license, including effective date, term, exclusivity, nature of licensed products, and geographic or other scope limitations.

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this

topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. Carleton further objects, consistent with General Objection 16, that this topic is improper and burdensome. Carleton objects to this topic on the ground that the terms "rates paid," "paid for the use," "material terms," and "effective date, term exclusivity, nature of licensed products, and geographic or other scope limitations" as used in this topic, are vague and ambiguous.

Topic No. 16

With respect to each person identified in response to Topics 8 and 9, the commercial relationship between you and such person.

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this topic to the extent it calls for a legal conclusion, does not seek factual information, but seeks expert testimony and opinion. Carleton further objects, consistent with General Objection 16, that this topic is improper. Carleton objects to this topic on the ground that the term "commercial relationship" as used in this topic, is vague and ambiguous.

Topic No. 17

With respect to each oxygen system identified in response to Topic 1, the marketing, advertising, and promotional activities undertaken and observed with respect to purchases or sales.

Objections

Carleton incorporates by reference its General Objections. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton objects to this

topic on the ground that the terms "marketing," "advertising," and "promotion activities" as used in this topic, are vague and ambiguous.

Topic No. 18

Your review and use, if any, of the '331 patent, '256 patent, or other documents describing oxygen systems developed by Honeywell or Honeywell's affiliates or predecessors.

Objections

Carleton incorporates by reference its General Objections. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton further objects to this Topic on the ground that the terms "review," "use," "developed" and "affiliates or predecessors," as used in this Topic, are vague and ambiguous. Carleton further objects to this Topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product immunity.

Topic No. 19

With respect to each oxygen system identified in response to Topic 1, for each year of such purchases or sales, the number of oxygen systems purchased or sold, the identify of the other person(s) who were parties to such transactions, the average net profit earned by you or net loss realized by you with respect to such transactions, the information used to compute such profit or loss, and the factual basis underlying your contention (if any) that such oxygen system is not a commercially successful product.

Objections

Carleton incorporates by reference its General Objections. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton further objects

to this Topic on the ground that the terms "transactions," "average net profit earned," "net loss realized," "compute such profit or loss" and "commercially successful product," as used in this Topic, are vague and ambiguous. Carleton further objects, consistent with General Objection 16, that this topic is improper.

Topic No. 20

With respect to each product purchased or sold together with or as a replacement or upgrade part for each oxygen system identified in response to Topic 1, for each year of such purchases or sales, the identity of such product, the number of such products purchased or sold, the identity of the other person(s) who were parties to such transactions, the average net profit earned by you or net loss realized by you with respect to such transactions, the information used to compute such profit or loss, and the factual basis underlying your contention (if any) that such product is not a commercially successful product.

Objections

Carleton incorporates by reference its General Objections. Carleton further objects to this Topic on the ground that the terms "sold together," "replacement or upgrade part," "transactions," "average net profit earned," "net loss realized," "compute such profit or loss" and "commercially successful product," as used in this Topic, are vague and ambiguous. Carleton further objects, consistent with General Objection 16, that this topic is improper.

Topic No. 21

With respect to each oxygen system for which you anticipate future purchases or sales, for each year of such anticipated purchases or sales, the identity of such oxygen system, the projected number of such oxygen systems to be purchased or sold, the identity of the other person(s) who are anticipated to be parties to such transactions, the projected average net profit to be earned by you or net loss to be realized by you with respect to such transactions, the information used to compute such projected profit or loss, and the factual basis underlying your contention (if any) that such oxygen system is not anticipated to be a commercially successful product.

Objections

Carleton incorporates by reference its General Objections. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton further objects to this Topic on the ground that the terms "anticipated," "transactions," "projected average net profit to be earned," "net loss to be realized," "compute such projected profit or loss" and "commercially successful product," as used in this Topic, are vague and ambiguous. Carleton further objects, consistent with General Objection 16, that this topic is improper.

Topic No. 22

With respect to each product for which you anticipate future purchases or sales together with or as a replacement or upgrade part for each oxygen system identified in response to Topic 16, for each year of such anticipated purchases or sales, the identity of such product, the projected number of such products to be purchased or sold, the identity of the other person(s) who are anticipated to be parties to such transactions, the projected average net profit to be earned by you or net loss to be realized by you with respect to such transactions, the information used to compute such projected profit or loss, and the factual basis underlying your contention (if any) that such oxygen system is not anticipated to be a commercially successful product.

Objections

Carleton incorporates by reference its General Objections. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton further objects to this Topic on the ground that the terms "anticipated," "future purchases or sales," "replacement or upgrade part," "anticipated purchases or sales," "projected number," "transactions," "projected average net profit to be earned," "net loss to be realized," "compute such projected profit or loss" and "commercially successful product," as used in this Topic, are vague and ambiguous. Carleton further objects, consistent with General Objection 16, that this

topic is improper.

Topic No. 23

Research and development of the 1132 and 1169 oxygen systems including (1) each technique considered, tested or otherwise used to control oxygen concentration, (e.g. duty cycle variation, total cycle time variation, product gas flow variation), and why such technique was or was not incorporated in a product made, used, sold or offered for sale, (2) all reasons you are investigating composition control based on varying total cycle time rather than duty cycle, and (3) all problems you have encountered during your investigation.

Objections

Carleton incorporates by reference its General Objections. Carleton further objects to this Topic on the ground that the terms "research and development," "1132 and 1169 oxygen systems," "technique," "considered," "tested," "control oxygen concentration," "variation," "duty cycle," "total cycle time," "product gas flow," "reasons," "investigating," "composition control," "varying," "problems" and "investigation," as used in this Topic, are vague and ambiguous. Carleton further objects, consistent with General Objection 16, that this topic is improper. Carleton further objects to this Topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product immunity.

Respectfully submitted,

BERT C. REISER
J. JAY GUILIANO
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 (fax)

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.
2734 Hickory Grove Road
Davenport, Iowa 52808

Dated: November 16, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of CARLETON LIFE SUPPORT SYSTEMS, INC.'S OBJECTIONS TO HONEYWELL'S NOTICE OF RULE 30(b)(6) DEPOSITION ON TOPICS 6-23 was sent by e-mail and first-class mail this 16th day of November 2005 to:

Mark Koehn
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102

Attorney for Plaintiffs

Walter W. Brown
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Washington, DC 20530

Attorney for the United States

W. Samuel Niece, Esq.
THELEN REID & PRIEST LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723

Attorneys for Defendant-Intervenor Raytheon

[signature]
Erika Weinstein