IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-0028C |
| v. | ) | |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, | ) | |
| Defendant, and | ) | |
| CARLETON LIFE SUPPORT SYSTEMS, INC., | ) | |
| Defendant-Intervenor, and | ) | |
| RAYTHEON AIRCRAFT COMPANY, | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE DISCOVERY**

Defendant, the United States ("the Government"), Defendant-Intervenor Carleton Life Support Systems, Inc. ("Carleton"), and Defendant-Intervenor Raytheon Aircraft Company ("Raytheon") (collectively "Defendants") hereby move for an enlargement of time within which to complete pending discovery that was not completed in the expiring discovery period. Specifically, Defendants request an enlargement of one month, which will extend the current discovery deadline of April 28, 2006, to May 31, 2006. Defendants seek this enlargement to provide the parties time to take and defend the remaining depositions that were previously noticed in this case. With regard to the Hamlin and Marsh depositions discussed below, the Government anticipates that it will move for an additional enlargement at a later date, when it

can better assess the amount of time that will be needed in order to obtain judicial assistance for discovery in the United Kingdom and complete that discovery.

Plaintiffs Honeywell Normalair-Garrett Holdings Ltd., Honeywell Aerospace UK, and Honeywell International, Inc. (collectively, "Honeywell") have been informed of this motion and, as of the time of filing, have not indicated whether or not they will oppose it.

In support of this motion, the Defendants state:

(1) By order dated February 16, 2006, this Court set the discovery deadline to occur on April 28, 2006. Docket No. 82.

(2) As discussed in the Joint Status Report filed on March 13, 2006, the parties are engaging in on-going settlement discussions. Docket No. 86.

(3) Although settlement negotiations continue to occur, the parties have also attempted to complete discovery in a timely fashion. In September 2005, Honeywell deposed two 30(b)(6) witnesses designated by Carleton. In the last two weeks, the Defendants have taken two 30(b)(6) depositions of Honeywell employees, and Honeywell has taken the deposition of three 30(b)(6) witnesses designated by Raytheon. However, there remain several noticed depositions that have not yet been completed, and it is no longer practical to schedule and complete these depositions prior to the close of discovery.

(4) Defendants believe that these outstanding noticed depositions will be completed by the proposed new discovery deadline, May 31, 2006, except for those depositions noted in paragraph 5 below.

(5) There are two outstanding depositions that have been noticed by Defendants but will require international judicial assistance. On October 24, 2005, the United States attempted to serve deposition notices for Mr. Humphrey A. S. Hamlin and Mr. Roger M. Marsh, both listed

as inventors on one or more patents assigned to Plaintiffs. The two inventors reside in England, and are thus outside of this Court's jurisdiction.

(6) Honeywell's outside counsel have not accepted service of the deposition notices on behalf of Hamlin and Marsh, despite the fact that they represent both Hamlin and Marsh. Accordingly, the Government will seek this Court's assistance through submission of a Request for International Judicial Assistance directed toward the United Kingdom. This request has not yet been submitted to the Court because it has required the Government to consult the Department of Justice's resident counsel in Britain in order to locate a British solicitor to assist in deposing these inventors, which has been a time-consuming process. In fact, because of Honeywell's many foreign operations, the Government has expended substantial time in investigating any potential conflicts of interest that would bar it from retaining certain British counsel. Moreover, while settlement was being discussed, the Government had sought to avoid this expense.

(7) Because it is uncertain how long much time the request process will consume, the Government does not anticipate that the Hamlin and Marsh depositions will be completed before the end of this proposed discovery deadline.

For the foregoing reasons and good cause having been shown, Defendants request this Court to enlarge the time to complete discovery by a period of one month.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Of Counsel:
ERICA A. FRANKLIN

s/Walter W. Brown
WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Dated: April 28, 2006

Attorneys for the United States

s/W. Samuel Niece by Walter W. Brown
W. SAMUEL NIECE
THELEN REID & PRIEST LLP
225 West Santa Clara Street, 12th Floor
San Jose, CA 95113
Telephone: (408) 282-1842
Facsimile: (408) 278-8242

JAMES M. HALL
THELEN REID & PRIEST LLP
875 Third Avenue, 10th Floor
New York, NY 10022-6225
Telephone: (212) 603-2236
Facsimile: (212) 603-2001

Dated: April 28, 2006

Attorneys for Defendant-Intervenor Raytheon Aircraft Company

s/Bert C. Reiser by Walter W. Brown
BERT C. REISER
JAY GUILIANO
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Dated: April 28, 2006

Attorneys for Defendant-Intervenor Carleton Life Support Systems, Inc.