Electronically Filed on 5/2/06

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HONEYWELL NORMALAIR-GARRETT HOLDINGS, LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,** | |
| **Plaintiffs,** | **No. 04-0028C** |
| **v.** | |
| **THE UNITED STATES,** | **Judge Edward M. Damich (Trial)** |
| **Defendant, and** | |
| **CARLETON LIFE SUPPORT SYSTEMS, INC.,** | |
| **Defendant-Intervenor, and** | |
| **RAYTHEON AIRCRAFT COMPANY,** | |
| **Defendant-Intervenor.** | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)**

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900; Fax: (703) 770-7901

OF COUNSEL:
Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900; (703) 790-7901 (fax)
Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings, Ltd.,
Honeywell Aerospace UK and Honeywell International Inc.

Dated: April 28, 2006

# TABLE OF CONTENTS

I. QUESTIONS PRESENTED ..... 2

II. STATEMENT OF THE CASE ..... 2

III. LAW AND ARGUMENT ..... 4

A. Carleton Should Be Compelled To Prepare A Witness To Testify As To Topic 3, Seeking Testimony On The Factual Bases For Its Non-Infringement Contentions ..... 4

B. Honeywell's Rule 30(b)(6) Notice On Topics 6-23 Is Proper And Should Be Enforced ..... 6

1. Honeywell Is Not Limited To Only One Rule 30(b)(6) Deposition Of Carleton ..... 7

2. Honeywell Has Not Completed Its Original Rule 30(b)(6) Deposition Of Carleton ..... 9

3. Honeywell's Rule 30(b)(6) Notice On Topics 6-23 Is Not Duplicative Of Its Substitute Rule 30(b)(6) Notice On Topics 1-5 ..... 9

4. Honeywell Has Shown Good Cause To Depose Carleton On Topics 6-23 ..... 12

C. Honeywell Is Entitled To An Award Of Its Costs And Reasonable Attorneys' Fees Pursuant To Rule 37(a)(4)(A) ..... 13

IV. CONCLUSION ..... 13

APPENDIX – Rules of the United States Court of Fedederal Claims

DRAFT ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL



400367566v1

# TABLE OF AUTHORITIES

**Cases**

*Ameristar Jet Charter, Inc. v. SignalComposites, Inc.*, 244 F.3d 189 (1st Cir. 2001) .......... 8

*Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55 (1st Cir. 2003) .......... 8

*Canal Barge Co. v. Commonwealth Edison Co.*, Case No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097 (N.D. Ill. Jul. 18, 2001) .......... 5

*De Graffenried v. United States*, 2 Cl. Ct. 640 (Cl. Ct. 1983) .......... 5

*Exxon Research and Engineering Co. v. United States*, 44 Fed. Cl. 597 (Fed. Cl. 1999) .......... 5

*Fondren v. Republic Am. Life Ins. Co.*, 190 F.R.D. 597 (N.D. Okla. 1999) .......... 6, 13

*Graham v. John Deere Co.*, 383 U.S. 1 (1966) .......... 10

*Grill v. Costco Wholesale Corp.*, Case No. C03-2450RSM, 2004 U.S. Dist. LEXIS 21394 (W.D. Wash. Oct. 7, 2004) .......... 9

*Hollen v. USCO Distrib. Servs.*, Civil No. 02-1119, 2004 U.S. Dist. LEXIS 1782 (D. Minn. Feb. 3, 2004) .......... 9

*Masco Corp. v. Price Pfister*, 33 U.S.P.Q.2D (BNA) 1694, 1994 U.S. Dist. LEXIS 20597 (E.D. Va. Oct. 7, 1994) .......... 5

*Quality Aero Technology, Inc. v. Telematrieekektronik, GmbH*, 212 F.R.D. 313 (E.D.N.C. 2002) .......... 7, 8, 9, 12

*Smith v. Robertshaw Controls Co.*, 410 F.3d 29, 37 (1st Cir. 2005) .......... 8

*United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996) .......... 5

*United Technologies Motor Systems, Inc. v. Borg-Warner Automotive, Inc.*, 50 U.S.P.Q.2d (BNA) 1060, 1998 U.S. Dist. LEXIS 21837 (E.D. Mich. Sept. 4, 1998) .......... 5

