Electronically Filed on 5/2/06

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HONEYWELL NORMALAIR-GARRETT HOLDINGS, LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant, and**<br><br>**CARLETON LIFE SUPPORT SYSTEMS, INC.,**<br><br>**Defendant-Intervenor, and**<br><br>**RAYTHEON AIRCRAFT COMPANY,**<br><br>**Defendant-Intervenor.** | **No. 04-0028C**<br><br>**Judge Edward M. Damich (Trial)** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE DISCOVERY**

Plaintiffs Honeywell Normalair-Garrett Holdings, Ltd., Honeywell Aerospace UK, and Honeywell International Inc. (collectively, "Honeywell") oppose, in part, the Defendant's Motion For An Enlargement Of Time To Complete Discovery.

**I. Honeywell Opposes Any Enlargement Of Time With Respect To The Depositions Of Third Parties Humphrey Hamlin And Roger Marsh**

As indicated in the Defendants' motion, the Defendants' would need "an additional enlargement [of time] at a later date" (Defendants' Brief at 1) in order to pursue the depositions of Messrs. Hamlin and Marsh – individuals who reside in England, are not employed by Honeywell, and who are not inventors with respect to the two asserted patents: United States Patent Nos. 6,077,331 and 6,383,256 (the "'331" and "'256 patents," respectively). Messrs.

Hamlin and Marsh were never properly served with valid deposition notices. Notably, Defendants did not attached any properly served and valid deposition notices to their motion for an enlargement of time – because none exist. Moreover, there is no evidence that the Defendants have even bothered to make any attempts to properly obtain the deposition of these witnesses. Defendants assert that they will move for even more time later so they "can better assess" what they should do to obtain deposition testimony from these third parties in the United Kingdom. (Defendant's Brief at 2.) The time has long since past for Defendants to begin pursing depositions with these witnesses so no enlargement of time should be provided with respect to discovery from them.

## II. Honeywell Supports The Requested Enlargement Of Time With Respect To The Depositions Of Victor Crome And Dennis Gordge

For several weeks leading up to Friday, April 28th, the Government had promised Honeywell a May 2006 deposition date for its employee Dennis Gordge and Carleton had promised Honeywell a May 2006 deposition date for its employee Victor Crome. On April 25, 2006, Carleton offered May 12, 25, or 26, 2006 for Mr. Crome's deposition and on April 27, 2006, the Government finally offered May 30, 2006 for Mr. Gordge's deposition. Honeywell will take Mr. Gordge's deposition on May 30, 2006 (as offered) and will take the deposition of Mr. Crome on one or more of the May 2006 dates offered by Carleton.

## III. Honeywell Supports The Requested Enlargement Of Time With Respect To The Depositions Of The Government And Carleton

Honeywell already has essentially moved for an enlargement of time through its separate motions to compel the Government and Carleton to identify Rule 30(b)(6) designees and provide deposition dates in May 2006 on various topics. (*See* Plaintiffs' Motion To Compel Defendant United States To Designate Witnesses Under RCFC 30(b)(6) and Plaintiffs' Motion To Compel Defendant-Intervenor Carleton Life Support Systems To Designate Witnesses Under RCFC

30(b)(6).) Honeywell agrees that the Government and Carleton should be ordered to provide their designees on all noticed topics during May 2006. However, this relief should be granted in response to Honeywell's pending motions to compel and not in response to the Defendants' motion for an enlargement of time – that misleadingly does not alert the Court to the fact that the Government and Carleton recently refused to provide designees on all topics.

* * * *

Respectfully submitted,

s/Lawrence J. Gotts

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900
Fax: (703) 770-7901

OF COUNSEL:

Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900
(703) 790-7901 (fax)

Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings Ltd.,
Honeywell Aerospace UK, and
Honeywell International Inc.

Dated: May 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE DISCOVERY** , to be served electronically by CM/ECF filing and/or email (.pdf) this 2nd day of May, 2006 on:

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company.

s/Nancy Sherbow
Nancy Sherbow