IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, and<br><br>CARLETON LIFE SUPPORT SYSTEMS, INC.,<br><br>Defendant-Intervenor, and<br><br>RAYTHEON AIRCRAFT COMPANY,<br><br>Defendant-Intervenor. | No. 04-0028C<br><br>Chief Judge Edward J. Damich (Trial) |

**DEFENDANTS' REPLY TO HONEYWELL'S RESPONSE TO MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE DISCOVERY**

In their Response to Defendants' Motion for an Enlargement of Time to Complete Discovery, Plaintiffs have selectively opposed any enlargement of time with respect to the depositions of Humphrey Hamlin and Roger Marsh. Pls.' Resp. at 1. Defendants have candidly explained in their motion that the depositions of Hamlin and Marsh will not be able to occur during the currently requested extension period. Defendants further indicated an intention to seek a *subsequent* extension (prior to the expiration of the currently requested extension period) to take these depositions. Therefore, Plaintiffs' opposition to an enlargement of time with respect to Hamlin and Marsh is premature as that motion for this extension has not yet been

filed. Consequently, because Plaintiffs do not oppose Defendants' current motion for extension, Defendants' motion should be granted.

Defendants have attempted to properly obtain the depositions of Hamlin and Marsh, despite Plaintiffs' arguments to the contrary.[1] Pls.' Resp. at 2. As set forth below, the Government has made numerous well-documented attempts to properly notice the depositions of these witnesses. However, Plaintiffs' uncooperative position has caused the Government to continue these efforts through more tedious means.

By letter dated September 8, 2005, the Government indicated to Honeywell an interest in deposing Mr. Phillips, the inventor listed on the '256 and '331 patents, and Mr. Hamlin and Mr. Marsh, inventors listed on the '124 patent, which was then a patent-in-suit. Ex. 1. In this letter, the Government inquired about the availability of these individuals, known to reside in England, for deposition. *Id.* More than a month later, on October 17, 2005, Honeywell responded to this inquiry during a telephone conference. *See* Ex. 2. Honeywell informed Defendants that it represented each of the three inventors and would only make Mr. Phillips available for deposition in the United States. *See* Ex. 3. Honeywell refused to make Mr. Hamlin and Mr. Marsh available for deposition in the United States because Honeywell no longer asserted claims based on the '124 patent. Notably, Honeywell has failed to amend its complaint to reflect this position.

The Government then explained to Honeywell that the depositions of Hamlin and Marsh are essential because these individuals were the authors and/or recipients of several documents

---

[1]Plaintiffs' Response also references their two motions to compel the designation of witnesses under RCFC 30(b)(6) against Carleton and the Government. Pls.' Resp. at 2-3. The Government and Carleton will appropriately address these motions in their respective response briefs.

that are relevant to the invalidity defenses to the asserted claims of the patents-in-suit. Their testimony is also necessary to provide insight on claim construction issues and the validity of plaintiffs' infringement claims. Honeywell rejected this reasoning and threatened that if the Government sought the depositions of Hamlin and Marsh, then Honeywell would no longer make Mr. Phillips available for deposition in the United States. *Id.*

Despite this, on October 24, 2005, the Government served notices on Honeywell counsel for the depositions of Phillips, Hamlin and Marsh for November 28, 29 and 30, 2005. Ex. 4. On November 2, 2005, after receiving these notices, Honeywell counsel informed the Government for the first time that, while Mr. Hamlin and Mr. Marsh were their clients, they were not authorized to accept service on their behalf. Ex. 3. In response, and as a further attempt to expedite this discovery, on November 11, 2005, the Government requested that Honeywell counsel seek authorization from both Mr. Hamlin and Mr. Marsh to accept service on their behalf. Ex. 2. Honeywell counsel has never indicated that they have sought such authorization.

