IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC. | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-0028C<br>Chief Judge Edward J. Damich<br>(Trial) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| CARLETON LIFE SUPPORT SYSTEMS, INC., | ) | |
| Defendant-Intervenor, and | ) | |
| RAYTHEON AIRCRAFT COMPANY, | ) | |
| Defendant-Intervenor. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's February 23, 2006 Order, plaintiffs, Honeywell Normalair-Garrett Holdings Ltd., Honeywell Aerospace UK, and Honeywell International Inc. (collectively "Honeywell"), defendant, the United States (the "Government"), and defendant-intervenors Carleton Life Support Systems, Inc. ("Carleton") and Raytheon Aircraft Company ("Raytheon") hereby submit this Joint Status Report.

The parties are pursuing discovery, including depositions that the parties have mutually agreed to complete during May 2006 as well as depositions that are the subject of Honeywell's pending motions to compel and defendants' pending motion for enlargement of time.

In parallel, the parties have continued their settlement discussions. Since the parties submitted their last status report on March 13, 2006, the parties have exchanged correspondence and engaged in telephone discussions concerning various settlement topics, including as follows:

1. On the evening of March 13, 2006, Mark Koehn (Honeywell outside counsel) and Sam Niece (Raytheon outside counsel) discussed Raytheon's understanding that Carleton (i) was working on a different OBOGS design and (ii) intended to obtain the Government's approval to implement the different OBOGS design.[1]

2. On or about March 14, 2006, Victor Miller (Honeywell inhouse counsel) and Michael Clark (Northrop Grumman inhouse counsel[2]) discussed (i) a potential settlement agreement, (ii) the merits of the parties' claims and defenses, (iii) the nature of Northrop Grumman's obligations to Carleton with respect to Honeywell's patent infringement claims, and (iv) the status of Carleton's different OBOGS design efforts..

3. On March 16, 2006, and in response to a request from Carleton's counsel and subject to the terms of ADR Confidentiality Agreement, Mark Koehn provided to Michael Clark, various licensing documents that Honeywell had produced in discovery.

---

[1] In separate discussions, and prior to March 13, 2006, Carleton has asserted to Honeywell that Carleton's efforts to design, obtain the Government's approval for, and implement a different OBOGS design with respect to the accused products should not be taken as an admission of liability.

[2] Northrop Grumman is not a named party in this litigation. Northrop Grumman, however, previously had an ownership interest with respect to Carleton, and has asserted in settlement discussions that it maintains an interest in the resolution of this litigation.

4. On March 17, 2006, Mark Koehn called Michael Clark and asked whether Northrop Grumman needed any additional information from Honeywell litigation counsel relative to the settlement discussions between inhouse counsel for Honeywell and Northrop Grumman. Mr. Clark said that he did not need any additional information.

5. On March 17 and 20 and April 4 and 5, 2006, Victor Miller and Michael Clark exchanged email regarding a potential settlement agreement.

6. On April 7, 2006, Carleton produced "Certification Source Code" along with a cover letter stating that the code "is the most current development version of composition control software for the 1132 model OBOGS" and that "Carleton intends to seek certification from the Government for an 1132 model OBOGS under control of this Certification Source Code."

7. On April 10, 2006, Mark Koehn and Bert Reiser (litigation counsel for Carleton) discussed a potential settlement agreement framework not previously discussed by the parties.

8. On April 11, 2006, Mark Koehn and Jay Guiliano (litigation counsel for Carleton) discussed (i) another new settlement agreement framework, different from the one discussed with Mr. Reiser earlier that day, and (ii) the status of Carleton's different OBOGS design efforts and the Government's approval process with respect to any different OBOGS design that Carleton might propose.

9. Also on or around April 11, 2006, Mark Koehn called Walter Brown (counsel for the Government) to discuss the status of Carleton's different OBOGS design

efforts and the Government's approval process with respect to any different OBOGS design that Carleton might propose. Mr. Koehn asked Mr. Brown to consult with the relevant Government officials and provide to Honeywell a rough estimate of the time it may take the Government to complete review and approval (or disapproval) of any different OBOGS design that Carleton has indicated that it intends to propose. Mr. Brown said that the Government would consider that request.

10. On April 17, 2006, Victor Miller and Michael Clark discussed a potential settlement agreement.

11. On April 20, 2006, Victor Miller, Loria Yeadon (Chief Executive Officer of Honeywell Intellectual Property, Inc.) and Michael Clark discussed a potential settlement agreement. The parties discussed a specific compromise range and agreed to discuss with management and other interested parties and report back.

12. On April 28, 2006, and in response to a document request Honeywell had served on October 31, 2005, Carleton produced the Asset Purchase And Sale Agreement that provides substantive information about the nature of Northrop Grumman's obligations to Carleton with respect to Honeywell's patent infringement claims.

13. On May 3, 2006, Honeywell contacted Northrop Grumman to gauge reaction to the proposed settlement.

14. On May 4, 2006, and after obtaining approval from Carleton and Northrop Grumman, Mark Koehn provided to Honeywell's inhouse counsel involved in the

settlement discussions a redacted version of Asset Purchase And Sale Agreement produced by Carleton on April 28th.

The parties will continue to confer on settlement issues while pursuing necessary outstanding discovery.

* * * *

Respectfully submitted,

May 12, 2006

s/ Lawrence J. Gotts by s/Walter W. Brown

Lawrence J. Gotts
Mark Koehn
Elizabeth Miller Roesel
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: (703) 770-7900
Facsimile: (703) 770-7901

Attorneys for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

May 12, 2006
Of Counsel:
ERICA A. FRANKLIN
Department of Justice

s/ Walter W. Brown
WALTER W. BROWN
Attorney
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Attorney for the United States

May 12, 2006

s/ W. Samuel Niece by s/ Walter W. Brown
W. SAMUEL NIECE
THELEN REID & PRIEST LLP.
225 West Santa Clara Street, 12th Floor
San Jose, CA 95113
Telephone: (408) 282-1842
Facsimile: (408) 278-8242

JAMES M. HALL
THELEN REID & PRIEST LLP
875 Third Avenue, 10th Floor
New York, NY 10022-6225
Telephone: (212) 603-2236
Facsimile: (212) 603-2001

Attorneys for Defendant-Intervenor
Raytheon Aircraft Company

May 12, 2006

s/ Bert C. Reiser by s/ Walter W. Brown

BERT C. REISER
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Attorney for Defendant-Intervenor
Carleton Life Support Systems, Inc.