IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>CARLETON LIFE SUPPORT SYSTEMS, INC.,<br><br>Defendant-Intervenor, and<br><br>RAYTHEON AIRCRAFT COMPANY,<br><br>Defendant-Intervenor. | ) | No. 04-0028C<br>Chief Judge Edward J. Damich |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT UNITED STATES TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)**

Pursuant to the Court's Order of May 8, 2006, Defendant, the United States ("the Government"), hereby submits Defendant's Opposition to Plaintiffs' Motion to Compel Defendant United States to Designate Witnesses Under RCFC 30(b)(6). As explained below, Defendants request that the Court deny Honeywell's motion to compel the Government to designate Topics 3, 6, and 7 of their 30(b)(6) notice, which all relate to the factual bases of the Government's defenses. Given (1) the legal complexities that are intertwined with the factual information sought by these topics and (2) the lack of factual information possessed by the Government (other than that possessed by its attorneys), contention interrogatories and expert

discovery are more appropriate means for Honeywell to obtain the requested information. For the same reasons, the Government requests that the Court also deny Honeywell's request for an award of costs and reasonable attorneys' fees.

Honeywell apparently also moves this Court to compel the Government to provide deposition dates and designees for Topics 1-2, 4-5, and 8-17. As part of ongoing discussions with Honeywell counsel that began prior to Honeywell's motion, the Government has now provided all designees and scheduled all of these depositions for May 2006. Accordingly, the Government considers this portion of Honeywell's motion to be moot.

## I. Statement of Facts

On November 4, 2005, Honeywell served its "Notice of Rule 30(b)(6) Deposition to the Government on Topics 1-17" that is the subject of its motion to compel. *See* Plaintiffs' Exhibit ("Pls.' Ex.") A. The notice included Topics 3, 6, and 7, which read as follows:

> 3. The factual bases underlying the Government's assertion that the oxygen systems identified in response to Topic 1 above do not infringe any asserted claims of the '331 patent or '256 patent, including the factual bases underlying the Government's response to Interrogatory 5.
>
> 6. For each claim of the patents-in-suit identified in the Joint Claim Construction Statement (including the charts attached thereto) and any amendments thereof, (1) the identity of each item of prior art (including any combinations of prior art) that you contend anticipates the claim or renders it obvious and the factual basis underlying that contention and (2) the factual basis underlying all other grounds of invalidity that you contend.
>
> 7. The factual bases underlying the Government's other asserted defenses, including the Government's assertion that the Government's alleged infringing activities are authorized and licensed.

In its objections, which were timely served on November 21, 2005, the Government

specifically objected to each of these topics (1) " to the extent that it calls for a legal conclusion" and (2) on the grounds that each of these topics would be properly addressed by an interrogatory. Pls.' Ex. B at PE-18-20. With regard to the latter objection, the Government specifically indicated that: (1) Topic 3 "seeks the same information sought by Honeywell's Interrogatory No. 11"; (2) Topic 6 "seeks the same information sought by Honeywell's Interrogatory No. 12"' and (3) Topic 7 "would only be properly addressed only via an interrogatory." *Id.*

Subsequently, the Government served "Defendant's Responses to Honeywell's Second Set of Interrogatories (Nos. 10-13) to the United States" on December 19, 2005. Interrogatory No. 11 calls for the Government to state "in detail" for each asserted claim of the patents-in-suit, how the structure or operation of each identified accused product/system "allegedly differs from each of the elements or limitations of such claim." Pls.' Ex. E at PE62. In response, the Government submitted Appendix I, a 23-page document that details the Government's non-infringement contentions. *Id.* at PE63, 69-91. The document only references Carleton source code documents (relating to the accused Carleton products) that have been provided to counsel on a limited outside-attorneys'-eyes-only basis. Defendant's ("Def.'s") Ex. 1.

