# EXHIBIT B

LEXSEE

**In Re SULFURIC ACID ANTITRUST LITIGATION**

**MDL Docket No. 1536, Case No. 03 C 4576**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2005 U.S. Dist. LEXIS 17420; 2005-2 Trade Cas. (CCH) P74,938*

**August 19, 2005, Decided**
**August 19, 2005, Filed**

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part, Motion to strike denied by *In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 2005 U.S. Dist. LEXIS 18265 (N.D. Ill., Aug. 26, 2005)*

**PRIOR HISTORY:** *In re Sulfuric Acid Antitrust Litig., 2004 U.S. Dist. LEXIS 6194 (N.D. Ill., Apr. 8, 2004)*

**COUNSEL:** **[*1]** For Ohio Chemical Services an Ohio corporation, Independent Chemical Corp, National Alum Corporation a Texas corporation, Old Bridge Chemicals, Inc. a New Jersey corporation, AG RX a California corporation, Plaintiffs: Mary Jane Edelstein Fait, Adam J. Levitt, Wolf, Haldenstein, Adler, Freeman & Herz LLC, Chicago, IL.

For E.I. du Pont de Nemours and Company, Inc., Defendant: Edward M. Ordonez, Hugo Chaviano, Sanchez & Daniels, Chicago, IL.

For Falconbridge Ltd., Defendant: David C. Gustman, Jill Christine Anderson, Freeborn & Peters, Chicago, IL.

For Noranda, Inc., Norfalco, LLC, Defendants: Jeffery Moore Cross, Jill Christine Anderson, Freeborn & Peters, Chicago, IL.

For Pressure Vessel Services, Inc., Defendant: Michael H. Cramer, Adam R Chiss, Michael David Richman, Sachnoff & Weaver, Ltd., Chicago, IL; K Scott Hamilton, Dickinson Wright PLLC, Detroit, MI.

For GAC Chemical Corporation, Defendant: Dylan Smith, Verrill Dana LLP, Portland, ME.

For Marsulex, Inc., Chem Trade Logistics (U.S.), Inc., Defendants: R. Mark McCareins, Andrew David Shapiro, Edward L. Foote, Todd Jay Ehlman, William Charles O'Neil, Winston & Strawn, Chicago, IL.

For Intertrade **[*2]** Holdings, Inc., Defendant: Matthew Patrick Connelly, Cory D Anderson, William Edward Snyder, Connelly, Roberts & McGivney, Chicago, IL.

For Koch Industries Inc., Defendant: Joel Gerald Chefitz, Todd Lawrence McLawhorn, Howrey Simon Arnold & White, LLP, Chicago, IL.

For Service List: John Reid Malkinson, Malkinson & Halpern, P.C., Chicago, IL; Mary Jane Edelstein Fait, Wolf, Haldenstein, Adler, Freeman & Herz LLC, Chicago, IL; Michael Gerard Bruton, Ross, Dixon & Bell, L.L.P., Chicago, IL; Susan G Kupfer, Glancy & Binkow LLP, San Francisco, CA.

**JUDGES:** Magistrate Judge Cole.

**OPINIONBY:** Cole

**OPINION:**

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Defendants, E.I. Du Pont de Nemours and Company, Noranda, Inc., Falconbridge Limited, and Norfalco LLC ("defendants"), have moved to compel a second round of Rule 30(b)(6) depositions of all named plaintiffs. The plaintiffs have objected on various grounds, including the defendants' failure to have obtained leave of court prior to the issuance of the 30(b)(6) notices. The relevant facts are these.

Plaintiffs filed their Consolidated Amended Class Action Complaint on September 5, 2003, alleging that the defendants engaged in a conspiracy **[*3]** to raise, fix, maintain or stabilize the price of sulfuric acid in the

United States in violation of Section 1 of the Sherman Act, *15 U.S.C. § 1*. On October 14, 2003, the defendants issued deposition notices pursuant to *Rule 30(b)(6)*. Federal Rules of Civil Procedure, to all plaintiffs. The notices initially listed fifteen topics that were to be covered in the depositions. Ultimately, the number was reduced to seven. The named plaintiffs were deposed between November 14, 2003, and December 11, 2003. A Second Amended Class Action Complaint was filed on May 24, 2004, and a year later leave was sought leave to file a Third Amended Class Action Complaint. That motion is pending before Judge Coar.

