Electronically Filed on 5/22/06

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**HONEYWELL NORMALAIR-GARRETT HOLDINGS, LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant, and**

**CARLETON LIFE SUPPORT SYSTEMS, INC.,**

**Defendant-Intervenor, and**

**RAYTHEON AIRCRAFT COMPANY,**

**Defendant-Intervenor.**

**No. 04-0028C**

**Judge Edward M. Damich (Trial)**

**PLAINTIFFS' REPLY TO DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CARLETON TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)**

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900; Fax: (703) 770-7901

OF COUNSEL:
Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900; (703) 790-7901 (fax)
Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings, Ltd.,
Honeywell Aerospace UK and Honeywell International Inc.

Dated: May 22, 2006

# TABLE OF CONTENTS

Page

**I. SUMMARY OF REPLY .......... 1**

**II. ARGUMENT .......... 1**

**A. Prior To Honeywell's Motion To Compel, Carleton's Only Stated Ground For Failing To Designate Witnesses On Topics 6-23 Was RCFC 30(a)(2)(B) .......... 1**

**B. Carleton's RCFC 30(a)(2)(B) Argument Misapplies The Case Law And Is Contrary To Common And Desired Discovery Practice .......... 3**

**C. Carleton's Other Arguments For Failing To Designate Witnesses On Topics 6-23 Are Meritless .......... 5**

**D. Carleton Has No Excuse For Withholding Its Testimony On Topic 3 .......... 7**

**1. Honeywell Did Meet And Confer With Respect To Topic 3 .......... 7**

**2. Carleton's Belated Arguments For Having Withheld Its Testimony On Topic 3 Are Meritless .......... 7**

**III. CONCLUSION .......... 9**

**PLAINTIFFS' REPLY TO DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CARLETON TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)**

## I. SUMMARY OF REPLY

To avoid designating witnesses in response to Honeywell's Topics 6-23, Carleton invites this Court to plow new ground by holding that RCFC 30(a)(2)(B) requires the Court's permission each time a discovery proponent wants to serve a discovery respondent with more than one notice seeking RCFC 30(b)(6) testimony. The precedent asserted for this new requirement is (i) not binding on this Court, (ii) limited to particular facts and circumstances not found here, and (iii) otherwise not well-reasoned and contrary to common and desired discovery practice. As detailed below, Carleton now asserts some new excuses for failing to designate witnesses on Topics 6-23 but those excuses are too late and, in any event, meritless.

With respect to Honeywell's Topic 3, Carleton offers no justification for having sandbagged Honeywell during Carleton's initial deposition in Davenport, Iowa last fall and belatedly asserts the Government's arguments for withholding testimony about the factual basis for its noninfringement contentions. Those arguments are addressed in Honeywell's opening and reply briefs for Honeywell's Motion To Compel Defendant United States To Designate Witnesses Under RCFC 30(b)(6).

## II. ARGUMENT

### A. Prior To Honeywell's Motion To Compel, Carleton's Only Stated Ground For Failing To Designate Witnesses On Topics 6-23 Was RCFC 30(a)(2)(B)

Prior to bringing its motion, Honeywell could not have been clearer in its invitation for Carleton to disclose any basis – in addition to Carleton's RCFC 30(b)(2)(B) argument – for refusing to designate witnesses on Honeywell's Topics 6-23. On April 20, 2006, after

Honeywell had told Carleton during extensive telephonic meeting and confer discussions that Honeywell would move to compel Carleton with respect to RCFC 30(b)(6) testimony, Honeywell sent an email to Carleton stating:

> This confirms that Carleton has very recently told us in meet and confer discussions that Carleton will not designate any witnesses in response to Honeywell's November 4, 2005 notice on the basis of its Rule 30(a)(2)(B) objection
>
> Yesterday, again during meet and confer discussions, ***Honeywell asked that Carleton promptly advise Honeywell whether it refuses to designate a witness on any particular topic on any ground -- other than its Rule 30(a)(2)(B) objection.*** Honeywell explained that it was preparing a motion to compel Carleton's designations (under Rule 37(a)(2)(B)) and wanted to address any other grounds for Carleton's refusing to designate witnesses at that time. ***In particular, Honeywell asked whether Carleton was refusing to designate witnesses for any notice topics which seek the factual bases of various contentions -- a position that Honeywell told Carleton will be the subject of a separate motion against the Government.***
>
> As I cautioned Jay, we much prefer to deal with these issues (if any) at once since it would be more efficient for the Court and ourselves.
>
> ***At this junction, unless Carleton alerts us to the contrary, we understand that Carleton's only asserted basis for failing to designate any witnesses is Carleton's Rule 30(a)(2)(B) objection and that while Carleton has other stated objections to Honeywell's November 4, 2005 notice -- none of these other basis have been advanced by Carleton as a basis for Carleton's failure to designate.***

(Exhibit 1, Honeywell's April 20, 2006 email to Carleton, emphasis added.) The next day, Carleton responded in an email to Honeywell on several outstanding discovery disputes and with respect to this dispute, Carleton did not identify any grounds than "improper notice" (*i.e.*, the RCFC 30(b)(2)(B) argument) for failing to designate witnesses on Topics 6-23. (Exhibit 2, Carleton's April 21, 2006 email to Honeywell.) Although Carleton invited Honeywell to continue to meet and confer on this dispute – Honeywell had already had several meet and confer

discussions about it and Carleton had neither budged nor offered any other justifications for refusing to designate.

