# EXHIBIT 2

**Koehn, Mark R.**

---

**From:** Guiliano, Jay [GuilianoJ@howrey.com]

**Sent:** Friday, April 21, 2006 3:49 AM

**To:** Koehn, Mark R.; Reiser, Bert

**Cc:** Isaacson, David C.

**Subject:** RE: Honeywell v. US, Fed. Cl. No. 04-0028C - Meet and Confer On Honeywell Doc Request #67

Mark:

This email is intended to address all of you prior correspondence.

We are in contact with Carlelton to determine a date for the deposition of Mr. Crome. We will contact you once we determine Mr. Crome's availability. Your suggestion that Carleton had previously agreed to a deposition of Mr. Crome in May is incorrect. Carleton stated that it would inquire as to a date of Mr. Crome's availability, but the month of such deposition was never stated. In an attempt to accomodate Honeywell's request, we will determine whether Mr. Crome is available during the month of May because Honeywell clearly does not want to proceed any earlier than May with Mr. Crome's deposition.

On the issue of Honeywell's request concerning a meet and confer related to Honeywell's improper notice of additional 30 (b)(6) topcs to Carleton, Carleton is available to meet and confer with Honeywell on Monday, April 24. Carleton understands that Honeywell counsel may be on travel on this date, but Carleton will make itself available in the morning or the evening of April 24 to accomodate Honeywell counsel's travel schedule. Carleton counsel has previously explained to Honeywell that neither myself nor Mr. Reiser are available prior to Monday, April 24. We seek Honeywell's understanding that our current travel and deposition schedules preclude our availability prior to Monday. Further, Carleton does not agree to provide a witness for every topic noticed in Honeywell's 2nd 30(b)(6) Request (topics 6-23) and Carleton requires a meet and confer to discuss Honeywell's improper notice as to such topics, and Carleton's objections to same.

As to Honeywell's request concerning Document Request No. 67, we are in contact with our client concerning your request. We will advise you once we have consulted with our client concerning your request. It is our understanding that Honeywell has unilaterally established a timeline during which a resolution much be reached concerning request No. 67. In this regard, we will do our best to accomodate Honeywell's request, but the nature of the request goes beyond a simple acquiescence from Carleton as to the likelihood of any production based on the number of parties involved. Carleton believes it is Honeywell's interest to meet and confer on this issue on Monday, April 24 so that the parties may reach an understanding without Court intervention.

We are available to meet with Honeywell counsel counsel on Monday, April 24 to discuss the above issues.

If we have omitted any outstanding issues raised in the varied communications that we have received from Honeywell counsel over the past several days, please accept my apologies. We are prepared to address any related issues with Honeywell at a meet and confer on Monday, provided that Honeywell advises us of any outstanding issues not identified in this email in advance of our meeting of Monday.

Best regards,
Jay

J. Jay Guiliano
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
202-383-6905 (direct)
202-318-8463 (fax)

**PE-7**

---

**From:** Koehn, Mark R. [mailto:mark.koehn@pillsburylaw.com]
**Sent:** Thursday, April 20, 2006 5:23 PM
**To:** Guiliano, Jay; Reiser, Bert
**Cc:** Isaacson, David C.
**Subject:** Honeywell v. US, Fed. Cl. No. 04-0028C - Meet and Confer On Honeywell Doc Request #67

Jay,

We obviously miscommunicated since I believe that my email below is accurate.

Please let me know by close of business tomorrow whether Carleton will provide documents responsive to Honeywell Doc Request #67 -- the last request in Honeywell's last set of doc requests to Carleton.

Also, please respond to my other recent email requests.

Mark Koehn
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard
McLean, VA 22102-4859

voice 703.770.7690
fax 703.770.7901
cell 301.717.3226
email mark.koehn@pillsburylaw.com
website http://www.pillsburylaw.com

---

**From:** Guiliano, Jay [mailto:GuilianoJ@howrey.com]
**Sent:** Thursday, April 20, 2006 6:12 PM
**To:** Koehn, Mark R.; Reiser, Bert
**Cc:** Isaacson, David C.
**Subject:** RE: Honeywell v. US, Fed. Cl. No. 04-0028C - Meet and Confer On Honeywell Doc Request #67

Mark:

I believe you are mistaken. I represented that Carleton would consider providing informatnion responsive to a certain document request. Neither of us discussed the number. I know that I did not mention the number because I did not have the document requests in front of me. You identified the request as the last number document request served by Honeywell without further identification.

Nor did I "promise" to provide any documents pursuant to the unidentified request. I informed you that Carleton was in the process of considering your request and that I was generally familiar with the request that we were discussing. I made no representations as to production nor time frame for such production.

In the future, please be more careful with your representations concerning our discussions.

Regards,
Jay

PE-8

J. Jay Guiliano
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
202-383-6905 (direct)
202-318-8463 (fax)

---

**From:** Koehn, Mark R. [mailto:mark.koehn@pillsburylaw.com]
**Sent:** Thursday, April 20, 2006 4:58 PM
**To:** Guiliano, Jay; Reiser, Bert
**Cc:** Isaacson, David C.
**Subject:** Honeywell v. US, Fed. Cl. No. 04-0028C - Meet and Confer On Honeywell Doc Request #67

Jay,

This confirms our meet and confer discussion the other day wherein you promised that Carelton would provide documents responsive to Honeywell's Doc Request #67 to which Carleton had previously refused to produce any documents as shown below.

Please let me know when Carleton anticipates delivering that production.

Request No. 67

Documents sufficient to identify the magnitude (including fair value) and scope of any retained liability of any entity, including Northrup Grumman Corporation or other predecessors to or affiliates of Carleton, with respect to the sale of on-board oxygen generation systems that implement or implemented composition control.

Response

Carleton objects to this request as overbroad and unduly burdensome to the extent it seeks information that is irrelevant to a claim or defense of any party, or to the subject matter of this litigation and is not likely to lead to the discovery of admissible evidence.

Carleton objects to this request on the grounds that the terms "retained liability" and "oxygen generation system that implements or implemented composition control" are not defined and are vague, ambiguous and/or overbroad.

Carleton also objects to producing the requested documents on the grounds that such information is protected by attorney client privilege and/or work product immunity.

Subject to and without waiving the General and Specific Objections asserted, Carleton responds that no further information will be provided pursuant to this request.

PE-9

Mark Koehn
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard
McLean, VA 22102-4859

voice 703.770.7690
fax 703.770.7901
cell 301.717.3226
email mark.koehn@pillsburylaw.com
website http://www.pillsburylaw.com

=========================================================
The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770 x4860 immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

=========================================================

---------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be confidentia
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of t
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrie

=========================================================
The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770 x4860 immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

=========================================================