# EXHIBIT 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HONEYWELL NORMALAIR-GARRETT HOLDINGS LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC., Plaintiffs, v. THE UNITED STATES, Defendant, CARLETON LIFE SUPPORT SYSTEMS, INC., Defendant-Intervenor, and RAYTHEON AIRCRAFT COMPANY, Defendant-Intervenor. | No. 04-0028C<br>Judge Nancy B. Firestone (Trial)<br>Judge Eric G. Bruggink (ADR) |

**CARLETON LIFE SUPPORT SYSTEMS, INC.'S OBJECTIONS TO HONEYWELL'S SUBSTITUTE NOTICE OF RULE 30(b)(6) DEPOSITION ON TOPICS 1-5**

Pursuant to Rule 26(b) and 30(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), Carleton Life Support Systems, Inc. ("Carleton") hereby objects to plaintiffs Honeywell Normalair-Garrett Holding's Ltd., Honeywell Aerospace UK, and Honeywell International Inc.'s (collectively "Honeywell") Substitute Notice of Rule 30(b)(6) Deposition to Carleton on Topics 1-5 ("Honeywell's Notice").

General Objections

1. Carleton objects to Honeywell's Rule 30(b)(6) Notice to the extent that the information requested is protected by the following privileges, exemptions, and restrictions:

(a) the attorney-client privilege;

(b) the attorney work product privilege;

(c) the community of interest privilege;

(d) the deliberative process privilege;

(e) the state secrets privilege;

(f) the "FOR OFFICIAL USE ONLY" (FOUO) restriction;

(g) the export control restriction; and

(h) the Trade Secrets Act, 18 U.S.C. § 1905, or documents containing proprietary or other commercial information provided to the Carleton or the Government on a pledge of secrecy and confidentiality.

2. Carleton objects to each and every Instruction, Definition and Topic in Honeywell's Notice to the extent that it exceeds the permissible scope of discovery under the RCFC and/or seek to impose upon defendant duties and responsibilities beyond those required by those Rules.

3. Carleton objects to Honeywell's Notice to the extent that it is vague, overly broad, oppressive, harassing, and/or unduly burdensome.

4. Carleton objects to Honeywell's Notice to the extent that it seeks irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible

evidence.

5. Carleton objects to Honeywell's Notice to the extent that it seeks legal conclusions or opinions.

6. Carleton objects to Honeywell's Notice to the extent that it assumes facts that have not been established and/or are not true or accurate.

7. Carleton objects to the broad time period governing some of the Topics because such Topics are overly broad, unduly burdensome, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence in this action.

8. Carleton objects to Honeywell's Notice to the extent that it seeks information relating to allegations of willful infringement because no such claim exists for an action brought under 28 U.S.C. § 1498 in the United States Court of Federal Claims. Likewise, no asserted defense in this case relies upon opinions and/or advice of counsel.

9. Carleton objects to Honeywell's Notice to the extent that it seeks information not in the possession of Carleton.

10. Carleton objects to Honeywell's Notice to the extent that it seeks information or documents that are generated or created after the filing of Honeywell's Complaint.

11. Carleton objects that Honeywell's use of the term "oxygen system" as used in various Topics is vague, ambiguous and overbroad to the extent that the term purports to include any "on-board oxygen generation or concentration system for aircraft (including an apparatus or method) that controls the composition of product gas utilizing molecular sieves operated in a partially saturated condition." The definition is vague and ambiguous in failing to define

"generation," "concentration system," "molecular sieves" and "partially saturated condition." The definition is overbroad in its use of "molecular sieves operated in a partially saturated condition" in that the definition thereby encompasses almost any oxygen-generating product of the Government, regardless of any relevance to the patents-in-suit. Specifically, Carleton objects that the definition is overbroad to the extent it includes oxygen-related products of the Government that do not utilize <u>active</u> composition control for the product gas as recited by the claims of the patents-in-suit, and are therefore beyond the scope of this action. Carleton therefore limits its responses to a specific type of "oxygen system" defined as an "on-board oxygen generation or concentration system for aircraft (including an apparatus or method) that actively controls the composition of product gas utilizing molecular sieves operated in a partially saturated condition."

12. Carleton objects to Honeywell's Notice to the extent that it seeks disclosure of expert opinions prior to the time called for under Rule 26(a)(2) and the Court's scheduling order.

13. Carleton objects to Honeywell's Notice to the extent it purports to set the depositions to take place at the offices of Defendants' counsel. Carleton is entitled to have its designee(s) deposed at the place of business of their corporate representative(s) or at their counsel's offices. Carleton understands "such other date and location as may be agreed to by the parties," as stated in Honeywell's Notice, to accept this objection/consideration.

14. Carleton objects to Honeywell's Notice to the extent it seeks discovery of information or documents already within the possession and control of Honeywell or Honeywell's counsel.

Specific Objections and Responses

Subject to and without waiving its General Objections, Carleton hereby objects to each Topic.

Topic No. 1

Identity of each and every marketing name, internal name, and all other unique designations for all oxygen systems that you have purchased or sold for use or manufacture by or for the Government, including aircraft that incorporates such systems, from 1990 to present.

Objections

Carleton incorporates by reference its General Objections. Pursuant to 35 U.S.C. § 286, Carleton objects to the time period "from 1990 to present" and accordingly limits the relevant time period "from January 12, 1998 to present." Carleton also objects to the extent that the Honeywell's first Notice limited the relevant time period from 1998 to present, whereas the instant substitute Notice involves a much greater time period. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above.

