Electronically Filed on 5/22/06

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HONEYWELL NORMALAIR-GARRETT HOLDINGS, LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,** | |
| **Plaintiffs,** | **No. 04-0028C** |
| **v.** | |
| **THE UNITED STATES,** | **Judge Edward M. Damich (Trial)** |
| **Defendant, and** | |
| **CARLETON LIFE SUPPORT SYSTEMS, INC.,** | |
| **Defendant-Intervenor, and** | |
| **RAYTHEON AIRCRAFT COMPANY,** | |
| **Defendant-Intervenor.** | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT UNITED STATES TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)**

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900; Fax: (703) 770-7901

OF COUNSEL:
Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900; (703) 790-7901 (fax)
Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings, Ltd.,
Honeywell Aerospace UK and Honeywell International Inc.

Dated: May 22, 2006

# TABLE OF CONTENTS


I. SUMMARY OF REPLY .......... 2

II. ARGUMENT .......... 3

A. In This Case, Honeywell Already Served Contention Interrogatories Seeking The Factual Bases For The Government's Infringement Contentions And Its Invalidity Defenses .......... 3

B. The Government's Interrogatory Responses Are Not Complete .......... 3

C. Honeywell Should Not Have To Wait Until Expert Reports Are Exchanged Or Expert Depositions Are Taken To Obtain The Factual Bases Sought By Topics 3, 6, And 7. .......... 5

D. The Government Cannot Hide Responsive Factual Information Possessed By Its Attorneys. .......... 6

E. Honeywell Met And Conferred With The Government Prior To Filing Its Motion .......... 7

III. CONCLUSION .......... 7

**PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DEFENDANT UNITED STATES TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)**

## I. SUMMARY OF REPLY

Based upon previously unasserted, vague and unsupported objections about undue burden, the Government is withholding factual information primarily collected by its attorneys that is responsive to Honeywell's Rule 30(b)(6) Topics 3, 6 and 7 *but* promises to provide later either through supplementation of written discovery or expert discovery. Despite passage of the fact discovery deadline on April 28, 2006,[1] the Government argues that its position – that Honeywell will get its discovery later on and in the Government's favored manner (supplemental interrogatory responses) – is "understandable" because "this case is in the early stages of discovery."

As explained in greater detail below, the Government cannot justify this wholesale withholding of responsive information based upon this Court's ruling in the *Exxon Research* case (in which contention interrogatories had not yet be served or responded to) and cites no other precedent to support its untenable arguments. The record is clear that the Government's relevant interrogatory responses are heavily caveated and incomplete and, in any event, may be clarified and explored further through deposition testimony in response to Honeywell's Topics 3, 6 and 7.

Subsequent to Honeywell's filing its motion to compel, the Government finally completed identifying its Rule 30(b)(6) designees with respect to Honeywell's Topics 1-2, 4-5, and 8-17 and offered one or more May 2006 deposition dates for each. Therefore, Honeywell withdraws its motion with respect to Topics 1-2, 4-5, and 8-17.

[1] On May 11, 2006, this deadline was reset to May 31, 2006 at the Defendants' request.

## II. ARGUMENT

The Government has not justified its withholding of testimony on Honeywell's Topics 3, 6 and 7 that the Government admits "all relate to the factual bases of the Government's defenses." (Govt Br. at 1.)

### A. In This Case, Honeywell Already Served Contention Interrogatories Seeking The Factual Bases For The Government's Infringement Contentions And Its Invalidity Defenses

The Government claims that Honeywell must advance "contention interrogatories" because they are a "more appropriate means for Honeywell to obtain the requested information." (Govt Br. at 1-2.) The Government ignores that Honeywell already did so and the Government objected because it claimed Honeywell was seeking "legal analysis and conclusions rather than factual information. (*See* Government's responses to Honeywell Interrogatories 5 (noninfringement contentions) and 9 (invalidity contentions), Honeywell Br. at Exhibit D at PE-42 to 43 and PE-48 to 49.)

