Electronically Filed on 6/13/06

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HONEYWELL NORMALAIR-GARRETT HOLDINGS, LTD., HONEYWELL AEROSPACE UK, and HONEYWELL INTERNATIONAL INC.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant, and**<br><br>**CARLETON LIFE SUPPORT SYSTEMS, INC.,**<br><br>**Defendant-Intervenor, and**<br><br>**RAYTHEON AIRCRAFT COMPANY,**<br><br>**Defendant-Intervenor.** | **No. 04-0028C**<br><br>**Judge Edward M. Damich (Trial)** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Plaintiffs Honeywell Normalair-Garrett Holdings, Ltd., Honeywell Aerospace UK, and Honeywell International Inc. (collectively, "Honeywell") oppose the Defendant's Motion For An Enlargement Of Time To File Motion For Issuance Of Requests For International Judicial Assistance.

While Honeywell has been pressing ahead with a two pronged strategy to complete discovery in accordance with the Court's schedule and make another good faith attempt to resolve this case through mediation, the Government has been shirking its discovery

responsibilities and now seeks yet another extension of time to pursue depositions that have never been properly noticed.

On April 28, 2006 – the last day of a previous fact discovery cut-off, Government filed its Motion For An Enlargement Of Time To Complete Discovery seeking an extension of the discovery cut-off through May 31, 2006. On May 11, 2006, this Court granted the Government's extension over Honeywell's objection. (Docket entry dated May 11, 2006.) In its April 28, 2006 brief, the Government warned that it would also ask for "an additional enlargement [of time] at a later date" (Defendants' 4/28/2006 Brief at 1) in order to pursue the depositions of Messrs. Hamlin and Marsh – individuals who reside in England, and are not employed by Honeywell.

As promised, during the May 22, 2006 telephonic status conference, the Government asked for an extension of the May 31, 2006 fact discovery cut-off in order to pursue the depositions of Messrs. Hamlin and Marsh. The Government told the Court that:

> [The Government's] . . . hope was to file [its] request for international judicial assistance with the Court during May. Given the amount of time it's taken and effort it's taken to find a law firm in England, . . . [the Government is] not sure that will happen before May 31.
>
> * * *
>
> [The Government's] understanding, is that if you represent document requests or, in this case, you know, the topics you want to discuss with a deponent [in the United Kingdom], you have to frame them in a way that's commensurate with discovery law in the UK. And within the Justice Department, there are only American lawyers, so [the Government does not] . . . have expertise at that. So if [the Government is] . . .going to go through the procedure, [the Government's] . . . the position here is that [the Government] . . . want[s] to make sure the papers are properly filed and properly written.

(5/22/2006 Tr. at 16:11-17:9 , excerpts of May 22, 2006 transcript attached hereto as Exhibit 1.)

Although the Court stated that it was "somewhat sympathetic" to Honeywell's objections to the Government's pursuit of depositions from Messrs. Hamlin and Marsh (5/22/2006 Tr. at

25:21-25), on May 24, 2006, the Court granted the Government its second extension of time by ordering that "Defendant shall file a Motion for Issuance of Requests for International Judicial Assistance on or before June 14, 2006." (Docket No. 108.)

Also on May 24, 2006, the Court ordered that "[The Government] shall designate witnesses to testify on [RCFC 30(b)(6)] Topics 3, 6, and 7" and Honeywell promptly sent to the Government an email asking that the Government "[p]lease identify designees on Topics 3, 6 and 7 of Honeywell's RCFC 30(b)(6) notice to the Government as well as proposed dates for their testimony." (Attached as Exhibit 2 hereto is a copy of Honeywell's May 24, 2006 email to the Government.) The Government still has not identified designees on Topics 3, 6, and 7 or provided proposed dates for their testimony.

On Friday, June 9, 2006, the Government sent to Honeywell emails asking that Honeywell allow the Government's United Kingdom counsel, Mr. Colin Joseph, to review certain Honeywell documents designated as protected information because the Government's "UK counsel has indicated that [the Government's] . . . request will only be accepted by the English courts if it contains details of the research/projects that [the Government] . . . seek[s] to ask Hamlin and Marsh about during their depositions. Some of the information from the [Honeywell protected information] documents will have to be disclosed in [the Government's] . . . request that will be sent to England." (Attached as Exhibit 3 hereto is a copy of the Government's June 9, 2006 emails to Honeywell.)