Plaintiffs Honeywell Normalair-Garrett Holdings, Ltd., Honeywell Aerospace UK, and Honeywell International Inc. (collectively, "Honeywell") move this Court to compel Defendant-Intervenor Carleton Life Support Systems, Inc. ("Carleton") to designate witnesses to testify in accordance with Rule of the United States Court of Federal Claims ("RCFC") 30(b)(6) as to Topic 3 of Honeywell's Notice of Rule 30(b)(6) Deposition to Carleton on Topics 1-5 ("Substitute Rule 30(b)(6) Notice on Topics 1-5"), attached hereto as Exhibit A, and Topics 6 through 23 of Honeywell's Notice of Rule 30(b)(6) Deposition to Carleton on Topics 6-23 ("Rule 30(b)(6) Notice on Topics 6-23"), attached hereto as Exhibit D.

After having testified that he would respond to Honeywell's questions on Topic 3 (*see* Exhibit B at 7:5-9), Carleton's Rule 30(b)(6) designee subsequently admitted that "upon advice of Counsel, [he] was not prepared to address [Topic] 3." (*See* Exhibit B at 260:12-21.) With respect to Topics 6-23, Carleton recently refused to designate any person(s) to testify based on its assertion that Honeywell has already conducted a Rule 30(b)(6) deposition of Carleton's designees on Honeywell's Topics 1 through 5, and is therefore prohibited by RCFC 30(a)(2)(B) from conducting a second deposition of the same "person" – *i.e.*, Carleton. (*See* Exhibits E.)

Carleton is mistaken. There is no prohibition against deposition topics seeking factual and legal bases of a party's contentions, and Carleton has never sought a protective order against Honeywell's Topic 3. The questions were permissible, and Carleton should be compelled to answer.

As to Topics 6 through 23, the requirement to seek court approval before conducting a second deposition applies to individual depositions and not to depositions of corporations under Rule 30(b)(6), which frequently require depositions of multiple individuals over several days. Moreover, even if a second deposition of a corporation were prohibited, Honeywell never closed

its initial deposition of Carleton under its Substitute Rule 30(b)(6) Notice on Topics 1-5. Its subsequent notice of Topics 6 through 23 is merely a continuation of the initial depositions. Honeywell served its Rule 30(b)(6) Notice on Topics 6-23 within the discovery period and before it closed its Rule 30(b)(6) deposition of Carleton. Carleton has not moved for a protective order or shown any good cause under RCFC 26(c) or any other rule why discovery should be limited in this case. Honeywell, on the other hand, has shown good cause that it should be permitted to proceed with its Rule 30(b)(6) deposition of Carleton.

## I. QUESTIONS PRESENTED

1. Whether Carleton properly refused to prepare its witness to testify on under RCFC 30(b)(6) concerning Topic 3 -- its factual bases for its contentions that its products do not infringe the patents-in-suit.

2. Whether Carleton properly refused to designate witnesses to testify under RCFC 30(b)(6) on Honeywell's Rule 30(b)(6) Notice on Topics 6-23, served after its designees appeared for deposition on Topics 1-5, but before the close of discovery and before the Rule 30(b)(6) deposition was closed.

## II. STATEMENT OF THE CASE

This case involves the Government's infringement of Honeywell's patents relating to an oxygen system using molecular sieves to regulate oxygen concentration onboard aircraft. Carleton is a supplier of some of the accused products, and intervened as an interested party.

Honeywell served its Notice of Rule 30(b)(6) Deposition to Carleton on Topics 1-5 on July 28, 2005. Before commencing the Rule 30(b)(6) deposition, Honeywell served a Substitute Notice of Rule 30(b)(6) Deposition to Carleton on Topics 1-5 ("Substitute Rule 30(b)(6) Notice on Topics 1-5") on July 29, 2005. (*See* Exhibit A.) Honeywell conducted the depositions of

Russell Hart and Victor Crome as Carleton's corporate designees on September 22 and 23, 2005, respectively. (*See* Exhibits B and C.) To accommodate Carleton, the depositions were conducted in Davenport, Iowa. (*See id.*)

On the advice of Carleton's counsel, Mr. Hart did not prepare to answer questions concerning Topic 3 of Honeywell's Substitute Rule 30(b)(6) Notice on Topics 1-5 seeking the factual basis underlying Carleton's assertion that its oxygen systems do not infringe the patents-in-suit. The following exchange occurred at the deposition:

HONEYWELL COUNSEL: If you'd go to Topic 3. [] This is one of the topics you were prepared to respond to today, correct?