The Government asserted during the status conference held on December 12, 2005, its intention of pursuing the depositions of Hamlin and Marsh through the Hague Convention in light of Honeywell's uncooperative position. Thereafter, in January 2006, the Government began its efforts toward submitting an application to this Court to issue a request for international judicial assistance to compel testimony and documents from Hamlin and Marsh in January 2006.[2]

Most recently, the Government has sought to retain a solicitor in the United Kingdom ("UK") in an attempt to avoid obstacles that are now anticipated by submission of letters rogatory through conventional Hague protocol. Communication with two potential solicitors has

[2]These efforts have involved the U.S. Department of Justice Office of Foreign Litigation and the Department's Civil Division European Office.

revealed the existence of potential conflicts of interest with Honeywell. Addressing these potential conflicts has required submission of a memorandum to the Justice Department's Assistant Attorney General for review and authorization. In these ways, the Government has been diligent toward its goal of deposing Marsh and Hamlin. At no time since January has the Government placed its efforts toward achieving this goal on hold. Rather, the Government has appropriately moderated these activities in light of ongoing settlement negotiations.[3]

It was clear at the status conference held on December12, 2005, that the focus of litigation had shifted away from costly discovery and in favor of settlement negotiations. This understanding was reflected in the Court's Order following the status conference in which the Court instructed the parties to "continue with settlement negotiations and *minimal discovery* as agreed upon by the Parties through February 28, 2006." Ex. 5, Order dated December 19, 2005 (emphasis added). This understanding was again reflected in the Joint Motion for Amended Scheduling Order to extend the February 28, 2006 discovery deadline to the current deadline of April 28, 2006, which was based on the fact that the parties had "engaged in substantive settlement negotiations and all parties agree that additional time for negotiations would be helpful toward settlement." Docket No. 81 at 1.

This understanding continued and was again reflected in the Joint Status Report filed on March 13, 2006, which detailed the contents of negotiations but did not highlight any specific discovery activity. Docket No. 86. In fact, it was not until March 30, 2006, that any party

[3]Once the Government is authorized to retain the UK solicitor, it will be able to file its Application for International Judicial Assistance with this Court. If this Court agrees to issue the Request to the UK, it is uncertain whether and in what time frame the UK court will acquiesce. In the opening brief, Defendants referred to the necessity of information regarding the amount of time it will take for the UK to provide the requested assistance for the Defendants to "better assess" the appropriate extension period that will allow for the completion of the depositions of Hamlin and Marsh at this time, *see* Docket No. 92 at 1-2, and not as Plaintiffs have misstated in their response, *see* Docket No. 95 at 2.

attempted to schedule any of the previously noticed depositions. Ex. 6, Koehn email. At that time, Plaintiffs offered two Honeywell 30(b)(6) designees for deposition on April 20 and April 26, 2006. *Id.* The following week, on April 4, 2006, Plaintiffs' counsel indicated a desire to schedule all depositions "to meet the April 28 deadline." Ex. 7, Koehn email. They stated that despite the fact that all parties were "optimistic that we are approaching a settlement . . . Honeywell is not inclined to seek additional extensions– as they do not appear to be assisting the settlement process at this juncture." *Id.*

However, as stated *supra*, Honeywell has not opposed Defendants' current motion for enlargement. Rather, Honeywell has opposed Defendants' assertion that it will seek an additional enlargement at a later date. That date has not arrived, making Honeywell's objection premature. Even if Honeywell's objection were timely, it is clear from the facts set forth in this reply that this objection is without merit because the Government has been diligent in its efforts to depose Hamlin and Marsh despite Honeywell's refusal to cooperate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Of Counsel:
ERICA A. FRANKLIN

s/Walter W. Brown
WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Dated: May 9, 2006

Attorneys for the United States

s/W. Samuel Niece by Walter W. Brown
W. SAMUEL NIECE
THELEN REID & PRIEST LLP
225 West Santa Clara Street, 12th Floor
San Jose, CA 95113
Telephone: (408) 282-1842
Facsimile: (408) 278-8242

JAMES M. HALL
THELEN REID & PRIEST LLP
875 Third Avenue, 10th Floor
New York, NY 10022-6225
Telephone: (212) 603-2236
Facsimile: (212) 603-2001

Dated: May 9, 2006

Attorneys for Defendant-Intervenor Raytheon Aircraft Company

s/Bert C. Reiser by Walter W. Brown
BERT C. REISER
JAY GUILIANO
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Dated: May 9, 2006

Attorneys for Defendant-Intervenor Carleton Life Support Systems, Inc.