Similarly, Interrogatory No. 12 requests that, for each asserted claim, the Government "identify (1) each item of prior art (including any combinations of prior art) that anticipates the claim or renders it obvious, (b) whether each item anticipates the claim or renders it obvious, (c) where, specifically within each item of prior art, each element of the claim is found; and (d) all grounds of invalidity other than anticipation or obviousness of the claims." Ex. E at PE64. In response, the Government submitted Appendices II, III, and IV. *Id.* at PE65, 92-133.

Appendix II is a 20-page document that discloses the Government's identified prior art

relating to anticipation and obviousness for each asserted claim. *Id.* at PE92-111. For each prior art document cited, the Government specifically indicated whether the document anticipates or makes obvious the asserted claim. *Id.* Only one Government production document, a 1980 published thesis of Air Force Captain Thomas Horsch, is cited. *See, e.g., id.* at PE99; Def.'s Ex. 2 (cover pages for Horsh publication). In the same vein, Appendix III is an 18-page document that discloses the Government's identified combinations of prior art for obviousness for each asserted claim. *Id.* at PE112-29. Again, the Horsch article is the only Government production document that is cited. Finally, Appendix IV, a four-page document, provides the Government's presently asserted grounds for invalidity other than anticipation or obviousness for each asserted claim and specifically recites allegations of invalidity under (1) the on-sale bar and (2) under 35 U.S.C. § 112(6), for failure to disclose a corresponding structure for a means-plus-function claim element. *Id.* at PE130-33.

Prior to the service of these interrogatory responses, the parties held a status conference on December 12, 2005, in which all parties indicated their desire to "continue with settlement negotiations and minimal discovery" through the end of February 2006. *See* Court's Order dated December 19, 2005. The parties subsequently jointly moved to amend the scheduling order again and extended the discovery deadline to April 28, 2006. The motion indicated that the parties had "engaged in substantive settlement negotiations and all parties agree that additional time for negotiations would be helpful toward settlement." Docket No. 81 at 1.

During this period of settlement negotiations, Honeywell did not indicate its desire to proceed with its 30(b)(6) depositions until March 30, 2006. Def.'s Ex. 3. Prior to the filing of its motion to compel on April 28, 2006, Honeywell never indicated that the Government's responses

to its contention interrogatories were "incomplete."

## II. Argument

### A. In This Case, Contention Interrogatories Are A Preferable Means For Discovery That Is Directed To The Factual Bases For The Government's Infringement Contentions And Its Invalidity Defenses.

Faced with similar situations, this Court has previously stated in *Exxon Research and Eng'g Co. v. United States,* 44 Fed. Cl. 597, 601 (1999) (citing *United States v. Taylor*, 166 F.R.D. 356, 362 n.7) that "[w]hether a 30(b)(6) deposition or contention interrogatories are more appropriate is decided on the facts of each case." This decision turns on whether a 30(b)(6) deposition or contention interrogatory "would yield the most reliably and in the most cost-effective, least burdensome manner information that is sufficiently complete to meet the needs of the party and the court. . . ." *Id.* at 602 (quoting *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 286 (N.D. Cal.), *rev'd in other part*, 765 F. Supp. 611 (N.D. Cal. 1991). *See also* RCFC 26(b)(2).

In patent cases, courts have recognized that some discovery inquiries are more appropriately answered through contention interrogatories when the factual bases of contention involve complex judgments about the relationship of "(1) evidence/facts/events in the real world (outside litigation), (2) 'claims' as particularly set forth in the patent in issue and in other patents or other material presented to the patent office, and (3) principles of intellectual property law set forth in statutes and in judicial opinions." *McCormick-Morgan,* 134 F.R.D. at 287 (noting that "'the bases for contentions' really consists of *quasi-legal* argument"). *See also Taylor*, 166 F.R.D. at 361 n.7. Undoubtedly, Honeywell's Topics 3, 6, and 7 call for highly technical

information and for relating that information to complex issues of patent law.[1]

In rebuttal, Honeywell relies principally on *De Graffenreid v. United States,* 2 Cl. Ct. 640, 644 (1983) for the proposition that "[a] party cannot evade oral depositions merely by soliciting written interrogatories."[2] Pls.' Mem. at 4.[3] Though involving a patent litigation, the issues in *De Graffenreid* differ greatly from the issues raised by Honeywell. *De Graffenreid* involved the fact deposition of the inventor of the patent-in-suit who refused to answer factual questions about his own patent. *Id.* at 643-44.