On June 3, 2005, DuPont issued a second Rule 30(b)(6) notice of deposition to all named plaintiffs and attached a list of seven topics to be covered. n1 The additional depositions were necessitated, DuPont said, by the filing of the Second Amended Class Action Complaint in late May 2004. On June 16th, counsel for the plaintiffs wrote to Mr. Sitarchuk objecting to the notices of deposition and informing him that "we will not be producing witnesses on the dates you have noticed. **[*4]** " (Defendants Motion to Compel, Ex. E). n2 One of the sixteen "General Objections" raised by the plaintiffs was that the defendants had not obtained leave of court to take a second set of Rule 30(b)(6) depositions, as required by *Rule 30(a)(2)(B)*. (Defendants Motion to Compel, Ex. E at P9). n3

n1 The currently noticed topics have been categorized by the defendants as follows: three topics address competition in the market during the period Noranda DuPont LLC was in operation; one addresses competition during the period that the NorFalco LLC (the successor to the Noranda DuPont LLC) has been in operation; one is directed at plaintiffs' allegations concerning certain so-called "zone contracts" between Falconbridge Limited and its distributors and resellers that existed in 1996-97; and the remaining two relate to plaintiffs' investigations of and bases for their allegations of antitrust violations.

n2 Attached to the letter were plaintiffs' formal objections. They are in essence an iteration of *Rule 26(b)(2)*. Among them were: the deposition topics are unreasonably cumulative and duplicative of those in the October 14, 2003 notices of deposition; the topics are improper under *Rule 30(b)(6)* in that they seek to elicit their contentions and legal theories; they seek information that is either not known and/or not reasonably available to the designated plaintiffs; they require the plaintiffs to marshal all of their factual proof in support of their claims and in opposition to defendants' defenses; the discovery sought is obtainable from other sources or discovery devices that are more convenient, more efficient, less burdensome and less expensive. The sixteen General Objections were incorporated by number in the seven paragraphs of "Specific Objections."

**[*5]**

n3 In addition, plaintiffs objected that the topics were duplicative of those addressed at the earlier deposition and that they involved legal theories and the activities of their counsel in the case.

**ANALYSIS**

**A**

Of course, where pleadings change, the theory of the case can also change -- often quite drastically-- necessitating further additional discovery, including additional depositions of previously deposed witnesses. *McCann v. Frank B. Hall & Co., 109 F.R.D. 363, 368 (N.D.Ill. 1986)*(Nordberg, J.). n4 But a party's right to conduct such discovery is neither absolute, automatic, nor self-determinable. Rather, it is governed by *Rule 30(a)(2)(B)*, which provides that a party may take the testimony of any person without leave of court unless "the person to be examined has already been deposed in the case."

n4 In *McCann,* the belated attempt to add additional claims converted a simple $ 300,000 breach of contract action into a high-stakes tort action, with punitive damages of $ 2 million. Judge Nordberg, understandably, concluded that it was "too late in the litigation to change the entire orientation of the case. . . ." *Id. at 367.*

**[*6]**

The defendants contend that they had no obligation to obtain leave of court to conduct a second set of *Rule 30(b)(6)* depositions. In their view, *Rule 30(a)(2)(B)* does not apply to *Rule 30(b)(6)* depositions, especially where the second deposition relates to different topics than the first. The argument ignores the text, history, and purpose of the 1993 Amendment to *Rule 30*.

The Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc., 313 F.3d 385, 392 (7th Cir. 2002), cert. denied, 540 U.S. 1068, 157 L. Ed. 2d 732, 124 S. Ct. 803 (2003)*, are to be accorded "their plain

meaning. . . and generally with them, as with a statute, 'when we find the terms. . . unambiguous, judicial inquiry is complete. . . .'" *Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 123, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989)*. The language of *Rule 30(a)(2)(B)* is neither vague nor fluid. Indeed, it could not be plainer: a party "*must* obtain leave of court" to take a second deposition "*if. . . the person to be examined already has been deposed in the case*". (Emphasis supplied). What Justice Holmes said long ago is an appropriate guide **[*7]** for decision: "the words of the statue are peremptory and must be obeyed. We do not apprehend any serious consequences, in view of the date of the change. But, whatever the consequences, we must accept the plain meaning of plain words." *United States v. Brown, 206 U.S. 240, 244, 51 L. Ed. 1046, 27 S. Ct. 620, 42 Ct. Cl. 534 (1907)*.

Of course, the Rule directs that leave to take a successive deposition "shall" be granted, but only if the *court* -- not an inevitably self-interested party -- determines that the requested discovery is "consistent with the principles stated in *Rule 26(b)(2)*" -- that is, whether it is unreasonably cumulative or duplicative, is obtainable from an alternative more convenient or less burdensome source, whether the party "seeking discovery" had ample opportunity by discovery to obtain the information sought or whether the burden of proposed discovery outweighs its likely benefit.