**B. Carleton's RCFC 30(a)(2)(B) Argument Misapplies The Case Law And Is Contrary To Common And Desired Discovery Practice**

Carleton's RCFC 30(b)(2)(B) argument relies upon two decisions that are not binding precedent on the Court of Federal Claims and that do not apply to the facts here. With respect to the First Circuit's decision in *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001), the First Circuit limited its general applicability because the First Circuit's affirmance of the lower court's decision was "a predictable result of the standard of review" and was based on the appellate court's ruling that "we will intervene in such matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." *Quality Aero Technology, Inc. v. Telematrieekektronik, GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (quoting *Ameristar Jet*, 244 F.2d at 191). Moreover, the lower court's decision regarded a second Rule 30(b)(6) notice that was served a year after the completion of the first corporate deposition and the magistrate judge had already recommended partial summary judgment against the deposing party.

With respect to the magistrate judge's decision *In re Sulfuric Acid Antitrust Litigation*, MDL No. 1536, 2005 U.S. Dist. LEXIS 17420, * 11 (N.D. Ill. 2005), the magistrate adopted the non-binding First Circuit decision in *Ameristar Jet* because the magistrate did not see any reason for treating a corporate deponent differently than an individual deponent – other than for the purpose of counting depositions for compliance with Rule 30(a)(2)(A)'s ten deposition limit. Honeywell can offer several reasons based upon common and desired discovery practice. Multiple depositions of a corporation are often used:

- To explore the corporation's knowledge about interrogatory responses and documents provided by the corporation after an earlier corporate deposition. (In this case, Honeywell would use Carleton's second corporate deposition to explore incomplete interrogatory responses provided and documents produced by Carleton after Carleton's initial corporate deposition.)
- To explore the corporation's knowledge about events subsequent to an earlier deposition of the corporation. (In this case, Honeywell would use Carleton's second corporate deposition to explore Carleton's apparently unsuccessful or stalled efforts to obtain the Government's approval of its admitted attempts to design around the technology claimed in Honeywell's '256 and '331 patents.)
- To initially explore the corporation's knowledge about liability related topics and subsequently, after the potential liability is better understood, explore the corporation's knowledge about damages topics – enlighted by the prior liability testimony. (In this case, Honeywell would use Carleton's second corporate deposition to explore Carleton's knowledge on several damages-related topics.)
- To learn the corporate deponent's recordkeeping policies and procedures, serve written discovery requests based upon the corporate deponent's testimony, obtain responsive written and documentary responses that may be explored in pursuant to one or more additional corporate depositions.

In addition, because a corporation can select the most knowledgeable and appropriate individual's to provide its testimony on various noticed topics, multiple corporate deposition

notices are often favored over what otherwise might be more numerous and burdensome individual depositions.

This Court is not bound by and should not apply with respect to Honeywell's second RCFC 30(b)(6) notice to Carleton either the *Ameristar Jet* decision or the *Sulfuric Acid* decision. Not only would the result be inappropriate in this case, but it would encourage unnecessary discovery motions practice in this Court since other corporate discovery respondents would be motivated to attempt to avoid more than one corporate deposition solely on procedural grounds and without demonstrating that the more than one corporate deposition would be unduly burdensome.

**C. Carleton's Other Arguments For Failing To Designate Witnesses On Topics 6-23 Are Meritless**

As noted above, prior to Carleton's opposition brief, Carleton did not assert any argument – other than the RCFC 30(a)(2)(B) argument – as justification for failing to designate witnesses in response to Honeywell's Topics 6-23 and the Court should consider any other grounds waived. However, even if not waived, each of Carleton's new excuses for failing to designate on Topics 6-23 are meritless as follows:

- Carleton's argument that Topics 6-10 are duplicative of one or more of Honeywell's earlier noticed Topics 1-5 (Carleton Br. at 8-9) was addressed in Honeywell's opening brief at pages 9-11.
- Carleton's argument that "Honeywell fails to explain the scope and content of Topics 11-23 of the Second Notice, and fails to offer any justification as to why it must conduct depositions on these additional topics" (Carleton Br. at 9) ignores that, as the discovery respondent seeking to avoid discovery, it is Carleton's burden to show why the

facially relevant Topics 11-23 are improper subjects of Carleton's testimony.