Topic No. 2

Structure, function and operation of each oxygen system (including oxygen concentrator PNs 3261132-0101, 3261132-0102, 3261132-0103, 3261132-0104, and 3261132-0105), that you have purchased or sold for use or manufacture by or for the Government, including aircraft that incorporates such systems, from 1990 to the present, including the following subtopics:

a. pneumatic and functional description of the oxygen system;

b. identification and functional description of each component of the oxygen system used to generate product gas and to control composition of product gas, including molecular sieves, slide valve, valves, solenoids, control/monitor ("CM");

c. interconnectivity oxygen system components in the oxygen system, including molecular sieves, slide valve, valves, solenoids and CM;

d. control of valves, slide valve and solenoids;

e. implementation of pressure swing adsorption;

f. algorithm(s) used by the controller/monitor to control product gas composition including

oxygen concentration;

g. input signals and data to the CM for controlling composition of product gas;

h. output signals and data from the CM for controlling composition of product gas;

i. determination of adsorption charge phase duration;

j. determination of desorption regeneration phase duration;

k. determination of the ration of adsorption charge phase duration to desorption regeneration phase duration;

l. monitoring and use of oxygen concentration, cabin pressure and cabin altitude by sensors or monitors; and

m. calculation and use of oxygen partial pressure.

Objections

Carleton incorporates by reference its General Objections. Pursuant to 35 U.S.C. § 286, Carleton objects to the time period "from 1990 to present" and accordingly limits the relevant time period "from January 12, 1998 to present." Carleton also objects to the extent that the Honeywell's first Notice limited the relevant time period from 1998 to present, whereas the instant substitute Notice involves a much greater time period. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton further objects to this Topic on the ground that the terms "pneumatic," "functional description," "component," "control composition of product gas," "controlling composition of product gas," "molecular sieves," "slide valve," "valves," "solenoids," "control/monitor ('CM')," "interconnectivity," "pressure swing adsorption," "algorithm(s)," "input signals and data," "output signals and data," "determination," "adsorption charge phase duration," "desorption regeneration phase duration," "ratio," "monitoring," "cabin pressure," "cabin altitude," "sensors," "monitors," "calculation," and "oxygen partial pressure" as used in this Topic, are vague and ambiguous and overbroad.

Topic No. 3

The factual bases underlying Carleton's assertion that its oxygen systems do not infringe any asserted claims of U.S. Patent No. 4,661,124, U.S. Patent No. 6,077,331 and/or U.S. Patent No. 6,383,256, including:

a. factual bases underlying Carleton's statement made in response to Honeywell's interrogatory number 5 that "Carleton products do not include said controlling step including the steps of determining the cabin pressure, and then selecting the appropriate overall cycle time and relative duration of each phase from predetermined values appropriate for the determine cabin pressure;"

b. factual bases underlying Carleton's statement made in response to Honeywell's interrogatory number 5 that "Carleton products do not include at least one of the following: 'a control means to control the sieve beds so as to produce a predetermined desired constituent concentration in the product gas which predetermined desired constituent concentration varies during an operation period'; 'to adjust the duration of the adsorption charge phase relative to the duration of the desorption regeneration phase in each cycle of each sieve bed.'"

c. factual bases underlying Carleton's statement made in response to Honeywell's interrogatory number 5 that "Carleton products do not include at least one of the following: 'controlling the sieve beds to achieve a constituent concentration in the product gas close to the desired constituent concentration in the product gas'; 'varying the duration of the adsorption charge phase relative to the duration of the desorption regeneration phase of each sieve bed in each generally constant cycle.'"

Response

Carleton incorporates by reference its General Objections. Carleton also objects to this Topic on the ground that the term "oxygen system," as used in this Topic, is vague and ambiguous and overbroad as discussed in General Objection 11, above. Carleton objects to Honeywell's use of the phrase "any asserted claims" to the extent it is meant to include any claims not addressed in Carleton's response to Honeywell's interrogatory number 5. Carleton also objects to this topic to the extent that it calls for a legal conclusion.

Topic No. 4

Efforts to respond to Honeywell's discovery requests including efforts to identify, locate and collect documents and things responsive to Honeywell's requests for production, including categories of document [sic] reviewed or considered and identity and location of individuals contacted.

Objections

Carleton incorporates by reference its General Objections. Carleton objects to this Topic on the ground that the terms "identify," "locate" and "collect," as used in this Topic, are vague and ambiguous. Carleton further objects to this Topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product immunity.

Topic No. 5

Identification of each document reviewed or otherwise used in preparation for responding to the topics in this 30(b)(6) notice, including identification by Bates range if such documents have been produced or by Title and location if such documents have not been produced.

Objections

Carleton incorporates by reference its General Objections. Carleton objects to this Topic on the ground that the terms "identification," "preparation," and "reviewed," as used in this Topic, are vague and ambiguous. Carleton further objects to this Topic to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or the attorney work product immunity.

Respectfully submitted,

BERT C. REISER
J. JAY GUILIANO
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 (fax)

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.
2734 Hickory Grove Road
Davenport, Iowa 52808

Dated: August 25, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of CARLETON LIFE SUPPORT SYSTEMS, INC.'S OBJECTIONS TO HONEYWELL'S SUBSTITUTE NOTICE OF RULE 30(b)(6) DEPOSITION ON TOPICS 1-5 was sent by e-mail and first-class mail this 25th day of August 2005 to:

Mark Koehn
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102

Attorney for Plaintiffs

Walter W. Brown
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Washington, DC 20530

Attorney for the United States

W. Samuel Niece, Esq.
THELEN REID & PRIEST LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723

James M. Hall
THELEN REID & PRIEST LLP
875 Third Avenue, 10th Floor
New York, NY 10022-6225

Attorneys for Defendant-Intervenor Raytheon

Jay Guiliano