### B. The Government's Interrogatory Responses Are Not Complete

The Government does not even attempt to claim that the Government provided complete responses to Honeywell Interrogatories 5 and 9 but instead points to elaborate charts that it produced in response to Honeywell Interrogatories 11 (noninfringement contentions) and 12 (invalidity contentions). But as elaborate as the charts may appear, the Government's characterization about what they contain makes clear that they are not complete.

With respect to Honeywell Interrogatory 11, the Government's "non-infringement charts are representative of specific differences between the claims and the accused devices" and "not exhaustive of the evidentiary support[.]" Because the Government "continues to consider, review and evaluate additional non-infringement positions . . . . and other reasons that may be found to exist, the Government reserves the right to supplement or otherwise change its non-

infringement contentions as it deems appropriate." (Government's response to Honeywell Interrogatory 11 (noninfringement contentions with reference to Joint Claim Construction Statement), Honeywell Br. at Exhibit E at PE-62 to 63.)

With respect to Honeywell Interrogatory 12, the Government's "invalidity charts . . . represent the Government's current understanding" and "are representative of the scope of the information contained in the references" and "not exhaustive of the evidentiary support[.]" Because the Government "continues to consider, review and evaluate additional prior art references . . . . and other reasons that may be found to exist, the Government reserves the right to supplement or otherwise change its invalidity contentions as it deems appropriate." (Government's response to Honeywell Interrogatory 12 (invalidity contentions with reference to Joint Claim Construction Statement), Honeywell Br. at Exhibit E at PE-64 to 65.)

The Government argues that Honeywell should be satisfied with these responses because "this case is in the early stages of discovery" and the Government's "position is understandable." (Govt Br. at 9.) In light of the fact that the Government continues to provide its Rule 30(b)(6) designees after the April 28, 2006 fact discovery cut off (subsequently reset), the Government's position that this case "is in the early stages of discovery" is outrageous and makes Honeywell's point. If the Government thinks this case is in the early stages of discovery, how much longer does the Government expect to take before providing Honeywell with complete responses to Honeywell Interrogatories 5, 9, 11 and 12? The Government can and must supplement its responses under RCFC 26(e) but cannot withhold factual information in its possession and supplement merely "as it deems appropriate." The Government's heavily caveated responses on Honeywell Interrogatories 11 and 12 coupled with its "early stage" discovery perspective suggest that the Government may be planning some sandbagging. Honeywell should be able to address

this risk through Honeywell's Rule 30(b)(6) Topics 3, 6, and 7. These topics are fairly framed to allow Honeywell to explore the factual basis for the Government's partial discovery responses with respect to noninfringement defenses, invalidity defenses, and other defenses and uncover any information apparently being withheld.

### C. Honeywell Should Not Have To Wait Until Expert Reports Are Exchanged Or Expert Depositions Are Taken To Obtain The Factual Bases Sought By Topics 3, 6, And 7.

The Government also argues that "expert discovery" is a "more appropriate means for Honeywell to obtain the requested information." (Govt Br. at 1-2.) However, Honeywell's Topics 3, 6, and 7 request "factual bases" not opinions – let alone expert opinions.

Other than for obvious discovery avoidance purposes, the Government has not applied its "expert discovery" objection consistently or with any apparent rational basis. With respect to Honeywell's noninfringement discovery requests, the Government advanced its "expert discovery" objection in response to Honeywell Interrogatory 5 but not Honeywell Interrogatory 11 or Topic 3. (*Compare* Honeywell Br. Exhibit D at PE-42 ("calls for expert opinions") *with* Exhibit E at PE-62 to 63 and Exhibit B at PE-18 to 19 (no expert discovery objection).) With respect to Honeywell's discovery requests on invalidity and the Government's other defenses, the Government advanced its "expert discovery" objection in response to Honeywell Interrogatory 9 and Topics 6 and 7 but not in response to Honeywell Interrogatory 12. (*Compare* Honeywell Br. Exhibit D at PE-48 ("calls for expert opinions") and Exhibit B at PE-19 to 20 ("seeks expert testimony and opinion") *with* Exhibit E at PE-64 to 65 (no expert discovery objection).)