On Monday, June 12, 2006, Honeywell sent to the Government an email stating:

> Honeywell will not object to the Government's sharing with Mr. Colin Joseph, an attorney at Kendall Freeman in the United Kingdom, the Honeywell documents the Government has identified . . . subject to the terms of the protective order.
>
> To the extent the Government intends to file documents attaching or providing information contained in the documents the Government has identified below

> (other than under seal with the United States Court of Court of Federal Claims), Honeywell objects.

(Attached as Exhibit 3 hereto is a copy of Honeywell's June 12, 2006 email to the Government.)

As the foregoing history shows,

- The Government already has obtained two extensions of time in the last 45 days.
- While asking for yet another extension to pursue its own discovery agenda, the Government has not yet complied with the Court's May 24, 2006 order to designate witnesses to testify on Topics 3, 6, and 7.
- The Government has not been actively pursuing the discovery for which the extension is sought.

To the extent that the Government's motion seeks more time for the "Government counsel and [Honeywell's] counsel time to evaluate issues related to the disclosure of [Honeywell's] proprietary information . . . to (1) this Court" (Defendant's 6/12/2006 Br. at 1) – no time is needed. Consistent with the Stipulated Protective Order, and as confirmed by Honeywell's June 12, 2006 email to the Government, the Government may file in this Court any Honeywell protected information under seal. The Government does not need to evaluate that issue with Honeywell.

To the extent that the Government's motion seeks more time for the "Government counsel and [Honeywell's] counsel time to evaluate issues related to the disclosure of [Honeywell's] proprietary information . . . to . . . (2) any English court that will receive orders issued by this Court that compel discovery from Humphrey A. S. Hamlin and Roger M. Marsh" – no additional time is needed. The June 14, 2006 deadline is for filing a document ***in this Court*** – not some unidentified English court. Remarkably, the Government claims it needs more time because the Government wants Honeywell's counsel to help the Government figure out what information the Government should put in its filing in the English court. (Defendant's 6/12/2006

Br. at 3.) The Government offers no excuse for not having anticipated all of this, other than its claim that "[i]t has recently come to the Government's attention that the requirements of the English courts will require that the request for international assistance from this Court include very detailed information about the scope of discovery that will be sought from Mr. Marsh and Mr. Hamlin." (Defendant's 6/12/2006 Br. at 3.) That claim is not credible, however, because the Government noted that requirement during the telephonic status conference on May 22, 2006 when it asked for its last extension of time on this issue the last time. (5/22/2006 Tr. at 16:24-17:9, Exhibit 1.) Even if that claim were true, it would further demonstrate that the Government has not been working to meet the June 14, 2006 deadline.

In sum, Messrs. Hamlin and Marsh were never properly served with valid deposition notices. Both are elderly retirees of Honeywell. They are the named inventors on the '124 patent that is no longer a part of this case. (Docket No. 109.) The time has long since passed for the Government to begin pursuing depositions with these witnesses. The Court's May 22, 2006 comments and May 24, 2006 order appears to have recognized that by providing the June 14, 2006 deadline against which the Government was expected to show its interest in these depositions. The Government is not deserving of more extensions of time on this issue. If the Government does not file its Motion for Issuance of Requests for International Judicial Assistance on or before June 14, 2006 – that should be the end of it.

* * * *

Respectfully submitted,

s/Lawrence J. Gotts

Lawrence J. Gotts
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7900
Fax: (703) 770-7901

OF COUNSEL:

Mark Koehn
David C. Isaacson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900
(703) 790-7901 (fax)

Attorneys for Plaintiffs
Honeywell Normalair-Garrett Holdings Ltd.,
Honeywell Aerospace UK, and
Honeywell International Inc.

Dated: June 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE MOTION FOR ISSUANCE OF REQURESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE** , to be served electronically by CM/ECF filing and/or email (.pdf) this 13th day of June, 2006 on:

Bert C. Reiser, Esq.
Jay Guiliano, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2402
reiserb@howrey.com
guilianoj@howrey.com

Attorneys for Defendant-Intervenor
Carleton Life Support Systems, Inc.

John Fargo, Esq.
Walter W. Brown, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
john.fargo@usdoj.gov
walter.brown@usdoj.gov

Attorneys for the United States

W. Samuel Niece, Esq.
Thelen Reid & Priest LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
wsniece@thelenreid.com

James Hall, Esq.
Thelen Reid & Priest LLP
875 Third Avenue 10th Floor
New York, New York 10022-6225
jhall@thelenreid.com

Attorneys for Defendant-Intervenor
Carleton Aircraft Company.

s/Nancy Sherbow
Nancy Sherbow