CARLETON COUNSEL: Objection to the extent that you are implying that the objections of Carleton were not considered with respect to the Witness's preparation.

MR. HART: Upon advice of Counsel, I was not prepared to address Item 3.

HONEYWELL COUNSEL: Counsel, why was the Witness advised not to –

CARLETON COUNSEL: I'll clarify the inexact answer. The answer is the Witness is fully prepared to answer any questions about any of Carleton's systems that fall within where we are with respect to oxygen systems, composition oxygen systems.

The additional information potentially sought in Exhibit – in Topic 3 deals with legal questions, legal conclusions, issues that involve expert testimony. Carleton, of course, as a fact witness is not an expert. The witness here is not an expert. …

(*See* Exhibit B at 260:12-261:11.)

Carleton's designee's testimony about not preparing on Topic 3 – upon advice of counsel -- was surprising in light of the following exchange at the outset of the deposition:



400367566v1

HONEYWELL COUNSEL: Now if you turn to page 3 of Exhibit No. 1. You'll see a list of topics. And you're here to respond to questions related to Topics 1, 2, and 3; is that correct?

MR. HART: Yes.

Honeywell held the Rule 30(b)(6) deposition open at the conclusion of Mr. Hart and Mr. Crome's testimony. (*See* Exhibit B at 275:21-276:6; Exhibit C at 174:20-175:5.) Carleton never moved for a protective order as to Mr. Hart's refusal to answer Honeywell's questions on Topic 3.

Honeywell served its Rule 30(b)(6) Notice on Topics 6-23 on November 4, 2005. Due to settlement discussions between the parties and at the parties' request, this Court ordered the parties to complete pending discovery by February 28, 2006, and (upon further request of the parties and to further facilitate settlement discussions) extended the close of discovery until April 28, 2006. It was not until long after obtaining these extensions that Carleton revealed that it would not designate witnesses to testify on Topics 6 through 23 on the basis that Carleton had already been deposed on Topics 1 through 5. Again, Carleton did not move for a protective order.

## III. LAW AND ARGUMENT

### A. Carleton Should Be Compelled To Prepare A Witness To Testify As To Topic 3, Seeking Testimony On The Factual Bases For Its Non-Infringement Contentions

Topic 3 of Honeywell's Substitute Rule 30(b)(6) Notice on Topics 1-5 seeks testimony concerning Carleton's legal and factual bases for its contentions that its products do not infringe the patents in suit. (*See* Exhibit A.) Carleton failed to prepare its designee to answer questions concerning Topic 3. (*See* Exhibit B at 260:12-261:11.)

There is no basis for Carleton's refusal to prepare a witness to answer deposition questions on Topic 3. As more fully set forth in Plaintiffs' Memorandum in Support of their

Motion to Compel Defendant United States to Designate Witnesses Under RCFC 30(b)(6), the courts have routinely held that a party's factual and legal contentions are discoverable by interrogatories or Rule 30(b)(6) depositions. *See United Technologies Motor Systems, Inc. v. Borg-Warner Automotive, Inc.*, 50 U.S.P.Q.2d (BNA) 1060, 1998 U.S. Dist. LEXIS 21837, *4 (E.D. Mich. Sept. 4, 1998) ("In an action of this type [an action for patent infringement] … [a party] may properly inquire about the nature and extent of the [opposing party's] contentions, both factual and legal"); *Masco Corp. v. Price Pfister*, 33 U.S.P.Q.2D (BNA) 1694, 1994 U.S. Dist. LEXIS 20597, *6 (E.D. Va. Oct. 7, 1994) (compelling party in a patent infringement action to answer questions in a Rule 30(b)(6) deposition concerning legal contentions).