In contrast, the technical information in this case has not been drawn from documents produced by the Government or the testimony of Government witnesses. The products accused of infringement are manufactured by Carleton and, as shown in Defendant's interrogatory responses, the key product documents are (1) possessed by Carleton and (2) can only be provided to the Government's outside counsel. With regard to all of its defenses, the Government is relying almost entirely on publicly available prior art and internal, restrictively marked

---

1 Honeywell attempts to draw a distinction between the contentions underlying the Government's defenses and claim construction contentions (which were at issue in *Exxon*) and argues that only the latter is "undeniably a question of law." Plaintiffs' Memorandum ("Pls.' Mem.") at 8. This argument, however, is extremely weak given that all of the Government's defenses, including its non-infringement and invalidity defenses, are based on the Government's legal interpretation of the claims because there has not yet been a claim construction ruling in this case.

2 Honeywell also cites the unpublished decision of *Canal Barge Co. v. Commonwealth Edison Co.,* 2001 U.S. Dist. LEXIS 10097, *5 (N.D. Ill. Jul. 18, 2001) for the proposition that generally "inquiry regarding a corporation's legal positions is appropriate in a Rule 30(b)(6) deposition." However, this case relates to legal positions in a contractual dispute, and the court also acknowledged that "some inquiries are better answered though 'contention interrogatories' when the questions involve complicated legal issues." *Id.* at *1-2, 5.

3 Honeywell also relies on *Security Ins. Co. of Hartford v. Trustmark Ins. Co*, 218 F.R.D. 29, 34 (D. Conn. 2003) for the proposition that "nothing precludes a deposition in lieu of or in conjunction with" contention interrogatories. But this case is distinguishable, given that the refusing party in that case withheld the requested deposition testimony under the attorney-client privilege. *See* Pls.' Mem. at 4 (presenting similar arguments). The Government has made no

Honeywell documents. So, excluding its counsel, the Government has no party knowledge about the factual bases of its contentions, and, contrary to Honeywell's assertions, does not have "better access to the factual information than does Honeywell." Pls.' Mem. at 8.

Thus, compelling the Government to submit designees for Topics 3, 6, and 7 would be unduly burdensome and disruptive in that it would improperly require the deposition of Government attorneys or the preparation of lay witnesses to testify regarding information entirely derived from attorneys.[4] A more appropriate method for gaining such information by deposition would be through expert depositions, following the submission of expert reports on the relevant legal contentions.

### B. The Government Was Not Required To Move For A Protective Order In Response To Topics 3, 6, and 7.

Honeywell additionally argues that the *Exxon* case is distinguishable because, unlike that case, the Government "has not moved for a protective order . . . ." Pls.' Mem. at 6. Citing *Fondren v. Republic Am. Life Ins. Co.*, 190 F.R.D. 597, 600 (N.D. Okla. 1999), Honeywell argues that the burden was on the Government to seek a protective order. The *Fondren* case, however, involved a party that instructed a witness not to answer allegedly harassing deposition questions under Fed. R. Civ. P. 30(d)(1), but did not present a motion for protective order under Fed. R. Civ. P. 30(d)(3), which the Court found that the rules required. 190 F.R.D. at 600.

In this case, it was unclear that the Government needed to seek a protective order. When

---

such assertion of privilege.