It is no answer to say that where there has been an amendment to a complaint, discovery is often allowed. "General propositions do not decide concrete cases," *Lochner v. New York, 198 U.S. 45, 76, 49 L. Ed. 937, 25 S. Ct. 539 (1905)*(Holmes, J., dissenting), n5 and the fact that a party may ultimately be able to persuade **[*8]** a judge to allow successive depositions has absolutely nothing to do with the obligation to seek in the first instance a court's permission to take a deposition of a "person" who has once been deposed.

n5 *See also Daubert v. Merrell Dow, 509 U.S. 579, 598, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993)*(Rehnquist, C.J., concurring in part and dissenting in part)("'general observations'" suffer from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract.").

The defendants here issued their second *Rule 30(b)(6)* subpoenas without leave of the court, despite the unambiguous requirement of *Rule 30(a)(2)(B)*. The notices and subpoenas are thus invalid. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001)*; *see also Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002)* (denying motion seeking leave to re-depose a party for failure to comply with *Rule 30(a)(2)(B)*).

**B [*9]**

Nothing in Judge Nordberg's opinion in *McCann v. Frank B. Hall & Co., Inc., 109 F.R.D. 363 (N.D.Ill. 1986)* suggests, let alone compels, a contrary result. The issues implicated by *Rule 30(a)(2)(B)* were not involved in that case. Rather, the issue was whether the defendant would be prejudiced if the court allowed the plaintiff to file an amended complaint on the eve of the close of discovery that would convert the suit from a simple breach of contract case into a substantial "tort action with high stakes...." *Id. at 368*. It was in this context that Judge Nordberg said that where an amendment significantly changes the complaint, depositions which have already been taken "may" have to be repeated to pursue these additional claims." *Id.* Judge Nordberg did not address the question of whether leave of court is necessary to take a second *30(b)(6)* deposition. n6

n6 If the third amended complaint substantially changes the case, *McCann* would appear to counsel against Judge Coar's allowing the amendment. If it does not, the argument for additional discovery would tend to lose much of its force.

**[*10]**

Nor do the other cases defendants cite excuse their failure to comply with *Rule 30(a)(2)(B)*. In *Cohn v. Taco Bell Corp., 1993 U.S. Dist. LEXIS 15387, No.91 C 5852, 1993 WL 451463 (N.D.Ill.Nov. 1, 1993)*, there was no issue raised under that Rule, and thus the case is not controlling. n7 The question, which was considered under *Rules 45(c)(3)(A)(iv)* and *26(b)(2)(ii)*, was whether a non-party witness could be redeposed following the post-deposition disclosure of the witness's secret taping of the plaintiff, which led to an amendment to the complaint. The court concluded that he could and that the defendant's motion to quash should be denied. The court did at least mention the Rule in *Collins v. International Dairy Queen, 189 F.R.D. 496 (M.D.Ga. 1999)*, but that was because the defendants properly requested supplemental depositions before a special master. *Id. at 496-98*.

n7 Prior cases have precedential value only when there has been a deliberative consideration of the issue at hand. *See City of Kenosha v. Bruno, 412 U.S. 507, 512-13, 37 L. Ed. 2d 109, 93 S. Ct. 2222 (1973)*("But in none of the three opinions in Holmes was the issue of whether or

not a municipality is a person within the meaning of *§ 1983* discussed."); *Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090 (3d Cir. 1976)* ("The challenge raised in this appeal was not presented to the court in those cases. Thus, it cannot be said that we have considered, adjudicated and set forth a holding regarding the duality problem."); *United States v. Bohle, 445 F.2d 54, 65 (7th Cir. 1971)*("However, there was apparently no challenge to the admission of this evidence...We think it clear that Becker was not intended to, and did not, resolve the question of the admissibility of records of mental diagnoses. Thus, we must approach it as an issue of first impression in this court.").

**[*11]**

That leaves *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH, 212 F.R.D. 313 (E.D.N.C. 2002)*. There, following an initial *30(b)(6)* deposition of the defendant, the plaintiff, without leave of court, served a second *Rule 30(b)(6)* notice. When the defendant failed to appear, the plaintiff moved to compel the second deposition. In granting the motion, the court concluded that prior judicial approval for a second deposition was not necessary in a *Rule 30(b)(6)* context, since "*Rule 30(b)(6)* depositions are different from depositions of individuals." *Id. at 319*. The sole support for this conclusion was the Advisory Committee Notes to the 1993 Amendment to *Rule 30* in which the Committee noted that "[a] deposition under *Rule 30(b)(6)* should, *for purposes of* [calculating the ten deposition limitation of *Rule 30(a)(2)(A)*], be treated as a single deposition even though more than one person may be designated to testify." (Emphasis supplied). But it hardly follows from this that 30(b)(6) depositions should, "for [other] purposes," also be treated "differently from depositions of individuals."