- Carleton's argument that Honeywell failed "to meet and confer in good faith" with respect to Carleton's failure to designate witnesses in response to Topics 6-23 is simply outrageous in light of Honeywell's written request to Carleton to alert Honeywell about any basis – other than the RCFC 30(a)(2)(B) argument – for failing to designate. As noted above Honeywell even explained to Carleton that Honeywell "was preparing a motion to compel Carleton's designations . . . [and Honeywell] much prefer[s] to deal with these issues (if any) at once since it would be more efficient for the Court and ourselves." (Exhibit 1, Honeywell's April 20, 2006 email to Carleton.)
- Carleton's argument that Honeywell failed to consider RCFC 26(b)(2) considerations is unsupported by any evidence. Carleton has not carried its burden to deflect Honeywell's second RCFC 30(b)(6) notice on burdensomeness grounds by coming forth with any evidence of undue burden. (*See* Carleton Br. at 9-10) In Honeywell's judgment, a second RCFC 30(b)(6) deposition notice to Carleton is far less burdensome than forcing individual Carleton witnesses to provide testimony in response to non-corporate deposition notices.

### D. Carleton Has No Excuse For Withholding Its Testimony On Topic 3

#### 1. Honeywell Did Meet And Confer With Respect To Topic 3

Carleton's evasiveness on Honeywell's Topic 3 apparently has no limits. Having been sandbagged by Carleton's first designee, who, after having testified that he would respond to Honeywell's questions on Topic 3 (*see* Honeywell Br. at Exhibit B at 7:5-9), subsequently admitted that "upon advice of Counsel, [he] was not prepared to address [Topic] 3" (*see* Exhibit B at 260:12-21) – Carleton now claims that Honeywell should have met and conferred more on this issue prior to moving to compel Carleton. (Carleton Br. at 2.) However, Carleton cannot help but footnote that Honeywell did meet and confer at the time of the sandbagging and assert that such meet and confer is now "stale and out of time." (*Id*. at 2, n.2 and see Honeywell Br. at Exhibit B.) Moreover, what would further meet and confer have accomplished since it is now clear that Carleton is still fighting hard to avoid providing testimony responsive to Topic 3?

#### 2. Carleton's Belated Arguments For Having Withheld Its Testimony On Topic 3 Are Meritless

As an initial matter, Carleton waived its right to refuse to designate a witness on Topic 3 when Carleton invited Honeywell to Davenport, Iowa to depose Russell Hart on Topic 3 – only to be told at the end of the deposition that "upon advice of Counsel, [Mr. Hart] was not prepared to address [Topic] 3" (Honeywell Br. at Exhibit B at 260:12-21.)

Even if not waived, Carleton's arguments for failing to provide a designee on Topic 3 are meritless as follows:

- Carleton's argument that "[t]he 'factual bases' requested in Topic 3 are a subset of the same [information sought in] Topic 2" (Carleton Br. at 4) does not excuse Carleton from providing a witness on Topic 3 who, upon advice of Counsel, was not prepared to address Topic 3. If anything, it

shows that Topic 3 sought information that is entirely fair game in this case.

- Carleton's statement that "Honeywell [does not] deny that Carleton has fully responded to interrogatories seeking disclosure and explanation of its non-infringement positions" that are the subject of Topic 3 (Carleton Br. at 5) is unsupported. In fact, the contrary is true. Honeywell does deny that Carleton has fully responded to interrogatories seeking disclosure and explanation of Carleton's non-infringement positions – but that is irrelevant here since Honeywell's motion seeks to compel Carleton's testimony not supplementation of Carleton's incomplete interrogatory responses.
- Carleton's argument that Honeywell "will obtain the discovery it seeks [on Topic 3] . . . through expert discovery and Carleton's responses to contention interrogatories" (Carleton Br. at 5) finds no basis in Carleton's objections on Topic 3 (Exhibit 3, Carleton Life Support System, Inc.'s Objections To Honeywell's Substitute Notice Of Rule 30(b)(6) Deposition On Topics 1-5 at 7). To the extent that Carleton's belated objections on these grounds can be advanced at this late stage, they are addressed in detail in Honeywell's opening and reply briefs on its Honeywell's Motion To Compel Defendant United States To Designate Witnesses Under RCFC 30(b)(6) in response to the Government's similar arguments.

## III. CONCLUSION

For all of the foregoing reasons, as well as the reasons provided in Honeywell's opening brief, Honeywell respectfully requests this Court to grant its motion to compel the Carleton to designate witnesses to testify as to Topics 3 and 6-23 of Honeywell's Rule 30(b)(6) Deposition Notices. Because Honeywell was forced to pursue this motion to enforce the Carleton's compliance with this Court's rules (and Carleton's initial promises to provide testimony on Topic 3), Honeywell further moves for an award of costs and reasonable attorneys' fees.

* * * *

Respectfully submitted,

s/Lawrence J. Gotts

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900
Fax: (703) 770-7901

OF COUNSEL:

Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900
(703) 790-7901 (fax)

Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings, Ltd.,
Honeywell Aerospace UK, and
Honeywell International Inc.

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing **PLAINTIFFS' REPLY TO DEFENDANT-INTERVENOR CARLETON LIFE SUPPORT SYSTEMS'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CARLETON TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)** on May 22, 2006 via CM/ECF and/or email on the following persons:

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company

s/Nancy Sherbow
Nancy Sherbow



400385535v1