It may be that the Government's experts will rely upon some of the same factual bases that the Government contends underpin its noninfringement defenses, invalidity defenses, and

other defenses, but that does not justify avoidance of Rule 30(b)(6) deposition discovery on the Government's factual bases at this juncture.

**D. The Government Cannot Hide Responsive Factual Information Possessed By Its Attorneys.**

The Government makes the extraordinary excuse that – "other than [factual information] . . . possessed by its attorneys" – the Government "lack[s] factual information" responsive to Honeywell's Topics 3, 6, and 7. (Govt Br. at 1 and 7 ("[E]xcluding its counsel, the Government has no party knowledge about the factual bases of its contentions.") Honeywell is not aware of any case law that allows the Government to withhold responsive factual information merely because it is primarily or sole possessed by the Government's attorneys. Moreover, the Government has not even asserted attorney-client communication or work product as an objection to Honeywell's Topics 3, 6, and 7. (Govt Br. at 6-7, n.3 ("The Government has made no . . . assertion of privilege."))

Having admitted that its attorneys possess responsive factual information, the Government argues that it "would be unduly burdensome and disruptive . . . [and] improperly require the deposition of Government attorneys or the preparation of lay witnesses to testify regarding information[.]" (Govt Br. at 7.) The Government, however, has provided no evidence (as is the Government's burden as party seeking to avoid discovery) as to why preparing a RCFC 30(b)(6) designee on Topics 3, 6, and 7 would be unduly burdensome or disruptive and the magnitude of the supposed burden. Moreover, the Government did not raise its "undue burden" and "disruptiveness" objections earlier and they cannot be asserted now. While the Government might prefer not to make the effort to prepare an RFCF 30(b)(6) designee with the factual information possessed by the Government, such efforts are routine with respect to RCFC 30(b)(6) designees.

How much information is the Government withholding that preparing a designee should be so burdensome? Honeywell had expected that the Government's deposition on Topics 3, 6 and 7 would have been relatively brief – with the Government testifying (1) responsive to several questions based upon the Government's elaborate charts and the documents cited therein and (2) confirming that the Government has no additional facts. With respect to the Government's obvious concern about supplementation, that the Government might later have to supplement its discovery responses to comply with RCFC 26(e) does not excuse the Government from providing its complete response at this juncture – including whatever responsive factual information the Government has collected through its attorneys.

### E. Honeywell Met And Conferred With The Government Prior To Filing Its Motion

The Government's statement that "[p]rior to filing, Honeywell never indicated that it disagreed with" the Government's asserted basis for refusing to provide designees on Honeywell's Topics 3, 6 and 7 (Govt Br. at 8) – is completely false. Honeywell is shocked that the Government would make such a false statement and will address it further, on the record, during the telephonic status conference scheduled for May 22, 2006.

## III. CONCLUSION

For all of the foregoing reasons, as well as the reasons provided in Honeywell's opening brief, Honeywell respectfully requests this Court to grant its motion to compel the Government to designate witnesses to testify as to Topics 3, 6 and 7 Honeywell's Rule 30(b)(6) Deposition Notice. Because Honeywell was forced to pursue this motion to enforce the Government's compliance with this Court's rules, Honeywell further moves for an award of costs and reasonable attorneys' fees.

* * * *

Respectfully submitted,

s/Lawrence J. Gotts

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900
Fax: (703) 770-7901

OF COUNSEL:

Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900
(703) 790-7901 (fax)

Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings, Ltd.,
Honeywell Aerospace UK, and
Honeywell International Inc.

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT UNITED STATES TO DESIGNATE WITNESSES UNDER RCFC 30(b)(6)** on May 22, 2006 via CM/ECF and/or email on the following persons:

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company

s/Nancy Sherbow
Nancy Sherbow



400383252v1