The party seeking discovery may decide how to pursue it, whether by interrogatories, depositions, or both. *See De Graffenried v. United States*, 2 Cl. Ct. 640, 644 (Cl. Ct. 1983). "Generally, inquiry regarding a corporation's legal positions is appropriate in a Rule 30(b)(6) deposition." *Canal Barge Co. v. Commonwealth Edison Co.*, Case No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097, at *5 (N.D. Ill. Jul. 18, 2001). Although some litigants have claimed that it is unduly burdensome to require a corporate entity to prepare a lay witness to testify as to its legal and factual contentions, this Court and others have held that such an inquiry must be decided on the facts of each case. *See Exxon Research and Engineering Co. v. United States*, 44 Fed. Cl. 597, 601 (Fed. Cl. 1999); *Canal Barge Co.*, 2001 U.S. Dist. LEXIS 10097, at *5 (ordering party to designate Rule 30(b)(6) witness to testify as to party's contentions); *United States v. Taylor*, 166 F.R.D. 356, 363 n. 7 (M.D.N.C. 1996) (same).

Of course, a party's right to conduct discovery is always subject to the Court's discretion under RCFC 26(c), upon motion, to limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. In such circumstances, the burden is on

the party resisting discovery to move for a protective order and show good cause for the limitation. *See* RCFC 26(c); *Fondren v. Republic Am. Life Ins. Co.*, 190 F.R.D. 597, 600 (N.D. Okla. 1999).

Carleton has made no such motion and no such showing. Instead, it unilaterally refused to prepare a witness to answer questions without seeking any protective order from this Court. "[T]he Federal Rules of Civil Procedure place the burden of seeking court protection squarely on the party resisting discovery. … [The defendant's] assertion that it can unilaterally refuse to answer questions and then require Plaintiff to obtain a court order directing the deponent to answer is the exact opposite of what the Federal Rules of Civil Procedure clearly require." *Fondren*, 190 F.R.D. at 600.

Under the circumstances, where Honeywell's counsel appeared in Davenport, Iowa to take Carleton's Rule 30(b)(6) deposition only to find that the designated witness was not prepared to answer proper questions, Carleton should be compelled to designate a witness to testify as to Topic 3 and to pay Honeywell's costs and reasonable attorneys' fees in litigating this motion.

### B. Honeywell's Rule 30(b)(6) Notice On Topics 6-23 Is Proper And Should Be Enforced

Carleton contends that it may refuse to designate any witness(es) to testify on Honeywell's Topics 6-23 on the basis that leave of court is required under Rule 30(a)(2)(B) to depose a person who has already been deposed in the case. Carleton is wrong. First, Rule 30(a)(2)(B) is intended to apply to individual deponents, not to corporate depositions under RCFC 30(b)(6). Second, even if Rule 30(a)(2)(B) did apply to corporate depositions under RCFC 30(b)(6), Honeywell's Rule 30(b)(6) deposition of Carleton is still open and has not been completed, and Honeywell has the right to continue it. Finally, even if a second Rule 30(b)(6)

deposition were not permitted without court approval, and even if Honeywell had completed its first deposition of Carleton, leave of court for a second deposition should be granted under Rule 30(a)(2) to the extent consistent with Rule 26(b)(2).

### 1. Honeywell Is Not Limited To Only One Rule 30(b)(6) Deposition Of Carleton

"[T]here is no aspect of the Rules which either restricts a party to use to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition." *Quality Aero Technology, Inc. v. Telematrieekektronik, GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002). As the court in *Quality Aero* noted, Rule 30(b)(6) depositions are different from depositions of individuals, and the rules apply differently. *See id.* For example, Rule 30(d)(2) limits an oral deposition to seven hours, but the Advisory Committee's Notes to Fed. R. Civ. P. 30(d)(2) state that the seven hour limit to the duration of a deposition applies separately to each witness designated by a corporation under Rule 30(b)(6).

Like Rule 30(d)(2)'s limit on the duration of a deposition to seven hours, Rule 30(a)(2)(B)'s limitation on the number of depositions that can be conducted on a single person is apparently designed to prevent undue burden on an individual by requiring him to appear twice. The same rationale does not apply with the same force to corporate depositions, particularly where the topics cover different subject areas and are likely to require designation of different individuals. *See Quality Aero*, 212 F.R.D. at 319. Therefore, as with Rule 30(d)(2), Rule 30(a)(2)(B) should not restrict a second Rule 30(b)(6) on different deposition topics.