4 Honeywell also argues that the Government is in a position to "know what licenses or other authorization it has, if any, to use the accused products." Pls.' Mem. at 8. As noted in its objections to the 30(b)(6) notice, the Government is not aware of any "licenses or other authorization" that it has been granted from Carleton, the manufacturer of the accused products, or from any other party. Pls. Ex. B at PE20-22. Nevertheless, the Government's investigation of

the Government completed its investigation and served its responses to Honeywell's contention interrogatories, the parties were engaged in settlement negotiations, and Honeywell was not actively seeking any 30(b)(6) depositions. Once Honeywell began pursuing these depositions at the beginning of April 2006, the Government informed Honeywell counsel by e-mail of its position on Topics 3, 6, and 7, and its understanding of the relevant law. Pls.' Ex. C at PE30 (citing *Exxon*). Rather than rebut the Government's legal position in the "meet and confer" process, Honeywell instead filed a motion to compel. Prior to filing, Honeywell never indicated that it disagreed with these assertions. Under these facts, there is no basis for granting Honeywell's motion to compel on the grounds that the Government was required to seek a protective order at some earlier date.

### C. Government's Interrogatory Responses Are Not Incomplete And Do Not Warrant 30(b)(6) Depositions On Topics 3, 6, and 7.

Honeywell also argues, for the first time, that the Government has provided incomplete answers to its interrogatories. Pls.' Mem. at 9. With regard to Interrogatory 5, which was directed to the Government's non-infringement contentions, Honeywell notes that the Government answered "only by parroting the language of some of the patent claims." *Id.* Nevertheless, the Government served this answer on December 15, 2004, at the very earliest stages of discovery. Pls.' Ex. D at PE49. Almost exactly a year later, on December 19, 2005, the Government responded to Interrogatory No. 11 and provided Appendix I, which provides very detailed information on the Government's non-infringement contentions. Pls.' Ex. E at PE69-91.

Honeywell also notes that the Government indicated that its response to Interrogatory No. 11 was "not exhaustive" and therefore not complete. However, this response made clear that

---

licensing defenses relating to the remaining patents-in-suit continues.

"[t]he Government continues to consider, review, and evaluate additional non-infringement positions." *Id.* at PE63. This position is understandable given that this case is in the early stages of discovery and a claim construction ruling has not been issued by the Court. *Id.*

Similarly, Honeywell further argues that the response to Interrogatory No. 12 is incomplete in that the Government has provided "no explanation" as to the factual basis for how the cited documents "anticipate the patents or how they could be combined to support the obviousness contentions." Pls.' Mem. at 10. Nor, according to Honeywell, "has the Government provided the factual basis for its contention that these items constitute prior art . . . ." *Id.*

But, in its objections to this interrogatory, the Government made clear that its contentions were not based on "any determinative claim construction positions," given that "the Court has yet to construe the asserted claims." Pls.' Ex. E at PE64. Similarly, the Government cannot further elaborate on the prior art status of the cited documents given that it "lacks substantive information on Honeywell's contentions or priority and effective filing dates for any of its claims." *Id.* Thus, it is not clear what additional factual information could be provided in response to Interrogatory No. 12 at this early stage of discovery.

Citing the *Exxon* case, Honeywell generally asserts that interrogatories are "frequently ineffective in gaining full responses." Pls.' Mem. at 9. In *Exxon*, however, Exxon filed for a motion for a protective order and represented that it would respond to contention interrogatories, but it had not yet submitted responses. 44 Fed. Cl. at 601. In this case, the Government has already served detailed interrogatory responses, even though a claim construction ruling has not been issued. Thus, the uncertainty of receiving complete responses has already been removed.

### D. Honeywell Is Not Entitled To An Award Of Its Costs And Reasonable Attorney's Fees Under RCFC 37(a)(4)(A).

Honeywell also moves this Court to award costs and reasonable attorneys' fees under RCFC 37(a)(4)(A). Under this provision, however, an award cannot be made if "the court finds that that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified . . . ." *Id.* As noted above, Honeywell chose to file this motion without responding to the Government's legal position based on the *Exxon* case. Moreover, the governing law, including *Exxon*, makes clear that the Government's position is justified. Accordingly, Honeywell's request for costs and attorneys' fees should be rejected.

## III. Conclusion

For the reasons stated above, Defendants respectfully request that this Court deny Honeywell's motion to compel as well as its request for costs and reasonable attorneys' fees.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/Walter W. Brown
WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Of Counsel:
ERICA A. FRANKLIN

Dated: May 15, 2006

Attorneys for the United States