The Advisory Committee's explanation of why **[*12]** *Rule 30(b)(6)* depositions were to be treated differently from individual depositions for "purposes of' the ten deposition rule, is readily apparent. As the instant case demonstrates, *Rule 30(b)(6)* deposition notices routinely specify a number of topics of inquiry, which often necessitate the designation of multiple witnesses. The more complex the case, the greater the number of topics to be explored during the deposition and the greater number of witnesses. If each witness were counted separately, aparty could easily exhaust the number of allowable depositions in one or two Rule 30(b)(6) depositions. The Advisory Committee Notes make clear that the drafters intended to avoid that problem by counting a 30(b)(6) deposition as a single deposition, regardless of how many individuals were required to be designated to comply with a 30(b)(6) notice.

There is nothing in the text, history, or purpose of *Rule 30* that supports the conclusion that "for purposes of' the prior judicial approval requirement for successive depositions, Rule 30(b)(6) depositions should be treated differently from depositions of individuals. The dissimilar treatment approved by *Quality Aero Technology* is inconsistent **[*13]** with *Rule 30*'s overall treatment of corporations and individuals. For example, the general requirements for noticing of depositions apply equally to individual and corporate deponents. Each is entitled to the same reasonable advance notice under *Rule 30(b)(1)*; each is entitled to advance notice if the deposition is to be videotaped (*Rule 30(b)(2)*); and production of documents may be sought in the deposition notices in each case. Not surprisingly, one of the leading treatises on federal practice has concluded that "the rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to *Rule 30(b)(6)*). Even though a party may be deposing a different corporate representative, it is still seeking a 'second' deposition of the entity." 7 *Moore's Federal Practice, § 30.05[1][c]* at 30-30.3 (3d ed. 2005). n8

n8 In this case, the same individuals will be testifying on behalf of the corporate plaintiffs who testified previously.

Apart from the absence **[*14]** of any textual support in *Rule 30* for treating successive depositions of corporations differently from those of previously deposed individuals, dissimilar treatment is inconsistent with the goals subserved by the 1993 Amendment to *Rule 30*, with its "strong interventionist approach to discovery regulation." Under the traditional non-interventionist approach, judicial intervention into the discovery process was relatively limited; under the 1993 Amendment, in contrast, the court is invested with substantial authority to control the formal discovery process from the outset, and to do so "on the basis of broadly phrased directives. More significantly, the inertia of the process has been largely altered: the court must affirmatively allow discovery beyond specified limits before it can take place." 7 Moore's Federal Practice, § 30 App.102[3] at 30 App.-36 (2004). These considerations are as applicable in the context of successive 30(b)(6) depositions as they are in the context of successive depositions of individuals.

Construction, no doubt, is not a mechanical process and there may inevitably be "some retrospective infusion so that the line between interpretation and substitution is **[*15]** sometimes thin. But there is a difference between reading what is and rewriting it." *Shapiro v. United*

*States, 335 U.S. 1, 43, 92 L. Ed. 1787, 68 S. Ct. 1375 (1948)* (Frankfurter, J., dissenting). As Justice Cardozo said, "we are not at liberty to revise while professing to construe." *Sun Printing & Publishing Association v. Remington Paper & Power Co., 235 N.Y. 338, 346, 139 N.E. 470 (1923)*. But that is what *Quality Aero Technology* has done. Under its construction, *Rule 30(a)(2)(B)* in essence, reads: "A party must obtain leave of court to take a second or successive deposition of any previously deposed individual. This Rule does not apply to successive Rule 30(b)(6) depositions, which do not require leave of court." If the drafters of *Rule 30* wanted it to exclude Rule 30(b)(6) deponents from the ambit of *Rule 30(a)(2)(B)*, they would have said so. At a minimum, there would have been some indication in the Advisory Committee Notes that that was their intent. There is none.

Finally, *Quality Aero Technology*'s construction of Rule 30 leads to anomalous results -- which, as Judge Posner has said, is a reason for rejecting a particular statutory construction. *See Zapata Hermanos Sucesores, 313 F.3d at 388*. **[*16]**

*Rule 30(a)* provides:

> (a) When Depositions May Be Taken; When Leave Required
>
> > (1)A party may take the testimony of *any person*, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). . . .
> >
> > (2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),. . . if, without the written stipulation of the parties,
> >
> > * * *
> >
> > (B) the *person* to be examined already has been deposed in the case. . . .