This Court has not ruled upon the issue of whether Rule 30(a)(2)(B) requires leave of court to conduct a second deposition of a corporate entity under Rule 30(b)(6). Although there appears to be a split of authority among federal district courts applying the equivalent Federal Rules of Civil Procedure, the only reported federal district court case we have found to have

addressed the issue held that the limitation of Rule 30(a)(2)(B) does not apply to depositions conducted under Rule 30(b)(6), and leave of court is not required to conduct a second deposition of a corporation under Rule 30(b)(6). *See Quality Aero*, 212 F.R.D. at 319.

The one court of appeals case to have addressed the issue, *Ameristar Jet Charter, Inc. v. SignalComposites, Inc.*, 244 F.3d 189 (1st Cir. 2001), upheld a district court's decision to quash a subpoena for a corporate deposition on the ground that the corporation had already been deposed under Rule 30(b)(6), but that appellate ruling was the result of the deferential standard of review, and not necessarily because the district court's interpretation was correct. As noted in *Quality Aero*, the First Circuit's holding was "a predictable result of the standard of review" and was based on the appellate court's ruling that "we will intervene in such matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." *Quality Aero*, 212 F.R.D. at 319 (quoting *Ameristar Jet*, 244 F.2d at 191). Even in the First Circuit, *Ameristar Jet* has only been cited for the proposition that discovery orders may be overturned only upon a clear showing of manifest injustice – never for the proposition that depositions under Rule 30(b)(6) are governed by Rule 30(a)(2)(B). *See Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 64 (1st Cir. 2003) (citing *Ameristar Jet* for the proposition that an order denying discovery is reviewed only for abuse of discretion); *Smith v. Robertshaw Controls Co.*, 410 F.3d 29, 37 n. 10 (1st Cir. 2005) (quoting *Ameristar Jet* for the proposition that "the hurdle which the appellant must overcome to prevail [on an appeal from a discovery order] is high"). In *Ameristar Jet*, the second 30(b)(6) notice was served a year after the completion of the first deposition and the magistrate judge had already recommended partial summary judgment against the deposing party. *See Ameristar Jet*, 244 F.3d at 192. All that can properly be gleaned from *Ameristar Jet*

is that the appellant in that case had not shown manifest injustice in the district court's decision to quash the subpoena under those circumstances. *See id.*; *Quality Aero*, 212 F.R.D. at 319.

Rule 30(b)(6) depositions are depositions of corporations, not individuals. Rules placing limitations on duration and number of depositions do not apply in the same way to depositions under Rule 30(b)(6) as to depositions of individuals. Leave of court is not required to conduct a second Rule 30(b)(6) deposition on different topics. *See Quality Aero*, 212 F.R.D. at 319.

**2. Honeywell Has Not Completed Its Original Rule 30(b)(6) Deposition Of Carleton**

Even if Rule 30(a)(2)(B) were deemed to prohibit a second corporate deposition under Rule 30(b)(6), Honeywell has not yet completed its first deposition of Carleton pursuant to its Substitute Rule 30(b)(6) Notice on Topics 1-5. Due to Carleton's designee's refusal to prepare to testify as to Topic 3, the corporate deposition has not been closed, and may continue without running afoul of any rule preventing a second deposition. *See Hollen v. USCO Distrib. Servs.*, Civil No. 02-1119, 2004 U.S. Dist. LEXIS 1782 (D. Minn. Feb. 3, 2004) (party is entitled to complete incomplete deposition); *Grill v. Costco Wholesale Corp.*, Case No. C03-2450RSM, 2004 U.S. Dist. LEXIS 21394, at *3-4 (W.D. Wash. Oct. 7, 2004) (compelling party to appear for remainder of incomplete deposition).

Particularly in light of the fact that depositions under Rule 30(b)(6) are not limited to one day of seven hours (*see* Advisory Committee's Notes to Fed. R. Civ. P. 30(d)(2)), Honeywell should be allowed to continue its 30(b)(6) deposition of Carleton on both the old and new topics.

**3. Honeywell's Rule 30(b)(6) Notice On Topics 6-23 Is Not Duplicative Of Its Substitute Rule 30(b)(6) Notice On Topics 1-5**

Carleton has objected to certain topics in Honeywell's Rule 30(b)(6) Notice on Topics 6-23 as duplicative of the topics in Honeywell's Substitute Rule 30(b)(6) Notice on Topics 1-5.