(Emphasis supplied).

As used in *30(a)(1)*, "person" necessarily includes corporations and individuals. Any other reading would be nonsensical, for it would mean that a corporation could not be deposed even once without court approval, while an individual could. This would not only give a greater measure of protection to corporations than to individuals, but in addition, would require the very judicial involvement in the first instance that *Quality Aero Technology* held was unnecessary after the first deposition. Since, *Quality Aero Technology* held that court approval is not required for successive 30(b)(6) depositions, it **[*17]** necessarily follows that the word "person," as used in *30(a)(1)*, has a different meaning than in *30(a)(2)(B)*: the former includes both individuals and corporations, while the latter includes only individuals -- at least that is the inevitable result of acceptance of *Quality Aero Technology's* reading of the Rule.

However, there is no basis to attribute to the drafters of the Rule an intent to use the same word in the same Rule, within a few lines of each other, to mean different things. Such a reading would be at odds with the "presumption that a given term is used to mean the same thing throughout a statute" -- a presumption that is "surely at its most vigorous when a term is repeated within a given sentence." *Brown v. Gardner, 513 U.S. 115, 118, 130 L. Ed. 2d 462, 115 S. Ct. 552 (1994). See also Inyo County, California v. Paiute-Shoshone Indians of the Bishop Community, 538 U.S. 701, 710, 155 L. Ed. 2d 933, 123 S. Ct. 1887 (2003).* n9 "'To give the same words a different meaning for each category would be to invent a statute rather than interpret one.'" *Pasquantino v. United States, _U.S._, 161 L. Ed. 2d 619, 125 S.Ct. 1766, 1773 (2005)*. Such a reading would also be at odds with the almost undeviating definition in **[*18]** statutes of "person" as "include[ing] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." *1 U.S.C. § 1*. Just as Congress legislates with knowledge of the basic rules of statutory construction, *Rowland v. California, 506 U.S. 194, 201, 121 L. Ed. 2d 656, 113 S. Ct. 716 (1993)*, so too do the drafters of the Federal Rules of Evidence.

> n9 *Quality Aero Technology* did not address this question or the policy question of what purpose is to be served by allowing a succession of Rule 30(b)(6) depositions.

**D**

The First Circuit's decision in *Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st Cir. 2001)* makes clear that prior judicial approval is required for multiple depositions, whether they be of corporations or individuals. There, one of the defendants was deposed

through two witnesses pursuant to Rule 30(b)(6) deposition notices. A year later, the plaintiff served a second Rule 30(b)(6) subpoena **[*19]** to that defendant. The district court held that the issuance of the second subpoena without leave of court was improper and granted a motion for protective order. The First Circuit affirmed, holding that "because this second Rule 30(b)(6) subpoena was issued to [defendant] GEAE without leave of the court, it was invalid." *Id. at 192.*

*Quality Aero Technology* attempted to distinguish *Ameristar Jet* on the basis that it was "a predictable result of the standard of review" that precludes reversal unless the district court's decision was "plainly wrong." *212 F.R.D. at 319.* If *Quality Aero Technology* is right that leave of court is not required for successive 30(b)(6) depositions, then the district court in *Ameristar Jet Charter was* "plainly wrong," and the First Circuit would have been required to reverse. But that is not what happened. Thus, I cannot agree either with *Quality Aero Technology's* conclusion that prior judicial approval is only required for successive individual depositions, or with its conclusion that, "properly read," *Ameristar Jet Charter* applies "only to the specific facts before the Massachusetts court." *212 F.R.D. 313 at 319 (2002).* **[*20]**

The Federal Rules of Civil Procedure are to be construed and administered to secure the just, speedy, and inexpensive determination of every action. *See Rule 1.* They are not, however, to be ignored. Conformity with the Rules is especially important in a complex, multi-district anti-trust case like this, involving, as it does, six plaintiffs and ten defendants, represented by some two dozen attorneys.

For the foregoing reasons, the defendants' motion to compel Rule 30(b)(6) depositions of all named plaintiffs [# 155] is DENIED.

If Judge Coar grants the motion to file the Third Amended Class Action Complaint, it may well be that additional discovery will be required. But there will be time enough to deal with that eventuality should it occur.

**DATE:** 8/19/05

**ENTERED:**

**UNITED STATES MAGISTRATE JUDGE**