(*See* Exhibit E.) Specifically, Carleton asserts that Topics 6-10 are duplicative with Topics 1-5. Although some topics are similar in wording, they are not duplicative. (*See id.*)

Topics 1 and 2 of the Substitute Rule 30(b)(6) Notice on Topics 1-5 request testimony concerning identity, structure, function, and operation of each oxygen system that Carleton has "purchased or sold for use or manufacture by or for the Government …." (*See* Exhibit A.) Topics 6 and 7 of the Rule 30(b)(6) Notice on Topics 6-23 requests similar information but as to oxygen systems "purchased or sold for use or manufacture by or for the Government *or any other customer* …." (*See* Exhibit D (emphasis added).)[1] The specific purpose of the added language was to capture information concerning Carleton's foreign military sales and commercial sales. Such evidence is relevant to show commercial success of the infringing products to rebut any allegation that the patented inventions were obvious. *See Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966) (commercial success of the accused product is relevant to show non-obviousness).

Topic 8 requests testimony concerning the factual bases of Carleton's contentions that its products do not infringe the patents-in-suit. Although Topic 8 covers the same material covered by Topic 3, Carleton did not prepare its designee to testify as to Topic 3. (*See* Exhibit B at 260:12-261:11.) Topic 8 merely attempts to fill the gap left by Carleton's own obstreperous behavior. Also, like the Government, Carleton's response on Topic 8 points to Carleton's response to Interrogatory No. 11 that included a nearly identical chart to that provided by the Government and also admitted that the chart was "not exhaustive," so Honeywell has every reason to believe that the Carleton has not provided a complete response, including its factual basis. A deposition would allow Honeywell to ensure that the Carleton is not holding back

---

[1] To avoid unnecessary duplication, Honeywell would be willing to withdraw Topics 6 and 7 to the extent they seek testimony as to products purchased or sold for use or manufacture for the Government.

portions of its factual basis for its non-infringement contentions. (*See* Sealed portion of Honeywell's brief supporting its motion to compel the Government to provide Rule 30(b)(6) designees. Rather than burden the record with more Exhibits, Honeywell represents that the same point can be made with respect to Carleton's response on Interrogatory No. 11.)

Topic 9 requests testimony, to the extent not already provided in prior Rule 30(b)(6) deposition testimony, concerning Carleton's efforts to identify, locate, and collect documents and things responsive to Honeywell's document production requests. (*See* Exhibit D.) Topic 9 is similar to Topic 4, but is designed to capture Carleton's continuing efforts to locate documents responsive to Honeywell's discovery requests. There have evidently been continuing efforts, as Carleton made its most recent document production ***today***, months after its latest Rule 30(b)(6) deposition testimony on September 22-23, 2005.[2]

Topic 10 seeks testimony concerning efforts to prepare for the Rule 30(b)(6) deposition. (*See* Exhibit D.) Although Topic 10 is similar to Topic 5, it obviously relates to different testimony because it relates to efforts to prepare for Topics 6 through 23 instead of Topics 1 through 5. Moreover, even if Topic 10 had not been expressly noticed, it seeks responsive information that is routinely sought at every Rule 30(b)(6) deposition.

Carleton has not asserted that any of the remaining deposition topics are duplicative of the first five topics, and a review of the remaining topics shows that they cover completely different relevant subject matters. (*Compare* Exhibit A *with* Exhibit D.)

---

2 Honeywell is willing to withdraw Topic 9 to the extent it calls for testimony concerning efforts taken to identify, locate, and collect documents prior to September 23, 2005, the last day of Carleton's earlier Rule 30(b)(6) deposition testimony.

### 4. Honeywell Has Shown Good Cause To Depose Carleton On Topics 6-23

Even if Carleton were correct that a corporation cannot be deposed more than once under Rule 30(b)(6) without court approval, and even if its deposition under Honeywell's Substituted Rule 30(b)(6) Notice on Topics 1-5 had been completed, Honeywell has shown good cause for this Court to grant it leave to proceed with a second Rule 30(b)(6) deposition of Carleton. Pursuant to Rule 30(a)(2), leave to conduct a second deposition "shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2)". Rule 26(b)(2) allows the Court to limit discovery if the party resisting discovery shows that the discovery sought is unreasonably cumulative, duplicative, or unduly burdensome. *See* RCFC 26(b)(2).

As shown above, Honeywell's Rule 30(b)(6) Notice on Topics 6-23 is not unreasonably duplicative or cumulative. It is also not unduly burdensome. Corporate depositions are not limited to one day of seven hours as individual depositions are. (*See* Advisory Committee's Notes to Fed. R. Civ. P. 30(d)(2).) Carleton would have had to designate witnesses to testify as to Topics 6-23 whether or not those topics had been served along with Topics 1-5. *See Quality Aero*, 212 F.R.D. at 319 ("[B]y sending its second notice of deposition within the discovery time period, [the plaintiff] rendered [the defendant's] arguments that it could have served an earlier notice of deposition inapposite").

Carleton is a large corporation and certainly has sufficient employees to designate one or two to testify on the remaining topics without imposing an undue burden on anybody. Honeywell's counsel is willing to travel back to Davenport, Iowa to conduct the depositions at Carleton's location, as he did during the last time Carleton's corporate designees were deposed. There is no basis for a finding that a second deposition would be inconsistent with any of the principles of Rule 26(b)(2).

### C. Honeywell Is Entitled To An Award Of Its Costs And Reasonable Attorneys' Fees Pursuant To Rule 37(a)(4)(A)

Under RCFC 37(a)(4)(A), "[i]f the motion [to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees ...." In this case, Carleton's designee on Topic 3 sprung on Honeywell – 260 pages into the deposition transcript – that "Upon advice of Counsel, [he] was not prepared to address [Topic] 3" and Carleton unjustifiably (and belatedly) refused to designate a witness to testify on Topics 6 through 23 as required by RCFC 30(b)(6). It did not even move for a protective order, instead forcing Honeywell to bring its motion to compel after Honeywell's counsel had traveled to Davenport, Iowa to take the testimony of an unprepared Rule 30(b)6) designee. Under the circumstances, an award of costs and reasonable attorneys' fees is a just sanction. *See Fondren*, 190 F.R.D. at 602.

## IV. CONCLUSION

For the foregoing reasons, Honeywell respectfully requests this Court to grant its motion to compel Carleton to designate witnesses to testify as to Topic 3 of Honeywell's Substitute Rule 30(b)(6) Notice on Topics 1-5 and all the topics of Honeywell's Rule 30(b)(6) Deposition Notice on Topics 6-23. There is no basis for Carleton's refusal to prepare a witness to testify as to Topic 3, and Carleton has not moved for a protective order or demonstrated good cause for this Court to limit discovery. As to Topics 6 through 23, Honeywell is not limited to one Rule 30(b)(6) deposition of Carleton and, even if it were, it has not completed its initial deposition of Carleton. Because Honeywell was forced to pursue this motion to enforce the Carleton's

compliance with this Court's rules, Honeywell further moves for an award of costs and reasonable attorneys' fees.

If the Court finds that RCFC 30(b)(6) is governed by RCFC 30(a)(2)(B) and that Honeywell's Rule 30(b)(6) Notice on Topics 6-23 is subject to RCFC 30(a)(2)(B), Honeywell has shown good cause for this Court to grant it leave to depose Carleton on deposition Topics 6 through 23.

* * * *

Respectfully submitted,

s/Lawrence J. Gotts

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900
Fax: (703) 770-7901

OF COUNSEL:

Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900
(703) 790-7901 (fax)

Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings Ltd.,
Honeywell Aerospace UK, and
Honeywell International Inc.

Dated: April 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the foregoing PLAINTIFFS' MOTION TO COMPEL DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6), and PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6) and all attachments thereto, to be served on April 28, 2006 via CM/ECF, except with respect to sealed Exhibits B and C, which were served by e-mail (pdf.) on May 1, 2006 on the individuals below. These documents are being re-filed via CM/ECF as of May 2, 2006 due to the initial filing being struck for CM/ECF procedural reasons.

I also certify that a true copy of the foregoing PLAINTIFFS' MOTION TO COMPEL DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6), and PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6), to be served electronically by CM/ECF this 2nd day of May, 2006 on:

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company.

s/Mark Koehn
Mark Koehn